FILED
NOVEMBER 27, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **THE VILLAGE OF SCHAUMBURG**, an Illinois Municipal corporation, ) ) ) Plaintiff, ) ) v. ) ) **ST. PAUL MERCURY INSURANCE COMPANY,** ) a Minnesota corporation, ) ) Defendant. ) | **07 C 6654** Case No. _____ **JUDGE ASPEN** **MAGISTRATE JUDGE MASON** |

# COMPLAINT

Plaintiff, The Village of Schaumburg (the "Village"), by its undersigned attorneys, and for its Complaint against Defendant St. Paul Mercury Insurance Company ("St. Paul") alleges and states as follows:

## INTRODUCTION

1.   The Village and one of its employees were named as defendants in a personal injury lawsuit filed by the Estate of Tiffany Slee and her parents, Julie and Michael Slee, (collectively the "Estate") in the Circuit Court of Cook County, Illinois on or about April 3, 2000. Tiffany Slee ("Tiffany") had died on April 4, 1999, at the age of seventeen, after she walked onto a heavily traveled road and was struck by an oncoming vehicle. In its lawsuit, the Estate alleged that Tiffany's death was a suicide and that certain clinical social workers employed by the Village contributed to Tiffany's death by providing inadequate counseling services to Tiffany.

2.   The Village tendered the defense of the lawsuit to its insurance carrier, St. Paul

Mercury Insurance Company ("St. Paul"), but St. Paul denied coverage and refused to defend the Village and one of its employees.

3. St. Paul's denial of coverage and refusal to defend was in contravention of its obligations under the applicable insurance policies. Although judgment in the Estate's lawsuit was ultimately entered in favor of the Village and its employee, the Village incurred substantial legal fees and costs in their defense. Such fees and costs should have been borne by St. Paul.

4. In this action, the Village seeks damages for St. Paul's breach of its contract of insurance with the Village.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to the provisions of 28 U.S.C. § 1332, in that the dispute involves a controversy involving citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6. Venue is proper pursuant to 28 U.S.C. § 1391(a)(2) in that a substantial part of the events or omissions giving rise to the claim occurred within this district.

## THE PARTIES

7. The Village is an Illinois municipal corporation with its principal place of business in Schaumburg, Illinois.

8. Defendant St. Paul is a Minnesota corporation with its principal place of business in or near Minneapolis, Minnesota. St. Paul sold several insurance policies to the Village for the period beginning October 1, 1998 through October 1, 2000.

FACTUAL BACKGROUND

THE ST. PAUL POLICIES

9. In 1998, prior to the expiration of the Village's insurance policies with its existing carrier, the Village issued a Request for Proposal ("RFP") expressly stating that it sought a duplication of the Village's current coverages. Under its then existing policies, the Village carried malpractice insurance for all of its counselors, including the clinical social workers employed by the Village's Family Counseling Center.

10. The RFP further noted that the Village's insurance program would be awarded in total and that the Village did not intend to award its insurance contracts piecemeal.

11. In response to the RFP, St. Paul submitted a quotation for a comprehensive insurance policy.

12. Effective October 1, 1998, the Village purchased a comprehensive insurance policy, Policy No. GP03400387, from St. Paul for a term of one year.

13. Effective October 1, 1999, the Village renewed its policy with St. Paul under Policy No. GP09300703, for another one year term. (Policy Nos. GP03400387 and GP09300703 are collectively referred to as the "St. Paul Policies.")

14. The St. Paul Policies included Health Care Facility Medical Professional Liability Protection coverage, on a claims-made basis, with a $2,000,000 per person limit (the "Medical Professional Liability" coverage). The Medical Professional Liability terms are attached hereto as Exhibit 1.

15. The Medical Professional Liability coverage protected the Village and its employees against liability arising from "medical professional injury" resulting from "health care

professional services."

16.　"Medical professional injury" and "health care professional services" were defined as follows:

> Medical professional injury means injury, including death, to others that results from health care professional services provided, or which should have been provided, by or for a protected person.
>
> Health care professional services means only the following: . . . mental or other similar health care professional services or treatments.

*See* Exhibit 1.

17.　Pursuant to the terms of the Polices, St. Paul also had a duty to provide the Village and its employees with a defense on any lawsuit seeking to recover for any medical professional injury resulting from health care professional services. *See* Exhibit 1.

THE SLEE LAWSUIT IS FILED AGAINST THE VILLAGE AND ST. PAUL DENIES COVERAGE

18.　The Village operates the Family Counseling Center, which employs licensed clinical social workers and family and marriage counselors to provide affordable counseling services to Schaumburg residents. At all times relevant to this lawsuit, Larry Frank was employed by the Village as a counselor at the Family Counseling Center. Mr. Frank is licensed as a clinical social worker and as a marriage and family therapist with the State of Illinois.

