**07 C 6654**

**JUDGE ASPEN**
**MAGISTRATE JUDGE MASON**

# EXHIBIT #2

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

|  |  |  |
|---|---|---|
| Estate of Tiffany M. Slee, Deceased, Julie Slee and Michael Slee, | ) ) ) | |
| | ) | No.    00 L 3846 |
| | ) | |
| Plaintiffs, | ) ) | Amount Claimed:  In An Amount In Excess of |
| vs. | ) | $50,000.00 Plus |
| Suburban Medical Center At Hoffman | ) | The Costs Of |
| Estates, Inc., a Delaware corporation, | ) | Bringing This |
| d/b/a Hoffman Estates Medical Center, | ) | Action |
| Illinois Psychiatric Hospital Company, Inc., | ) | |
| an Illinois corporation, | ) | |
| d/b/a Woodland Hospital, | ) | |
| Village of Schaumburg, and | ) | |
| Larry Frank, | ) | |
| | ) | |
| Defendants. | ) | |

### COMPLAINT AT LAW

Now Come the Plaintiffs, the Estate of Tiffany M. Slee, Deceased, Julie Slee and Michael Slee, by and through their Attorney, Steven B. Levy, and as their Complaint against Defendants, Suburban Medical Center At Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center, Illinois Psychiatric Hospital Company, Inc., d/b/a Woodland Hospital, Village of Schaumburg, and Larry Frank, state as follows:

### COUNT I - SUBURBAN MEDICAL CENTER AT HOFFMAN ESTATES, INC., d/b/a HOFFMAN ESTATES MEDICAL CENTER - NEGLIGENCE

1.  This cause of action is brought pursuant to the Illinois Survival Act 795 ILCS 5/27-6.

2.  On or about November 25, 1998 Tiffany M. Slee, a minor, then age 16, was admitted to Hoffman Estates Medical Center's emergency room for mental health care.

3.  On or about November 25, 1998 Tiffany M. Slee, a minor, then age 16, was a patient at Hoffman Estates Medical Center in Elk Grove Village, Cook County, Illinois.

4.  On or about November 25, 1998 Tiffany M. Slee, a minor, then age 16, was rendered medical care by Suburban Medical Center At Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center.

1

5. On or about December 22, 1998 Tiffany M. Slee, a minor, age 17, was admitted to Hoffman Estates Medical Center in Elk Grove Village, Cook County, Illinois.

6. On or about December 22, 1998 Tiffany M. Slee, a minor, age 17, was a patient at Hoffman Estates Medical Center in Elk Grove Village, Cook County, Illinois.

7. On or about December 22, 1998 Tiffany M. Slee, a minor, then age 16, was rendered medical care by Suburban Medical Center At Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center.

8. On or about April 3, 1999, Tiffany M. Slee, a minor, age 17, walked onto Golf Road and collided with an automobile which was traveling in a westerly direction at or near 2560 Golf Road in Hoffman Estates, Cook County, Illinois.

9. On or about April 4, 1999 Tiffany M. Slee, a minor, age 17, died.

10. On or about November 25, 1998 and December 22, 1998, Suburban Medical Center At Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center owed a duty to Tiffany M. Slee which was consistent with the standard of practice of medical care for a hospital which is rendering medical care to a patient with signs and symptoms of depression and suicidal behavior.

11. Notwithstanding its aforementioned duty, Suburban Medical Center At Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center breached its duty to Tiffany M. Slee, Deceased, by rendering medical care to her which was deficient and did not meet the standard practice of medical care for a hospital which is rendering medical care to a patient with signs and symptoms of depression and suicidal behavior; thereby causing Tiffany M. Slee to suffer terminal injury as set forth in the reviewing healthcare professionals' report which is incorporated by reference herein and which is attached hereto as Exhibit "B".

12. As a direct and proximate result of the aforementioned acts and/or omissions by Suburban Medical Center At Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center, Tiffany M. Slee was terminally injured and suffered pain.

Wherefore, Plaintiffs, the Estate of Tiffany M. Slee, Deceased, Michael Slee and Julie Slee, pray for judgment against Defendant, Suburban Medical Center At Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center, in an amount in excess of $50,000.00 plus the costs of bringing this action.

## COUNT II - SUBURBAN MEDICAL CENTER AT HOFFMAN ESTATES, INC., d/b/a HOFFMAN ESTATES MEDICAL CENTER - WRONGFUL DEATH

1. This cause of action is brought pursuant to the Illinois Wrongful Death Act 740 ILCS 180/1 and 180/2.

2.   On or about November 25, 1998 Tiffany M. Slee, a minor, then age 16, was admitted to Hoffman Estates Medical Center's emergency room for mental health care.

3.   On or about November 25, 1998 Tiffany M. Slee, a minor, then age 16, was a patient at Hoffman Estates Medical Center in Elk Grove Village, Cook County, Illinois.

4.   On or about November 25, 1998 Tiffany M. Slee, a minor, then age 16, was rendered medical care by Hoffman Estates Medical Center.

5.   On or about December 22, 1998 Tiffany M. Slee, a minor, age 17, was admitted to Hoffman Estates Medical Center in Elk Grove Village, Cook County, Illinois.

6.   On or about December 22, 1998 Tiffany M. Slee, a minor, age 17, was a patient at Hoffman Estates Medical Center in Elk Grove Village, Cook County, Illinois.

7.   On or about December 22, 1998 Tiffany M. Slee, a minor, age 17, was rendered medical care by Suburban Medical Center At Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center.

8.   On or about April 3, 1999, Tiffany M. Slee, a minor, age 17, walked onto Golf Road and collided with an automobile which was traveling in a westerly direction at or near 2560 Golf Road in Hoffman Estates, Cook County, Illinois.

9.   On or about April 4, 1999 Tiffany M. Slee, a minor, age 17, died.

10.  On or about November 25, 1998 and December 22, 1998, Suburban Medical Center At Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center owed a duty to Tiffany M. Slee which was consistent with the standard of practice of medical care for a hospital which is rendering medical care to a patient with signs and symptoms of depression and suicidal behavior.

11.  Notwithstanding its aforementioned duty, Hoffman Estates Medical Center breached its duty to Tiffany M. Slee, Deceased, by rendering medical care to her which was deficient and did not meet the standard practice of medical care for a hospital which is rendering medical care to a patient with signs and symptoms of depression and suicidal behavior; thereby causing Tiffany M. Slee to suffer terminal injury as set forth in the reviewing healthcare professionals' report which is incorporated by reference herein and which is attached hereto as Exhibit "B".

12.  As a direct and proximate result of the aforementioned acts and/or omissions by Suburban Medical Center At Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center, Tiffany M. Slee was terminally injured, suffered pain and died.

3

13.    Tiffany M. Slee left surviving as her heirs the following next of kin: her parents Julie Slee and Michael Slee, her brothers Byron and William Slee, who by reason of Tiffany M. Slee's death have lost experiences to be treasured and valued which would have occurred.