19.　From time to time beginning in June 1995 through December 18, 1998, Mr. Frank, as part of his employment at the Village's Family Counseling Center, provided counseling services to Tiffany. Tiffany's last counseling session with Mr. Frank was on December 18, 1998.

20.　On April 3, 1999, Tiffany walked onto Golf Road in neighboring Hoffman Estates and was struck by an automobile. That collision occurred three-and-a-half months after her last counseling session with Frank. She died on April 4, 1999 as a result of injuries suffered in that

4

collision.

21.　On April 3, 2000, Tiffany's Estate filed a personal injury lawsuit in the Law Division of the Circuit Court of Cook County captioned as *Estate of Tiffany M. Slee, Julie Slee and Michael Slee v. Suburban Medical Center at Hoffman Estates*, Inc., et al., Case Number 00 L 3846 (the "Slee Lawsuit."). A true and correct copy of the Complaint filed in the Slee Lawsuit is attached as Exhibit 2.

22.　In the original complaint, plaintiffs named both the Village and Mr. Frank, alleging among other things that Tiffany's death was a suicide and that her injuries were caused by Mr. Frank's substandard counseling services provided to Tiffany during the period beginning October 17, 1996 to on or about November 25, 1998:

> The Village, acting through its duly authorized employee, Larry Frank, breached its duty to Tiffany . . . by rendering counseling to her which was deficient and did not meet the standard practice of counseling care for a counseling center which is rendering counseling care to a counselee with signs and symptoms of depression and suicidal behavior...."

*See* Exhibit 2.

23.　After receiving copies of the papers in the Slee Lawsuit, the Village immediately notified St. Paul, asking it to assume its duty to defend the Village and Mr. Frank.

24.　By letter dated June 20, 2000, which was received by the Village on June 22, 2000, St. Paul denied coverage under all of the St. Paul Policies. St. Paul specifically denied coverage under the Medical Professional Liability policy because it purportedly insured only the Village's EMTS facilities, and not the Family Counseling Center or the Village's social workers. St. Paul also refused to provide a defense. A copy of the denial letter is attached as Exhibit 3.

25.　Contrary to the position taken in its June 20, 2000 letter, St. Paul had previously

confirmed coverage under the St. Paul Policies for the Family Counseling Center and its employees. Specifically, on or about March 5, 1999, a clinical social worker from the Village's Family Counseling Center requested proof of malpractice insurance in order to participate in a continuing education class. St. Paul, through its authorized representative, provided proof of insurance for the social worker to the Village. Reasonably relying upon these representations by St. Paul, the Village did not purchase additional insurance to cover its social workers employed at the Family Counseling Center.

26.    In or about August 2003, the Estate filed a First Amended Complaint followed shortly by a Second Amended Complaint, in which they asserted additional claims of relief against the Village. These additional claims were based upon the alleged misconduct of certain "clerical, non-social worker employees in the Village of Schaumburg Police Department" and the Village's "police social workers." These "police social workers," like the social workers who worked in the Family Counseling Center, were all employees of the Village's Department of Health. A true and correct copy of the Second Amended Complaint is attached as Exhibit 4.

27.    In its Second Amended Complaint, the Estate continued to assert its original claims against the Village and Mr. Frank.

28.    St. Paul agreed to defend the Village with respect to the new claims set forth in Counts XXV through XXX of the Second Amended Complaint under a complete reservation of St. Paul's rights pursuant to the Law Enforcement Liability coverage included in Policy GPO3400387. A true and correct copy of St. Paul's correspondence is attached as Exhibit 5.

29.    St. Paul continued, however, to refuse to defend the Village and Mr. Frank against the original claims asserted against the Village and Mr. Frank.

30. As a result of St. Paul's refusal, the Village defended itself and Mr. Frank with respect to the original claims asserted against them in the Slee Lawsuit, incurring substantial expense in excess of $75,000.00.

31. Judgment in the Slee Lawsuit was ultimately entered in favor of the Village and its employees.

## COUNT I: DECLARATORY JUDGMENT

32. The Village repeats. and realleges the allegations of Paragraphs 1 through 31 as if fully set forth herein.

33. The claims alleged against the Village and Mr. Frank were within the scope of coverage provided by the St. Paul Policies.

34. The St. Paul Policies contractually obligated St. Paul to defend the Village and Mr. Frank against in the claims in the Slee Lawsuit.