Wherefore, Plaintiffs, the Estate of Tiffany M. Slee, Deceased, Michael Slee and Julie Slee, pray for judgment against Defendant, Suburban Medical Center At Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center, in an amount in excess of $50,000.00 plus the costs of bringing this action.

### COUNT III - SUBURBAN MEDICAL CENTER AT HOFFMAN ESTATES, INC., d/b/a HOFFMAN ESTATES MEDICAL CENTER - MEDICAL, HOSPITAL AND FUNERAL EXPENSES

1.    On or about November 25, 1998 Tiffany M. Slee, a minor, then age 16, was admitted to Hoffman Estates Medical Center's emergency room for mental health care.

2.    On or about November 25, 1998 Tiffany M. Slee, a minor, then age 16, was a patient at Hoffman Estates Medical Center in Elk Grove Village, Cook County, Illinois.

3.    On or about November 25, 1998 Tiffany M. Slee, a minor, then age 16, was rendered medical care by Suburban Medical Center At Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center.

4.    On or about December 22, 1998 Tiffany M. Slee, a minor, age 17, was admitted to Hoffman Estates Medical Center in Elk Grove Village, Cook County, Illinois.

5.    On or about December 22, 1998 Tiffany M. Slee, a minor, age 17, was a patient at Hoffman Estates Medical Center in Elk Grove Village, Cook County, Illinois.

6.    On or about December 22, 1998 Tiffany M. Slee, a minor, then age 16, was rendered medical care by Suburban Medical Center At Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center.

7.    On or about April 3, 1999, Tiffany M. Slee, a minor, age 17, walked onto Golf Road and collided with an automobile which was traveling in a westerly direction at or near 2560 Golf Road in Hoffman Estates, Cook County, Illinois.

8.    On or about April 4, 1999 Tiffany M. Slee, a minor, age 17, died.

9.    On or about November 25, 1998 and December 22, 1998, Suburban Medical Center At Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center owed a duty to Tiffany M. Slee which was consistent with the standard of practice of medical care for a hospital which is rendering medical care to a patient with signs and symptoms of depression and suicidal behavior.

4

10.  Notwithstanding its aforementioned duty, Suburban Medical Center At Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center breached its duty to Tiffany M. Slee, Deceased, by rendering medical care to her which was deficient and did not meet the standard practice of medical care for a hospital which is rendering medical care to a patient with signs and symptoms of depression and suicidal behavior; thereby causing Tiffany M. Slee to suffer terminal injury as set forth in the reviewing healthcare professionals' report which is incorporated by reference herein and which is attached hereto as Exhibit "B".

11.  As a direct and proximate result of the aforementioned acts and/or omissions by Suburban Medical Center At Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center, Tiffany M. Slee was terminally injured, suffered pain and died.

12.  On April 4, 1999 Julie and Michael Slee were the parents and natural guardians of Tiffany M. Slee.

13.  As a direct and proximate result of Tiffany M. Slee's death, Julie and Michael Slee became responsible for the payment of Tiffany M. Slee's medical, hospital, and funeral expenses.

Wherefore, Plaintiffs, Julie Slee and Michael Slee, pray for judgment against Defendant, Suburban Medical Center At Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center, in the amount of medical, hospital and funeral expenses plus the costs of bringing this action.

## COUNT IV - PSYCHIATRIC HOSPITAL COMPANY, INC. d/b/a WOODLAND HOSPITAL - NEGLIGENCE

1.  This cause of action is brought pursuant to the Illinois Survival Act 735 ILCS 5/27-6.

2.  On or about December 22, 1998 Tiffany M. Slee, a minor, age 17, was admitted to Hoffman Estates Medical Center in Elk Grove Village, Cook County, Illinois.

3.  On or about December 22, 1998 Tiffany M. Slee, a minor, age 17, was a patient at Hoffman Estates Medical Center in Elk Grove Village, Cook County, Illinois.

4.  On or about December 22, 1998 Tiffany M. Slee, a minor, age 17, was rendered medical care by Psychiatric Hospital Company, Inc. d/b/a Woodland Hospital at Hoffman Estates Medical Center.

5.  On or about April 3, 1999, Tiffany M. Slee, a minor, age 17, walked onto Golf Road and collided with an automobile which was traveling in a westerly direction at or near 2560 Golf Road in Hoffman Estates, Cook County, Illinois.

6.  On or about April 4, 1999 Tiffany M. Slee, a minor, age 17, died.

5

7.  On or about December 22, 1998 and December 22, 1998, Psychiatric Hospital Company, Inc. d/b/a Woodland Hospital owed a duty to Tiffany M. Slee which was consistent with the standard of practice of medical care for a hospital which is rendering medical care to a patient with signs and symptoms of depression and suicidal behavior.

8.  Notwithstanding its aforementioned duty, Psychiatric Hospital Company, Inc. d/b/a Woodland Hospital breached its duty to Tiffany M. Slee, Deceased, by rendering medical care to her which was deficient and did not meet the standard practice of medical care for a hospital which is rendering medical care to a patient with signs and symptoms of depression and suicidal behavior; thereby causing Tiffany M. Slee to suffer terminal injury as set forth in the reviewing healthcare professionals' report which is incorporated by reference herein and which is attached hereto as Exhibit "B".

9.  As a direct and proximate result of the aforementioned acts and/or omissions by Psychiatric Hospital Company, Inc. d/b/a Woodland Hospital, Tiffany M. Slee was terminally injured and suffered pain.

     Wherefore, Plaintiffs, the Estate of Tiffany M. Slee, Deceased, Julie Slee and Michael Slee, pray for judgment against Defendant, Psychiatric Hospital Company, Inc. d/b/a Woodland Hospital, in an amount in excess of $50,000.00 plus the costs of bringing this action.

### COUNT V - PSYCHIATRIC HOSPITAL COMPANY, INC. d/b/a WOODLAND HOSPITAL - WRONGFUL DEATH

1.  This cause of action is brought pursuant to the Illinois Wrongful Death Act 740 ILCS 180/1 and 180/2.

2.  On or about December 22, 1998 Tiffany M. Slee, a minor, age 17, was admitted to Hoffman Estates Medical Center in Elk Grove Village, Cook County, Illinois.

3.  On or about December 22, 1998 Tiffany M. Slee, a minor, age 17, was a patient at Hoffman Estates Medical Center in Elk Grove Village, Cook County, Illinois.

4.  On or about December 22, 1998 Tiffany M. Slee, a minor, age 17, was rendered medical care by Psychiatric Hospital Company, Inc. d/b/a Woodland Hospital at Hoffman Estates Medical Center.

5.  On or about April 3, 1999, Tiffany M. Slee, a minor, age 17, walked onto Golf Road and collided with an automobile which was traveling in a westerly direction at or near 2560 Golf Road in Hoffman Estates, Cook County, Illinois.