35. Although the Village gave timely notice of the Slee Lawsuit to St. Paul, St. Paul refused to defend or provide coverage to the Village and Mr. Frank in the Slee Lawsuit.

36. St. Paul breached its contract with the Village.

37. This dispute presents a proper case for a declaratory judgment under 28 U.S.C. 2201, et seq, because:

    (a) the Court otherwise has jurisdiction over this matter;

    (b) the question of whether the St. Paul was obligated to defend and indemnify the Village and Mr. Frank with respect to the Slee Lawsuit is an actual controversy, given the parties' disagreement on that issue;

    (c)    a prompt determination of coverage is important to the Village and to St. Paul;

    (d)    no other action is underway that will determine the parties' rights under the St. Paul Policies; and

    (e)    no principle of equity dictates against a declaration of the parties' rights.

WHEREFORE, the Village requests that the Court enter judgment on Count I in its favor and against St. Paul:

    (a)    Declaring that St. Paul had a duty to defend and indemnify the Village and Mr. Frank in the Slee Lawsuit; and

    (b)    Providing such other relief as the Court deems just and proper.

## COUNT II: BREACH OF CONTRACT

38.    The Village repeats and realleges the allegations of Paragraphs 1 through 31 as though fully set forth herein.

39.    The St. Paul Policies contractually obligated St. Paul to defend and indemnify the Village and Mr. Frank against all of the claims in the Slee Lawsuit.

40.    The Village has fully performed its obligations under the St. Paul Policies.

41.    St. Paul breached its contract with the Village.

42.    As a direct and proximate cause of St. Paul's breach of its contract, the Village has incurred fees and costs in defending itself and Mr. Frank in the Slee Lawsuit in excess of $75,000, exclusive of interest and costs.

WHEREFORE, the Village requests that the Court enter judgment on Count II in its

favor and against St. Paul:

    (a) Awarding the Village the fees and expenses it has incurred in defending itself and its employee, Larry Frank, against the allegations set forth in the Slee Lawsuit in an amount to be determined at trial but in any event not less than $75,000; and

    (b) Providing such other relief as the Court deems just and proper.

## COUNT III: BAD FAITH DENIAL OF COVERAGE UNDER 215 ILCS 5/155

43. The Village repeats and realleges the allegations of Paragraphs 1 through 31 as if fully set forth herein.

44. St. Paul's refusal to provide a defense to the Village and Mr. Frank in the Slee Lawsuit was in direct contravention of its contractual obligations under the terms of the St. Paul Policies.

45. In addition, the Village reasonably relied on St. Paul's representations, made after the St. Paul Policies first went into effect, that coverage for its social workers and the Family Counseling Center existed under those policies.

46. St. Paul's refusal to provide a defense to the Village and Mr. Frank in the Slee Lawsuit was unreasonable and vexatious.

WHEREFORE, the Village requests that the Court enter judgment on Count III in its favor and against St. Paul:

    (a) Awarding the Village damages pursuant to 215 ILCS 5/155;

    (b) Awarding the Village its costs and attorneys' fees incurred in bringing this

action;

(c) Awarding such other relief as the Court deems just and proper.

## COUNT IV: ESTOPPEL

47. The Village repeats and realleges the allegations of Paragraphs 1 through 31 as though fully set forth herein.

48. On or about March 5, 1999, in response to a specific request by the Village, St. Paul's authorized representative represented that the St. Paul Policies provided malpractice coverage to the Village and its social workers.

49. Had the Village been told that such coverage did not exist under the St. Paul Policies, it would have immediately sought and obtained such coverage, effective retroactively, for its social workers. The Village, however, reasonably relied on those representations to its detriment in that it did not seek to obtain additional insurance coverage.

50. As a consequence of St. Paul's conduct as alleged above, St. Paul is estopped from denying coverage to the Village and Mr. Frank under the St. Paul Policies.

WHEREFORE, the Village requests that the Court enter judgment on Count IV in its favor and against St. Paul:

(a) Awarding the Village the fees and expenses it has incurred in defending itself and its employee, Larry Frank, against the allegations set forth in the Slee Lawsuit in an amount to be determined at trial but in any event not less than $75,000; and

(b) Providing such other relief as the Court deems just and proper.

                                        THE VILLAGE OF SCHAUMBURG

                                        By: s/John L. Hayes
                                              One of its Attorneys

John L. Hayes
Krasnow Saunders Cornblath, LLP
500 N. Dearborn Street
2nd Floor
Chicago, IL 60610
(312) 755-5700
(312) 755-5720 fax