6.  On or about April 4, 1999 Tiffany M. Slee, a minor, age 17, died.

6

7.    On or about December 22, 1998 and December 22, 1998, Psychiatric Hospital Company, Inc. d/b/a Woodland Hospital owed a duty to Tiffany M. Slee which was consistent with the standard of practice of medical care for a hospital which is rendering medical care to a patient with signs and symptoms of depression and suicidal behavior.

8.    Notwithstanding its aforementioned duty, Psychiatric Hospital Company, Inc. d/b/a Woodland Hospital breached its duty to Tiffany M. Slee, Deceased, by rendering medical care to her which was deficient and did not meet the standard practice of medical care for a hospital which is rendering medical care to a patient with signs and symptoms of depression and suicidal behavior; thereby causing Tiffany M. Slee to suffer terminal injury as set forth in the reviewing healthcare professionals' report which is incorporated by reference herein and which is attached hereto as Exhibit "B".

9.    As a direct and proximate result of the aforementioned acts and/or omissions by Psychiatric Hospital Company, Inc. d/b/a Woodland Hospital, Tiffany M. Slee was terminally injured, suffered pain and died.

10.   Tiffany M. Slee left surviving as her heirs the following next of kin: her parents Julie and Michael Slee, her brothers Byron and William Slee, who by reason of Tiffany M. Slee's death have lost experiences to be treasured and valued which would have occurred.

Wherefore, Plaintiffs, the Estate of Tiffany M. Slee, Deceased, Julie Slee and Michael Slee, pray for judgment against Defendant, Psychiatric Hospital Company, Inc. d/b/a Woodland Hospital, in an amount in excess of $50,000.00 plus the costs of bringing this action.

## COUNT VI - PSYCHIATRIC HOSPITAL COMPANY, INC. d/b/a WOODLAND HOSPITAL - MEDICAL, HOSPITAL AND FUNERAL EXPENSES

1.    On or about November 25, 1998 Tiffany M. Slee, a minor, then age 16, was admitted to Hoffman Estates Medical Center's emergency room for mental health care.

2.    On or about December 22, 1998 Tiffany M. Slee, a minor, age 17, was admitted to Hoffman Estates Medical Center in Elk Grove Village, Cook County, Illinois.

3.    On or about December 22, 1998 Tiffany M. Slee, a minor, age 17, was a patient at Hoffman Estates Medical Center in Elk Grove Village, Cook County, Illinois.

4.    On or about December 22, 1998 Tiffany M. Slee, a minor, age 17, was rendered medical care by Psychiatric Hospital Company, Inc. d/b/a Woodland Hospital at Hoffman Estates Medical Center.

7

5.    On or about April 3, 1999, Tiffany M. Slee, a minor, age 17, walked onto Golf Road and collided with an automobile which was traveling in a westerly direction at or near 2560 Golf Road in Hoffman Estates, Cook County, Illinois.

6.    On or about April 4, 1999 Tiffany M. Slee, a minor, age 17, died.

7.    On or about December 22, 1998 and December 22, 1998, Psychiatric Hospital Company, Inc. d/b/a Woodland Hospital owed a duty to Tiffany M. Slee which was consistent with the standard of practice of medical care for a hospital which is rendering medical care to a patient with signs and symptoms of depression and suicidal behavior.

8.    On or about April 4, 1999 Tiffany M. Slee, a minor, age 17, died.

9.    On or about November 25, 1998 and December 22, 1998, Psychiatric Hospital Company, Inc. d/b/a Hoffman Estates Medical Center owed a duty to Tiffany M. Slee which was consistent with the standard of practice of medical care for a hospital which is rendering medical care to a patient with signs and symptoms of depression and suicidal behavior.

10.    Notwithstanding its aforementioned duty, Psychiatric Hospital Company, Inc. d/b/a Woodland Hospital breached its duty to Tiffany M. Slee, Deceased, by rendering medical care to her which was deficient and did not meet the standard practice of medical care for a hospital which is rendering medical care to a patient with signs and symptoms of depression and suicidal behavior; thereby causing Tiffany M. Slee to suffer terminal injury as set forth in the reviewing healthcare professionals' report which is incorporated by reference herein and which is attached hereto as Exhibit "B".

11.    As a direct and proximate result of the aforementioned acts and/or omissions by Hoffman Estates Medical Center, Tiffany M. Slee was terminally injured, suffered pain and died.

12.    On April 4, 1999 Julie and Michael Slee were the parents and natural guardians of Tiffany M. Slee.

13.    As a direct and proximate result of Tiffany M. Slee's death, Julie and Michael Slee became responsible for the payment of Tiffany M. Slee's medical, hospital, and funeral expenses.

Wherefore, Plaintiffs, Julie Slee and Michael Slee, pray for judgment against Defendant, Psychiatric Hospital Company, Inc. d/b/a Woodland Hospital, in the amount of medical, hospital and funeral expenses plus the costs of bringing this action.

## COUNT VII - VILLAGE OF SCHAUMBURG - NEGLIGENCE

1. This cause of action is brought pursuant to the Illinois Survival Act 735 ILCS 5/27-6.

2. From on or about October 17, 1996 to on or about November 25, 1998 the Village of Schaumburg operated the Schaumburg Family Counseling Center.

3. From on or about October 17, 1996 to on or about November 25, 1998 the Village of Schaumburg employed Larry Frank at the Schaumburg Family Counseling Center.

4. From on or about October 17, 1996 to on or about November 25, 1998 Tiffany M. Slee engaged in counseling sessions with Village of Schaumburg employee Larry Frank at the Village of Schaumburg Family Counseling Center.

5. On or about April 3, 1999, Tiffany M. Slee, a minor, age 17, walked onto Golf Road and collided with an automobile which was traveling in a westerly direction at or near 2560 Golf Road in Hoffman Estates, Cook County, Illinois.

6. On or about April 4, 1999 Tiffany M. Slee, a minor, age 17, died.

7. From on or about October 17, 1996 to on or about November 25, 1998 the Village of Schaumburg, acting through its duly authorized employee, Larry Frank, owed a duty to Tiffany M. Slee which was consistent with the standard of practice of counseling care for a counseling center which is providing counseling care to a counselee with signs and symptoms of depression and suicidal behavior.

8. Notwithstanding its aforementioned duty, the Village of Schaumburg, acting through its duly authorized employee, Larry Frank, breached its duty to Tiffany M. Slee, Deceased, by rendering counseling to her which was deficient and did not meet the standard practice of counseling care for a counseling center which is rendering counseling care to a counselee with signs and symptoms of depression and suicidal behavior; thereby causing Tiffany M. Slee to suffer terminal injury as set forth in the reviewing healthcare professionals' report which is incorporated by reference herein and which is attached hereto as Exhibit "B".

9. As a direct and proximate result of the aforementioned acts and/or omissions by the Village of Schaumburg, acting through its duly authorized employee, Larry Frank, Tiffany M. Slee was terminally injured and suffered pain.

Wherefore, Plaintiffs, Julie Slee and Michael Slee pray for judgment against Defendant, Village of Schaumburg, in an amount in excess of $50,000.00 plus the costs of bringing this action.

## COUNT VIII - VILLAGE OF SCHAUMBURG - WRONGFUL DEATH

1.  This cause of action is brought pursuant to the Illinois Wrongful Death Act 740 ILCS 180/1 and 180/2.

2.  From on or about October 17, 1996 to on or about November 25, 1998 the Village of Schaumburg operated the Schaumburg Family Counseling Center.

3.  From on or about October 17, 1996 to on or about November 25, 1998 the Village of Schaumburg employed Larry Frank at the Schaumburg Family Counseling Center.

4.  From on or about October 17, 1996 to on or about November 25, 1998 Tiffany M. Slee engaged in counseling sessions with Village of Schaumburg employee Larry Frank at the Schaumburg Family Counseling Center.

5.  On or about April 3, 1999, Tiffany M. Slee, a minor, age 17, walked onto Golf Road and collided with an automobile which was traveling in a westerly direction at or near 2560 Golf Road in Hoffman Estates, Cook County, Illinois.

6.  On or about April 4, 1999 Tiffany M. Slee, a minor, age 17, died.

7.  From on or about October 17, 1996 to on or about November 25, 1998 the Village of Schaumburg owed a duty to Tiffany M. Slee which was consistent with the standard of practice of medical care for a counseling center which is providing counseling care to a counselee with signs and symptoms of depression and suicidal behavior.

8.  Notwithstanding its aforementioned duty, the Village of Schaumburg, acting through its duly authorized employee Larry Frank, breached its duty to Tiffany M. Slee, Deceased, by rendering counseling to her which was deficient and did not meet the standard practice of counseling care for a counseling center which is rendering counseling care to a counselee with signs and symptoms of depression and suicidal behavior; thereby causing Tiffany M. Slee to suffer terminal injury as set forth in the reviewing healthcare professionals' report which is incorporated by reference herein and which is attached hereto as Exhibit "B".

9.  As a direct and proximate result of the Village of Schaumburg, acting through its duly authorized employee, Larry Frank, Tiffany M. Slee was terminally injured, suffered pain and died.

10. Tiffany M. Slee left surviving as her heirs the following next of kin: her parents Julie and Michael Slee, her brothers Byron and William Slee, who by reason of Tiffany M. Slee's death have lost experiences to be treasured and valued which would have occurred.



Wherefore, Plaintiffs, Julie Slee and Michael Slee, pray for judgment against Defendant, Village of Schaumburg, in an amount in excess of $50,000.00 plus the costs of bringing this action.

## COUNT IX - VILLAGE OF SCHAUMBURG -
## MEDICAL, HOSPITAL AND FUNERAL EXPENSES

1.  From on or about October 17, 1996 to on or about November 25, 1998 the Village of Schaumburg operated the Schaumburg Family Counseling Center.

2.  From on or about October 17, 1996 to on or about November 25, 1998 the Village of Schaumburg employed Larry Frank at the Schaumburg Family Counseling Center.

3.  From on or about October 17, 1996 to on or about November 25, 1998 Tiffany M. Slee engaged in counseling sessions with Village of Schaumburg employee Larry Frank at the Village of Schaumburg Family Counseling Center.

4.  On or about April 3, 1999, Tiffany M. Slee, a minor, age 17, walked onto Golf Road and collided with an automobile which was traveling in a westerly direction at or near 2560 Golf Road in Hoffman Estates, Cook County, Illinois.

5.  On or about April 4, 1999 Tiffany M. Slee, a minor, age 17, died.

6.  From on or about October 17, 1996 to on or about November 25, 1998 the Village of Schaumburg, acting through its duly authorized employee, Larry Frank, owed a duty to Tiffany M. Slee which was consistent with the standard of practice of counseling care for a counseling center which is providing counseling care to a counselee with signs and symptoms of depression and suicidal behavior.

7.  Notwithstanding its aforementioned duty, the Village of Schaumburg, acting through its duly authorized employee, Larry Frank, breached its duty to Tiffany M. Slee, Deceased, by rendering counseling to her which was deficient and did not meet the standard practice of counseling care for a counseling center which is rendering counseling care to a counselee with signs and symptoms of depression and suicidal behavior; thereby causing Tiffany M. Slee to suffer terminal injury as set forth in the reviewing healthcare professionals' report which is incorporated by reference herein and which is attached hereto as Exhibit "B".

8.  As a direct and proximate result of the aforementioned acts and/or omissions by the Village of Schaumburg, acting through its duly authorized employee Larry Frank, Tiffany M. Slee was terminally injured, suffered pain and died.

9.  On April 4, 1999 Julie and Michael Slee were the parents and natural guardians of Tiffany M. Slee.



10.    As a direct and proximate result of Tiffany M. Slee's death, Julie and Michael Slee became responsible for the payment of Tiffany M. Slee's medical, hospital, and funeral expenses.

Wherefore, Plaintiffs, Julie Slee and Michael Slee pray for judgment against Defendant, Village of Schaumburg, in the amount of medical, hospital and funeral expenses plus the costs of bringing this action.

### COUNT X - LARRY FRANK - NEGLIGENCE

1.    This cause of action is brought pursuant to the Illinois Survival Act 735 ILCS 5/27-6.

2.    From on or about October 17, 1996 to on or about November 25, 1998 the Village of Schaumburg operated the Schaumburg Family Counseling Center.

3.    From on or about October 17, 1996 to on or about November 25, 1998 the Village of Schaumburg employed Larry Frank at the Schaumburg Family Counseling Center.

4.    From on or about October 17, 1996 to on or about November 25, 1998 Tiffany M. Slee engaged in counseling sessions with Village of Schaumburg employee Larry Frank at the Village of Schaumburg Family Counseling Center.

5.    On or about April 3, 1999, Tiffany M. Slee, a minor, age 17, walked onto Golf Road and collided with an automobile which was traveling in a westerly direction at or near 2560 Golf Road in Hoffman Estates, Cook County, Illinois.

6.    On or about April 4, 1999 Tiffany M. Slee, a minor, age 17, died.

7.    From on or about October 17, 1996 to on or about November 25, 1998 Larry Frank owed a duty to Tiffany M. Slee which was consistent with the standard of practice of counseling care for a counselor who is providing counseling care to a counselee with signs and symptoms of depression and suicidal behavior.

8.    Notwithstanding its aforementioned duty, Larry Frank breached his duty to Tiffany M. Slee, Deceased, by rendering counseling to her which was deficient and did not meet the standard practice of counseling care for a counselor who is rendering counseling care to a counselee with signs and symptoms of depression and suicidal behavior; thereby causing Tiffany M. Slee to suffer terminal injury as set forth in the reviewing healthcare professionals' report which is incorporated by reference herein and which is attached hereto as Exhibit "B".

9.    As a direct and proximate result of the aforementioned acts and/or omissions by Larry Frank, Tiffany M. Slee was terminally injured, suffered pain and died.

12





Wherefore, Plaintiffs, Julie Slee and Michael Slee, pray for judgment against Defendant, Larry Frank, in an amount in excess of $50,000.00 plus the costs of bringing this action.

## COUNT XI - LARRY FRANK - WRONGFUL DEATH

1.  This cause of action is brought pursuant to the Illinois Wrongful Death Act 740 ILCS 180/1 and 180/2.

2.  From on or about October 17, 1996 to on or about November 25, 1998 the Village of Schaumburg operated the Schaumburg Family Counseling Center.

3.  From on or about October 17, 1996 to on or about November 25, 1998 the Village of Schaumburg employed Larry Frank at the Schaumburg Family Counseling Center.

4.  From on or about October 17, 1996 to on or about November 25, 1998 Tiffany M. Slee engaged in counseling sessions with Village of Schaumburg employee Larry Frank at the Village of Schaumburg Family Counseling Center.

5.  On or about April 3, 1999, Tiffany M. Slee, a minor, age 17, walked onto Golf Road and collided with an automobile which was traveling in a westerly direction at or near 2560 Golf Road in Hoffman Estates, Cook County, Illinois.

6.  On or about April 4, 1999 Tiffany M. Slee, a minor, age 17, died.

7.  From on or about October 17, 1996 to on or about November 25, 1998 Larry Frank owed a duty to Tiffany M. Slee which was consistent with the standard of practice of medical care for a counselor who is providing counseling care to a counselee with signs and symptoms of depression and suicidal behavior.

8.  Notwithstanding its aforementioned duty, Larry Frank breached his duty to Tiffany M. Slee, Deceased, by rendering counseling to her which was deficient and did not meet the standard practice of counseling care for a counselor who is rendering counseling care to a counselee with signs and symptoms of depression and suicidal behavior; thereby causing Tiffany M. Slee to suffer terminal injury as set forth in the reviewing healthcare professionals' report which is incorporated by reference herein and which is attached hereto as Exhibit "B".

9.  As a direct and proximate result of the aforementioned acts and/or omissions by Larry Frank, Tiffany M. Slee was terminally injured, suffered pain and died.

10. Tiffany M. Slee left surviving as her heirs the following next of kin: her parents Julie and Michael Slee, her brothers Byron and William Slee, who by reason of Tiffany M. Slee's death have lost experiences to be treasured and valued which would have occurred.



Wherefore, Plaintiffs, Julie Slee and Michael Slee pray for judgment against Defendant, Larry Frank, in an amount in excess of $50,000.00 plus the costs of bringing this action.

### COUNT XII - LARRY FRANK - MEDICAL, HOSPITAL AND FUNERAL EXPENSES

1.  From on or about October 17, 1996 to on or about November 25, 1998 the Village of Schaumburg operated the Schaumburg Family Counseling Center.

2.  From on or about October 17, 1996 to on or about November 25, 1998 the Village of Schaumburg employed Larry Frank at the Schaumburg Family Counseling Center.

3.  From on or about October 17, 1996 to on or about November 25, 1998 Tiffany M. Slee engaged in counseling sessions with Village of Schaumburg employee Larry Frank at the Village of Schaumburg Family Counseling Center.

4.  On or about April 3, 1999, Tiffany M. Slee, a minor, age 17, walked onto Golf Road and collided with an automobile which was traveling in a westerly direction at or near 2560 Golf Road in Hoffman Estates, Cook County, Illinois.

5.  On or about April 4, 1999 Tiffany M. Slee, a minor, age 17, died.

6.  From on or about October 17, 1996 to on or about November 25, 1998 Larry Frank owed a duty to Tiffany M. Slee which was consistent with the standard of practice of counseling care for a counselor who is providing counseling care to a counselee with signs and symptoms of depression and suicidal behavior.

7.  Notwithstanding his aforementioned duty Larry Frank breached his duty to Tiffany M. Slee, Deceased, by rendering counseling to her which was deficient and did not meet the standard practice of counseling care for a counseling center which is rendering counseling care to a counselee with signs and symptoms of depression and suicidal behavior; thereby causing Tiffany M. Slee to suffer terminal injury as set forth in the reviewing healthcare professionals' report which is incorporated by reference herein and which is attached hereto as Exhibit "B".

8.  As a direct and proximate result of the aforementioned acts and/or omissions by Larry Frank, Tiffany M. Slee was terminally injured, suffered pain and died.

9.  On April 4, 1999 Julie and Michael Slee were the parents and natural guardians of Tiffany M. Slee.



10.    As a direct and proximate result of Tiffany M. Slee's death, Julie and Michael Slee became responsible for the payment of Tiffany M. Slee's medical, hospital, and funeral expenses.

Wherefore, Plaintiffs, Julie Slee and Michael Slee pray for judgment against Defendant, Larry Frank, in the amount of medical, hospital and funeral expenses plus the costs of bringing this action.

The Estate of Tiffany M. Slee, Deceased,
Julie Slee and Michael Slee, Plaintiffs

By: Steven B. Levy, Their Attorney

Steven B. Levy #53008
Attorney For Plaintiffs
40 Shuman Boulevard, Suite 151
Naperville, Illinois 60563
(630) 416-6300

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | |
|---|---|
| Estate of Tiffany M. Slee, Deceased, Julie Slee and Michael Slee, | ) ) ) ) No. |
| Plaintiffs, | ) ) ) |
| vs. | ) |
| Suburban Medical Center At Hoffman Estates, Inc., a Delaware corporation, d/b/a Hoffman Estates Medical Center, Illinois Psychiatric Hospital Company, Inc., an Illinois corporation, d/b/a Woodland Hospital, Village of Schaumburg, and Larry Frank, | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

## AFFIDAVIT OF ATTORNEY STEVEN B. LEVY

1.    My name is Steven B. Levy.

2.    I am the attorney for the Plaintiffs in this cause.

3.    I have consulted and reviewed the facts of this case with a health care professional who I reasonably believe:

    (a)    is knowledgeable in the relevant issues in this particular action;

    (b)    practices or has practiced within the last 6 years or teaches or has taught within the last 6 years in the same area of health care or medicine that is at issue in this particular action; and

    (c)    is qualified by experience or demonstrated competence in the subject of this case.

4.    The reviewing health care professionals are: Daniel Yohanna, M.D., Northwestern University Medical Center Department of Psychiatry & Behavioral Sciences and Marcia Kornfield Spira, Ph.D., L.C.S.W., B.C.D., Loyola University School of Social Work.



PLAINTIFF'S
EXHIBIT
A

1



5.   The reviewing health care professionals have determined, in a written report dated March 30, 2000, after a review of the medical and other records involved in this particular matter, that there is a reasonable and meritorious cause for the filing of this action.

6.   I have concluded on the basis of the reviewing health care professional's report that there is a reasonable and meritorious cause for the filing of this action.

7.   A copy of Daniel Yohanna M.D. and Marcia Kornfield Spira, Ph.D., L.C.S.W., B.C.D.'s report dated March 30, 2000, clearly identifying the Plaintiff and the reasons for Dr. Yohanna and Dr. Kornfield's determination that a reasonable and meritorious cause for the filing of this action exists are attached to this Affidavit.

_____
Steven B. Levy

Sworn and Subscribed before me
on ___March 31___, 2000.

_____
Notary Public

```
OFFICIAL SEAL
DONNA J AUTEN
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES:05/20/03
```

Steven B. Levy, #53008
Attorney For Plaintiffs
40 Shuman Boulevard, Suite 151
Naperville, Illinois 60563
(630) 416-6300

2



Northwestern Medical Faculty Foundation, Inc.

Department of Psychiatry &
Behavioral Sciences
675 North St. Clair Street
Suite 20-250
Chicago, Illinois 60611
Tel (312) 695-5060
Fax (312) 695-5010

March 30, 2000

Mr. Steven B. Levy
Attorney-at-Law
40 Shuman Boulevard
Suite 151
Naperville, Illinois 60563

  **Re: *Tiffany Slee, deceased 4/4/99***
  ***NMFF Case No. 00-01778***

Dear Mr. Levy;

At your request, Dr. Marcia Kornfeld Spira and I have reviewed the records listed in the "Sources of Information" in order to answer the following questions:

1. What was the cause of death of Tiffany Slee?
2. Was the treatment that Tiffany Slee received from Hoffman Estates Medical Center within the standard of care?
3. Was the treatment that Tiffany Slee received from Schaumburg Family Counseling by social worker, Mr. Larry Frank, within the standard of care?
4. Was the death of Tiffany Slee a direct cause of the care provided at Hoffman Estates Medical Center and Schaumburg Family Counseling?
5. Is there a reasonable and meritorious basis for pursuing a claim against the above parties?

### *Qualifications of Examiner:*

Enclosed are copies of the curriculum vitae of Dr. Daniel Yohanna and the curriculum vitae of Dr. Marcia Spira, which outlines our qualifications to perform this independent medical examination.

### *Sources of Information:*

- Schaumburg Police Department Report August 6, 1997, June 3, 1998, August 13, 1998, September 10, 1998, September 21, 1998, November 25, 1998, and December 22, 1998.
- Schaumburg Fire Department Ambulance Reports dated October 4, 1998, November 25, 1998, and December 22, 1998.


PLAINTIFF'S EXHIBIT B

March 30, 2000

- Hoffman Estates Police Department Report dated April 19, 1998, November 14, 1998, and April 3, 1999.
- Police Department Crash Report dated April 3, 1999.
- Transcribed Witness Statement dated December 10, 1999.
- Medical Record of Robert Demke, family practitioner, from February 4, 1992 through March 30, 1999.
- Medical Record of Larry Frank, LCSW, from November 18, 1996 through December 18, 1998.
- Hoffman Estates Medical Record dated November 25, 1998.
- Hoffman Estates Medical Center Record dated December 22, 1998.
- Interview with the parents of Tiffany Slee, March 24, 2000 for one and a half hours.

### Review of Selected Records:

> **Schaumburg Police Department Reports**

The August 6, 1997 report described a sexual offense. Tiffany had consensual sex with another minor and the case was closed due to the age of both victim and perpetrator.

In the June 3, 1998 report, Tiffany was missing from home and she was found and returned.

On August 13, 1998, another missing persons report was filed, however, she returned home and the case was closed.

September 10, 1998 a criminal sexual abuse charge was filed and closed after Tiffany had consensual sex with an adult whom she had told she was eighteen years old. She was in fact seventeen years old at the time of the offense.

The November 25, 1998 record is for a call for suicidal ideation.

The report of December 22, 1998 was for suicidal ideation and transport to Hoffman Estates Hospital.

> **Transcribed Witness Statement**

The witness, ███████████ described seeing Tiffany at the drive up window talking to a guy. A girl came out and started arguing with Tiffany and told her to stay away from her boyfriend and proceeded to harass her. She stated that Tiffany started to walk away and the girl pursued her and slapped her across the face. Ms. Hirsch noted that Tiffany walked away down a gully and up toward the street. There was no one in pursuit of her. She calmly walked out onto Golf Road. She was ten feet from the corner of Golf Road and Barrington Road. She did not walk in the crosswalk.

March 30, 2000

> *Schaumburg Fire Department Ambulance Reports* 

These reports outline three calls one on October 4, 1998 for suicidal ideation in which
Tiffany refused transport to the hospital, on November 25, 1998 where she was
transferred to the hospital for evaluation after refusing an initial call and request for
transport. The last report was on December 22, 1998 where she was transported to the
Hoffman Estates Medical Center for evaluation.

> *Medical Record of Larry Frank, LCSW, of Schaumburg Family Counseling
> Center*

The initial note of October 17, 1996 indicated the problem was that Tiffany was not
going to school. The therapist made appropriate contact with the school – consent forms
were included in the summary of contact with the school and was noted on October 25,
1996.

The therapist seemed to investigate a relationship between Tiffany's school absences and
identification with her mother (on November 17, 1996 and November 24, 1996). The
note of October 17, 1996 suggested that the therapist completed a geneogram, but there is
none included in the record. There is no indication in the record of the assessment of
Tiffany's personality, her cognition, or degree of depression.

The notes following November 5, 1996 indicate that the school called DCFS to
investigate some scratches on Tiffany. There was no follow up to determine the final
resolution. Continued conflict with her parents was noted throughout the record, but the
direction of the treatment seemed to be toward getting her to go to school rather than
evaluate an underlining depression that may have been the cause.

On November 15, 1996 the worker noted a telephone consultation with the school.
Tiffany was described as in a "catatonic state" and that she was without friends. These
are further indications of possible depression, though no attempt to evaluate a mood
disorder was included.

The note of November 15, 1996 continued with a vague reference to Woodland Hospital
and "something she is not telling …". The note of November 22, 1996 suggested a
referral to American Day Hospital and a statement that she was getting worse every day.
There was no indication of why the referral, who made it, or what the outcome was. The
social worker noted his theory that she was holding onto a secret, something she said
"changed her life".

The note of December 11, 1996 suggested that Tiffany was doing better in school but
also a belief that boys were teasing her and threats were made to harm her. The treatment
then ended until after the New Year. There are no notes from January 17, 1997 to May 1,
1997. In May Tiffany acknowledged her previous consensual sexual experience with a
great deal of self denegration. She spoke of her sexual experience again on May 22,
1997. On the following day, she described her stomach "full of knots" and the conflict

3

between going to school and staying home. It is reasonable to assume a possible link between depression and Tiffany's sexual behavior, but this was not evaluated.

The notes from July 1997 indicated telephone contacts with Tiffany, her grandmother, and mother. Tiffany told the social worker of her plans to have sexual contact with a rather promiscuous friend and the therapist noted his concern. He warned her of AIDS but did not assess her decision based on her mood. Notes indicate that her mother had a miscarriage that week but did not note Tiffany's reaction. There are no notes in August 1997. There was no indication given of why treatment ended or if any referrals were given.

On September 26, 1997 while Tiffany was in treatment with Mr. Frank, she made a suicide attempt and was sent by her school to Woodland Hospital. Mr. Frank noted that she was sent by her school to Woodland for evaluation. No assessment of the depression was included in the record. The hospital called Mr. Frank to request he provide Tiffany with an immediate appointment. Mr. Frank scheduled it for that day. It is vague as to why she was discharged from the hospital. Mr. Frank indicated that she was still actively thinking about not living.

Notes in October 19, 1997 indicated sessions on a weekly basis with continued reference to sleep difficulties, moodiness, use of drugs and alcohol, and lying. All these may be symptoms of depression which were not evaluated and there was no indication that there was conversation about the possibility of depression.

There was an undated note concerning a referral to American Day Hospital, but no indication of the reason for the referral or if the referral was followed.

After December 3, 1997, there were no notes until November of 1998. There was no indication of what happened between these months, why or if treatment ended, and why it resumed in November of 1998.

The therapist did allude to a request that Tiffany make a connection between feelings and behaviors prior to his note of November 25, 1998. One note in December indicated Tiffany was kicked out of her boyfriend's apartment. The last note indicated that she had been depressed all year and treatment ends with no further notes or an explanation if that is the end of treatment.

>  *Medical Record of Robert Demke, M.D.*

Dr. Robert Demke noted that Tiffany Slee may have borderline intelligence. He noted the overdose of September 27, 1997 and that she was seen at the Woodland Mental Health Center. He was aware that she was seeing Larry Frank, LCSW, on a two time per week basis and there were no medications. He was aware of the November 25, 1998 suicidal ideation and evaluation at Hoffman Estates Medical Center. He also noted on December 29, 1998 that she was seeing a counselor about "suicidal gestures" when her boyfriend doesn't get to her house quick enough.

4

On the final visit of M.    30, 1999, Dr. Demke prescribed Paxi    ng each morning
and gave a prescription for 21 tablets. Her presenting complaint that she wanted to
"discuss her depression".

> *Hoffman Estates Medical Center Record of November 25, 1998*

The record revealed that Tiffany Slee was brought by the police because she felt suicidal.
The initial diagnosis was "suicidal statements" and final diagnosis was Depression NOS.
She was referred to follow up with her "psychiatrist" the same day.

Tiffany was apparently seen by the Hoffman Estates Response Team but no note was
recorded. The family was given an instruction sheet for depression and a referral was
made to the "psychiatrist for follow up on the day of discharge". There was no note that
contact was made with the follow up psychiatrist.

Is was noted that the drug screen was negative.

> *Hoffman Estates Medical Center Record December 22, 1998*

Tiffany arrived at the hospital at 12:44 on December 22, 1998 for suicidal ideation. At
12:45 she was ambulatory and it was noted per paramedics that they are frequently called
to her home for similar problems. They noted that she had been in counseling for an
extended time. They noted that she was smiling and animated and stated that her father
won't her around to boyfriend's. She denied trying to hurt herself.

The chief complaint was "I was suicidal and wanted to be committed to Woodland".

It was noted that at 1:00 a.m. the Woodland Respond Team was called. At 1:30 a.m. the
Woodland Care Team was at the hospital to evaluate. At 2:15 a.m. it was noted that the
M.D. responded to a code blue on the floor, evaluation completed by Woodland. Her
father did not want to stay to be seen by ER M.D. The doctor called from the code and
said "to have Tiffany wait or could sign out AMA if did not want to wait". Father elected
to sign out AMA. Tiffany and father left with referral to psychiatrist.

There was no note of the psychiatric evaluation by the Woodland Response Team or
which psychiatrist she was referred to.

### Interview of Mr. and Mrs. Slee from March 24, 2000:

> *Statement of Non-Confidentiality*

Mr. and Mrs. Slee were informed of the non-confidential nature of this interview and they
agreed to proceed.

Mr. and Mrs. Slee stated that within two weeks of the automobile accident that killed
Tiffany, she was increasingly withdrawn and stayed in her room. Her only desire was to
be with her boyfriend, Phil. She had said on several occasions that she wanted to die if

March 30, 2000

her boyfriend did not stay with her. They stated that a diary note that they discovered after her death, written in December of 1998, she wrote that she would want to die if Phil did not say that he loved her.

One week prior to the accident, Tiffany told her paternal grandmother that she wanted to die if she could not have Phil. She never gave a method. However, in December 1998 with Phil and her father, she attempted to run in front of a car.

On the day prior to her accident, she was apologizing to many people and told friends and coworkers at McDonald's that she was sorry. No one was sure what she was apologizing about.

They described her lack of interest in things she enjoyed prior to the automobile accident, for example watching soap operas. They described that within two weeks of her death she had decreased appetite and had lost weight.

The Slees did not describe her giving away any items prior to the accident.

She had complained of lethargy and was irritable and labile. The lability was noted that at times she appeared just fine even the day before her death where she was looking forward to seeing a movie the following day.

The family described that Tiffany overdosed in September of 1997. It was reported by the school and she went to Woodland Medical Center (as it was then called) and was released without psychiatric evaluation to see her primary care physician.

The family described that in approximately October of 1998 Tiffany called the paramedics because she had suicidal thoughts because her boyfriend was late in seeing her. She then refused transport to the hospital.

On approximately November 25, 1998, Tiffany called the paramedics again suicidal and "really depressed". She was taken to Hoffman Estates Medical Center where the Woodland response team talked with her. The Woodland response team gave the mother their telephone number, and told her to keep her appointment with her counselor the next day.

On the following day, Tiffany's grandmother told Mr. Frank that she was in the emergency room the night before with suicidal ideation.

On December 19, 1998, Tiffany again called the paramedics with suicidal ideation. She was again brought to the Hoffman Estates Medical Center where the Woodland response team saw her and told her to go see Mr. Frank. Woodland believed it was an attention seeking device according to the parents.

Neither Woodland response team nor Hoffman Estates Medical Center nor Mr. Frank warned the parents about signs or symptoms of depression or suicidal behavior and how to respond to that.

6

The parents stated that the grandmother often took Tiffany to see Larry Frank and had told him about the suicidal ideation in November and December.

During the initial treatment with Mr. Frank, Mr. and Mrs. Slee met with him on two or three occasions. They were never invited or requested to attend further family meetings throughout Tiffany's treatment.

The family stated that one week prior to Tiffany's death their primary care physician started her on Paxil 10 mg per day for signs and symptoms of depression.

### Opinion:

**Question #1:** What was the cause of death of Tiffany Slee?

**It is my opinion with the necessary degree of medical psychiatric certainty that Tiffany Slee died of a suicide.**

**Reasoning:** Tiffany Slee had an erratic emotional response to separation from her boyfriend, Phil. There is evidence that she was a highly dependent individual who would react strongly to perceived or actual abandonment. She said on repeated occasions that she wished to die if she did not receive the attention of her boyfriend. On the evening that she walked in front of a car, Phil had rejected her for another woman.

In the two weeks prior to her death, she displayed signs and symptoms of a major depression, which commonly accompanies a suicide. These signs and symptoms were noted by:

- Increased isolation
- Decreased interest in activities she enjoyed, like watching soap operas
- Decreased appetite
- Decreased sleep
- Complaints of decreased energy
- Irritability and lability
- Recent discussion of suicide

It was also noted that her primary care physician noted that she was depressed and began her on a typical antidepressant medication, Paxil.

**Question #2:** Was the treatment that Tiffany Slee received from Hoffman Estates Medical Center within the standard of care?

**It is my opinion with the necessary degree of medical psychiatric certainty that the Hoffman Estates Medical Center and Woodland Response Team did not act within the standard of care.**

7

Reasoning: There is documentation that Tiffany Slee had an uate psychiatric evaluation to evaluate the risks of suicide. These risks include discussion of suicidal ideation, plan, access to the plan, and intent to act on the plan.

On the visit of December 22, 1998 to the Hoffman Estates Medical Center, there was no documentation to evaluate her current level of depression with noted absence of questions about her appearance and behavior, mood and affect, thought content, thought processing, cognitive abilities, and neurovegetative signs. There was no adequate psychiatric history taken to evaluate the number of times that she had suicidal ideation or had acted on suicidal ideation.

There was no diagnosis made on the December 22, 1998 visit to the emergency room.

There was no plan outlined in the record for her continued care after her visit to the emergency room after December 22, 1998 visit.

There was no discussion with the family regarding the signs and symptoms of depression or warning about suicidal ideation. There was no discussion with the family on what to do if these thoughts or actions returned.

There was no discussion for the need or lack of need for more restrictive levels of care like partial hospitalization or inpatient hospitalization.

There was no evaluation for the use of medications.

A referral to "the psychiatrist" made in the November 1998 visit was inadequate since Tiffany was not seeing a psychiatrist.

Allowing a patient with suicidal ideation to leave against medical advise "AMA" during the December 22, 1998 visit was inadequate treatment since it is the obligation of the evaluating staff to ensure a suicidal is safe to leave an emergency room.

Question #3: Was the treatment that Tiffany Slee received from Schaumburg Family Counseling by social worker, Mr. Larry Frank, within the standard of care?

**It is our opinion with the necessary degree of medical psychiatric certainty that the treatment from Schaumburg Family Counseling and Mr. Larry Frank did not meet the standard of care for a social worker.**

Reasoning: The standards for social workers in clinical practice customarily require that they complete a biopsychosocial assessment of their clients. This assessment includes a description of presenting problems, including possible etiology, client's internal capacities, external circumstances and developmental issues, treatment plans, and evaluation of outcomes. The notes submitted by Mr. Frank appear to be in the form of personal notes. There was no assessment of personality (ego strengths, defenses, object relations, etc.), cognition, affect, or behavior. It is difficult to follow the process of the

8

treatment from the notes. Mr. Frank did make notations about the Tiffany's school absences and this seems to be the presenting problem.

Treatment plans need to be clear and thorough. In these records, the treatment plans are not clear though on several occasions Mr. Frank's notes indicated suggestions for content of future sessions – such as plans to discuss various topics. When contact with outside agencies are initiated or responded to, summaries of these contacts should be included in the record. Mr. Frank did include notes about contact with the school and DCFS along with references to American Day Hospital. However, reports of evaluations and follow up were not included in the record nor are the reasons for the referrals. The notes did reflect some contact with the family including grandmother, mother and father with some indication of the conflicts in the relationship. However, there was no in depth description of the family context.

In the case of suicidal ideation, gesture, or attempt, psychiatric consultation should be considered as part of the assessment process. The social worker is capable of completing an initial assessment of risk and this may be achieved through standard tests, interactive assessment, or referral for psychiatric evaluation. At minimum, the patient and family should be notified of assessed potential risk of suicide. Rationale for any decisions about care should be included in the record. In this record, Tiffany was apparently sent to Woodland Hospital by her school after a suspected suicide attempt but there were no notes included regarding evaluation of her behavior. No indication of further referrals to psychiatry to evaluate a possible depression was apparent in the record at any time.

Tiffany continued to express her problems with more seriousness -- school absences, sexual behavior, possible drug and alcohol abuse, suicidal ideation, attempts on her life, as well as sleep problems and the desire to isolate herself. These behaviors are often symptoms of depression. It is feasible from the constellation of biologic, psychological and social factors, and Tiffany's apparent emotional reactivity that she intended self harm. The social worker may have focused on observable problems of school absence and her sexual behavior. However, it is not apparent that attention was given to the behavior as symptoms of an underlying depression. The problem focus for this treatment seems to overlook the psychological distress experienced by Tiffany Slee. Treatment ended in December of 1997 and resumed in November of 1998. There was no explanation noted about what happened between December 1997 and November of 1998. Minimum standards of practice would require assessment of why treatment ended and resumed at the time it did.

It is for these reasons that the treatment of Tiffany Slee by Larry Frank, LCSW, falls outside of the standard of care for social workers.

Question #4:  Was the death of Tiffany Slee a direct cause of the care provided at Hoffman Estates Medical Center and Schaumburg Family Counseling?

9

It is our opinion with the necessary degree of medical psychiatric and social work certainty that the lack of proper treatment by the Hoffman Estates Medical Center, Woodland Response Team, and the Schaumburg Family Counseling of Larry Frank, LCSW, contributed to the death by suicide of Tiffany Slee.

Reasoning: Had the Hoffman Estates Medical Center or Woodland Response Team or Mr. Larry Frank had acted within the standard of care, options for more restrictive care may have been offered and accepted by the Slee family. Had the above entities warned the Slees and educated them on the signs and symptoms of depression and suicidal behavior, they may have been alarmed and sought care to protect their daughter at some point prior to her death.

Question #5: Is there a reasonable and meritorious basis for pursuing a claim against the above parties?

It is my opinion with the necessary degree of medical psychiatric certainty that there is a reasonable and meritorious basis for pursuing a claim against the Hoffman Medical Center, Woodland Response Team, the Schaumburg Counseling Center, and Mr. Larry Frank, LCSW.

Thank you for this referral.

Sincerely,

Daniel Yohanna, M.D.

10