07 C 6654

JUDGE ASPEN
MAGISTRATE JUDGE MASON

# EXHIBIT #4

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

Michael Slee, Independent Administrator of )
the Estate of Tiffany M. Slee, Deceased, and )
Julie Slee and Micahel Slee, Individually, )
)                   No.   00 L 3846
)
Plaintiffs, )
)
vs. )
Suburban Medical Center At Hoffman )
Estates, Inc., a Delaware corporation, d/b/a )
Hoffman Estates Medical Center, )
Illinois Psychiatric Hospital Company, Inc., )
an Illinois corporation, )
d/b/a Woodland Hospital, )
Village of Schaumburg, and )
Larry Frank, )
)
Defendants. )

### NOTICE OF FILING

PLEASE TAKE NOTICE that on September 23, 2003 Plaintiff's Second
Amended Complaint at Law was filed with the Clerk of the Circuit Court of Cook
County, Illinois.

_____
Steven B. Levy

### CERTIFICATE OF SERVICE

The undersigned states, on oath, that a copy of the foregoing Plaintiff's
Second Amended Complaint was faxed and mailed to the following Attorneys at
the addresses as indicated below on September 22, 2003.

Ms. Jacqueline B. Sharuzi               Ms. Brigitte T. Nuss-Kocheny
Hall Prangle & Schoonveld, LLC          Lovells
225 W. Washington Street, Suite 2700    330 N. Wabash Avenue, Suite 1900
Chicago, IL  60606                      Chicago, IL  60611

_____
Steven B. Levy

Steven B. Levy, #53008
Attorney for Plaintiffs
650 E. Diehl Road, Suite 121
Naperville, Illinois  60563
(630) 416-6300

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| Michael Slee, Independent Administrator of the Estate of Tiffany M. Slee, Deceased, and Julie Slee and Micahel Slee, Individually, ) ) ) ) Plaintiffs, ) ) vs. ) Suburban Medical Center At Hoffman ) Estates, Inc., a Delaware corporation, ) d/b/a Hoffman Estates Medical Center, ) Illinois Psychiatric Hospital Company, Inc., ) an Illinois corporation, ) d/b/a Woodland Hospital, ) Village of Schaumburg, and ) Larry Frank, ) ) Defendants. ) | No.    00 L 3846<br><br>Amount Claimed:  An Amount In Excess of $50,000.00 Plus The Costs Of Bringing This Action |

### SECOND AMENDED COMPLAINT AT LAW

Now Come Plaintiffs, Michael Slee, Independent Administrator of the Estate of Tiffany M. Slee, Deceased, and Julie Slee and Michael Slee, Individually, by and through their Attorney, Steven B. Levy, and as their Second Amended Complaint against Defendants, Suburban Medical Center At Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center, Illinois Psychiatric Hospital Company, Inc., d/b/a Woodland Hospital, Village of Schaumburg, and Larry Frank, state:

### COUNT I - SUBURBAN MEDICAL CENTER AT HOFFMAN ESTATES, INC. d/b/a HOFFMAN ESTATES MEDICAL CENTER - NEGLIGENCE

1.    This cause of action is brought pursuant to the Illinois Survival Act 735 ILCS 5/27-6.

2.    On or about November 25, 1998 Tiffany M. Slee, a minor, then age 16, was admitted to Hoffman Estates Medical Center's emergency room for mental health care.

3.    On or about November 25, 1998 Tiffany M. Slee, a minor, then age 16, was a patient at Hoffman Estates Medical Center in Elk Grove Village, Cook County, Illinois.

4.    On or about November 25, 1998 Tiffany M. Slee, a minor, then age 16, was rendered medical care by Suburban Medical Center At Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center.

5.    On or about December 22, 1998 Tiffany M. Slee, a minor, age 17, was admitted to Hoffman Estates Medical Center in Elk Grove Village, Cook County, Illinois.

6.    On or about December 22, 1998 Tiffany M. Slee, a minor, age 17, was a patient at Hoffman Estates Medical Center in Elk Grove Village, Cook County, Illinois.

7.    On or about December 22, 1998 Tiffany M. Slee, a minor, then age 16, was rendered medical care by Suburban Medical Center At Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center.

8.    On or about April 3, 1999, Tiffany M. Slee, a minor, age 17, walked onto Golf Road and collided with an automobile which was traveling in a westerly direction at or near 2560 Golf Road in Hoffman Estates, Cook County, Illinois.

9.    On or about April 4, 1999 Tiffany M. Slee, a minor, age 17, died.

10.    On or about November 25, 1998 and December 22, 1998, Suburban Medical Center At Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center owed a duty to Tiffany M. Slee which was consistent with the standard of practice of medical care for a hospital which is rendering medical care to a patient with signs and symptoms of depression and suicidal behavior.

11.    Notwithstanding its aforementioned duty, Suburban Medical Center At Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center breached its duty to Tiffany M. Slee, Deceased, by rendering medical care to her which was deficient and did not meet the standard practice of medical care for a hospital which is rendering medical care to a patient with signs and symptoms of depression and suicidal behavior; thereby causing Tiffany M. Slee to suffer terminal injury as set forth in the reviewing healthcare professionals' report which is incorporated by reference herein and which is attached hereto as Exhibit "B".

12.    As a direct and proximate result of the aforementioned acts and/or omissions by Suburban Medical Center At Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center, Tiffany M. Slee was terminally injured and suffered pain.

Wherefore, Plaintiffs, Michael Slee, Independent Administrator of the Estate of Tiffany M. Slee, Deceased, and Julie Slee and Michael Slee, Individually, pray for judgment against Defendant, Suburban Medical Center At Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center, in an amount in excess of $50,000.00 plus the costs of bringing this action.

### COUNT II - SUBURBAN MEDICAL CENTER AT HOFFMAN ESTATES, INC., d/b/a HOFFMAN ESTATES MEDICAL CENTER - WRONGFUL DEATH

1.    This cause of action is brought pursuant to the Illinois Wrongful Death Act 740 ILCS 180/1 and 180/2.

2.    On or about November 25, 1998 Tiffany M. Slee, a minor, then age 16, was admitted to Hoffman Estates Medical Center's emergency room for mental health care.

3. On or about November 25, 1998 Tiffany M. Slee, a minor, then age 16, was a patient at Hoffman Estates Medical Center in Elk Grove Village, Cook County, Illinois.

4. On or about November 25, 1998 Tiffany M. Slee, a minor, then age 16, was rendered medical care by Hoffman Estates Medical Center.

5. On or about December 22, 1998 Tiffany M. Slee, a minor, age 17, was admitted to Hoffman Estates Medical Center in Elk Grove Village, Cook County, Illinois.

6. On or about December 22, 1998 Tiffany M. Slee, a minor, age 17, was a patient at Hoffman Estates Medical Center in Elk Grove Village, Cook County, Illinois.

7. On or about December 22, 1998 Tiffany M. Slee, a minor, age 17, was rendered medical care by Suburban Medical Center At Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center.

8. On or about April 3, 1999, Tiffany M. Slee, a minor, age 17, walked onto Golf Road and collided with an automobile which was traveling in a westerly direction at or near 2560 Golf Road in Hoffman Estates, Cook County, Illinois.

9. On or about April 4, 1999 Tiffany M. Slee, a minor, age 17, died.

10. On or about November 25, 1998 and December 22, 1998, Suburban Medical Center At Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center owed a duty to Tiffany M. Slee which was consistent with the standard of practice of medical care for a hospital which is rendering medical care to a patient with signs and symptoms of depression and suicidal behavior.

11. Notwithstanding its aforementioned duty, Suburban Medical Center At Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center breached its duty to Tiffany M. Slee, Deceased, by rendering medical care to her which was deficient and did not meet the standard practice of medical care for a hospital which is rendering medical care to a patient with signs and symptoms of depression and suicidal behavior; thereby causing Tiffany M. Slee to suffer terminal injury as set forth in the reviewing healthcare professionals' report which is incorporated by reference herein and which is attached hereto as Exhibit "B".

12. As a direct and proximate result of the aforementioned acts and/or omissions by Suburban Medical Center At Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center, Tiffany M. Slee was terminally injured, suffered pain and died.

13. Tiffany M. Slee left surviving as her heirs the following next of kin: her parents Julie Slee and Michael Slee, her brothers Byron and William Slee, who by reason of Tiffany M. Slee's death have lost experiences to be treasured and valued which would have occurred.

 

Wherefore, Plaintiffs, Michael Slee, Independent Administrator of the Estate of Tiffany M. Slee, Deceased, and Julie Slee and Michael Slee, Individually, pray for judgment against Defendant, Suburban Medical Center At Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center, in an amount in excess of $50,000.00 plus the costs of bringing this action.

### COUNT III - SUBURBAN MEDICAL CENTER AT HOFFMAN ESTATES, INC., d/b/a HOFFMAN ESTATES MEDICAL CENTER - MEDICAL, HOSPITAL AND FUNERAL EXPENSES

1.  On or about November 25, 1998 Tiffany M. Slee, a minor, then age 16, was admitted to Hoffman Estates Medical Center's emergency room for mental health care.

2.  On or about November 25, 1998 Tiffany M. Slee, a minor, then age 16, was a patient at Hoffman Estates Medical Center in Elk Grove Village, Cook County, Illinois.

3.  On or about November 25, 1998 Tiffany M. Slee, a minor, then age 16, was rendered medical care by Suburban Medical Center At Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center.

4.  On or about December 22, 1998 Tiffany M. Slee, a minor, age 17, was admitted to Hoffman Estates Medical Center in Elk Grove Village, Cook County, Illinois.

5.  On or about December 22, 1998 Tiffany M. Slee, a minor, age 17, was a patient at Hoffman Estates Medical Center in Elk Grove Village, Cook County, Illinois.

6.  On or about December 22, 1998 Tiffany M. Slee, a minor, then age 16, was rendered medical care by Suburban Medical Center At Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center.

7.  On or about April 3, 1999, Tiffany M. Slee, a minor, age 17, walked onto Golf Road and collided with an automobile which was traveling in a westerly direction at or near 2560 Golf Road in Hoffman Estates, Cook County, Illinois.

8.  On or about April 4, 1999 Tiffany M. Slee, a minor, age 17, died.

9.  On or about November 25, 1998 and December 22, 1998, Suburban Medical Center At Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center owed a duty to Tiffany M. Slee which was consistent with the standard of practice of medical care for a hospital which is rendering medical care to a patient with signs and symptoms of depression and suicidal behavior.

10. Notwithstanding its aforementioned duty, Suburban Medical Center At Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center breached its duty to Tiffany M. Slee, Deceased, by rendering medical care to her which was deficient and did not meet the standard practice of medical care for a hospital which is rendering medical care to a patient with signs and symptoms of depression and suicidal behavior; thereby causing Tiffany M. Slee to suffer terminal injury as set forth in the reviewing healthcare professionals' report which is incorporated by reference herein and which is attached hereto as Exhibit "B".

4

 

11.     As a direct and proximate result of the aforementioned acts and/or omissions by Suburban Medical Center At Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center, Tiffany M. Slee was terminally injured, suffered pain and died.

12.     On April 4, 1999 Julie and Michael Slee were the parents and natural guardians of Tiffany M. Slee.

13.     As a direct and proximate result of Tiffany M. Slee's death, Julie and Michael Slee became responsible for the payment of Tiffany M. Slee's medical, hospital, and funeral expenses.

Wherefore, Plaintiffs, Julie Slee and Michael Slee, pray for judgment against Defendant, Suburban Medical Center At Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center, in the amount of medical, hospital and funeral expenses plus the costs of bringing this action.

<u>COUNT IV - PSYCHIATRIC HOSPITAL COMPANY, INC.<br>d/b/a WOODLAND HOSPITAL - NEGLIGENCE</u>

1.      This cause of action is brought pursuant to the Illinois Survival Act 735 ILCS 5/27-6.

2.      On or about November 25, 1998, Tiffany M. Slee, a minor, then age 16, was admitted to Hoffman Estates Medical Center's emergency room for mental health care.

3.      On or about November 25, 1996 Tiffany M. Slee, a minor, then age 16, was a patient at Hoffman Estates Medical Center in Elk Grove Village, Cook County, Illinois.

4.      On or about November 25, 1996 Tiffany M. Slee, a minor, then age 16, was rendered medical care by Psychiatric Hospital Company, Inc., d/b/a Woodland Hospital at Hoffman Estates Medical Center.

5.      On or about December 22, 1998 Tiffany M. Slee, a minor, age 17, was admitted to Hoffman Estates Medical Center in Elk Grove Village, Cook County, Illinois.

6.      On or about December 22, 1998 Tiffany M. Slee, a minor, age 17, was a patient at Hoffman Estates Medical Center in Elk Grove Village, Cook County, Illinois.

7.      On or about December 22, 1998 Tiffany M. Slee, a minor, age 17, was rendered medical care by Psychiatric Hospital Company, Inc. d/b/a Woodland Hospital at Hoffman Estates Medical Center.

8.      On or about April 3, 1999, Tiffany M. Slee, a minor, age 17, walked onto Golf Road and collided with an automobile which was traveling in a westerly direction at or near 2560 Golf Road in Hoffman Estates, Cook County, Illinois.

9.      On or about April 4, 1999 Tiffany M. Slee, a minor, age 17, died.

 

10.    On or about November 25, 1998 and December 22, 1998, Psychiatric Hospital Company, Inc. d/b/a Woodland Hospital owed a duty to Tiffany M. Slee which was consistent with the standard of practice of medical care for a hospital which is rendering medical care to a patient with signs and symptoms of depression and suicidal behavior.

11.    Notwithstanding its aforementioned duty, Psychiatric Hospital Company, Inc. d/b/a Woodland Hospital breached its duty to Tiffany M. Slee, Deceased, by rendering medical care to her which was deficient and did not meet the standard practice of medical care for a hospital which is rendering medical care to a patient with signs and symptoms of depression and suicidal behavior; thereby causing Tiffany M. Slee to suffer terminal injury as set forth in the reviewing healthcare professionals' report which is incorporated by reference herein and which is attached hereto as Exhibit "B".

12..    As a direct and proximate result of the aforementioned acts and/or omissions by Psychiatric Hospital Company, Inc. d/b/a Woodland Hospital, Tiffany M. Slee was terminally injured and suffered pain.

Wherefore, Plaintiffs, Michael Slee, Independent Administrator of the Estate of Tiffany M. Slee, Deceased, and Julie Slee and Michael Slee, Individually, pray for judgment against Defendant, Psychiatric Hospital Company, Inc. d/b/a Woodland Hospital, in an amount in excess of $50,000.00 plus the costs of bringing this action.

## COUNT V - PSYCHIATRIC HOSPITAL COMPANY, INC. d/b/a WOODLAND HOSPITAL - WRONGFUL DEATH

1.    This cause of action is brought pursuant to the Illinois Wrongful Death Act 740 ILCS 180/1 and 180/2.

2.    On or about November 25, 1998 Tiffany M. Slee, a minor, then age 16, was admitted to Hoffman Estates Medical Center's emergency room for mental health care.

3.    On or about November 25, 1998 Tiffany M. Slee, a minor, then age 16, was a patient at Hoffman Estates Medical Center in Elk Grove Village, Cook County, Illinois.

4.    On or about November 25, 1998 Tiffany M. Slee, a minor, then age 16, was rendered medical care by Psychiatric Hospital Company, Inc.d/b/a Woodland Hospital at Hoffman Estates Medical Center.

5.    On or about December 22, 1998 Tiffany M. Slee, a minor, age 17, was admitted to Hoffman Estates Medical Center in Elk Grove Village, Cook County, Illinois.

6.    On or about December 22, 1998 Tiffany M. Slee, a minor, age 17, was a patient at Hoffman Estates Medical Center in Elk Grove Village, Cook County, Illinois.

7.    On or about December 22, 1998 Tiffany M. Slee, a minor, age 17, was rendered medical care by Psychiatric Hospital Company, Inc. d/b/a Woodland Hospital at Hoffman Estates Medical Center.



8.    On or about April 3, 1999, Tiffany M. Slee, a minor, age 17, walked onto Golf Road and collided with an automobile which was traveling in a westerly direction at or near 2560 Golf Road in Hoffman Estates, Cook County, Illinois.

9.    On or about April 4, 1999 Tiffany M. Slee, a minor, age 17, died.

10.   On or about December 22, 1998 and December 22, 1998, Psychiatric Hospital Company, Inc. d/b/a Woodland Hospital owed a duty to Tiffany M. Slee which was consistent with the standard of practice of medical care for a hospital which is rendering medical care to a patient with signs and symptoms of depression and suicidal behavior.

11.   Notwithstanding its aforementioned duty, Psychiatric Hospital Company, Inc. d/b/a Woodland Hospital breached its duty to Tiffany M. Slee, Deceased, by rendering medical care to her which was deficient and did not meet the standard practice of medical care for a hospital which is rendering medical care to a patient with signs and symptoms of depression and suicidal behavior; thereby causing Tiffany M. Slee to suffer terminal injury as set forth in the reviewing healthcare professionals' report which is incorporated by reference herein and which is attached hereto as Exhibit "B".

12.   As a direct and proximate result of the aforementioned acts and/or omissions by Psychiatric Hospital Company, Inc. d/b/a Woodland Hospital, Tiffany M. Slee was terminally injured, suffered pain and died.

13.   Tiffany M. Slee left surviving as her heirs the following next of kin: her parents Julie and Michael Slee, her brothers Byron and William Slee, who by reason of Tiffany M. Slee's death have lost experiences to be treasured and valued which would have occurred.

Wherefore, Plaintiffs, Michael Slee, Independent Administrator of the Estate of Tiffany M. Slee, Deceased, and Julie Slee and Michael Slee, Individually, pray for judgment against Defendant, Psychiatric Hospital Company, Inc. d/b/a Woodland Hospital, in an amount in excess of $50,000.00 plus the costs of bringing this action.

### COUNT VI - PSYCHIATRIC HOSPITAL COMPANY, INC. d/b/a WOODLAND HOSPITAL - MEDICAL, HOSPITAL AND FUNERAL EXPENSES

1.    On or about November 25, 1998 Tiffany M. Slee, a minor, then age 16, was admitted to Hoffman Estates Medical Center's emergency room for mental health care.

2.    On or about November 25, 1998 Tiffany M. Slee, a minor, then age 16, was admitted to Hoffman Estates Medical Center's emergency room for mental health care.

3.    On or about November 25, 1998 Tiffany M. Slee, a minor, then age 16, was a patient at Hoffman Estates Medical Center in Elk Grove Village, Cook County, Illinois.

4.    On or about November 25, 1998 Tiffany M. Slee, a minor, then age 16, was rendered medical care by Psychiatric Hospital Company, Inc.d/b/a Woodland Hospital at Hoffman Estates Medical Center.





5.   On or about December 22, 1998 Tiffany M. Slee, a minor, age 17, was admitted to Hoffman Estates Medical Center in Elk Grove Village, Cook County, Illinois.

6.   On or about December 22, 1998 Tiffany M. Slee, a minor, age 17, was a patient at Hoffman Estates Medical Center in Elk Grove Village, Cook County, Illinois.

7.   On or about December 22, 1998 Tiffany M. Slee, a minor, age 17, was rendered medical care by Psychiatric Hospital Company, Inc. d/b/a Woodland Hospital at Hoffman Estates Medical Center.

8.   On or about April 3, 1999, Tiffany M. Slee, a minor, age 17, walked onto Golf Road and collided with an automobile which was traveling in a westerly direction at or near 2560 Golf Road in Hoffman Estates, Cook County, Illinois.

9.   On or about April 4, 1999 Tiffany M. Slee, a minor, age 17, died.

10.   On or about December 22, 1998 and December 22, 1998, Psychiatric Hospital Company, Inc. d/b/a Woodland Hospital owed a duty to Tiffany M. Slee which was consistent with the standard of practice of medical care for a hospital which is rendering medical care to a patient with signs and symptoms of depression and suicidal behavior.

11.   On or about April 4, 1999 Tiffany M. Slee, a minor, age 17, died.

12.   On or about November 25, 1998 and December 22, 1998, Psychiatric Hospital Company, Inc. d/b/a Hoffman Estates Medical Center owed a duty to Tiffany M. Slee which was consistent with the standard of practice of medical care for a hospital which is rendering medical care to a patient with signs and symptoms of depression and suicidal behavior.

13.   Notwithstanding its aforementioned duty, Psychiatric Hospital Company, Inc. d/b/a Woodland Hospital breached its duty to Tiffany M. Slee, Deceased, by rendering medical care to her which was deficient and did not meet the standard practice of medical care for a hospital which is rendering medical care to a patient with signs and symptoms of depression and suicidal behavior; thereby causing Tiffany M. Slee to suffer terminal injury as set forth in the reviewing healthcare professionals' report which is incorporated by reference herein and which is attached hereto as Exhibit "B".

14.   As a direct and proximate result of the aforementioned acts and/or omissions by Hoffman Estates Medical Center, Tiffany M. Slee was terminally injured, suffered pain and died.

15.   On April 4, 1999 Julie and Michael Slee were the parents and natural guardians of Tiffany M. Slee.

16.   As a direct and proximate result of Tiffany M. Slee's death, Julie and Michael Slee became responsible for the payment of Tiffany M. Slee's medical, hospital, and funeral expenses.



Wherefore, Plaintiffs, Michael Slee, Independent Administrator of the Estate of Tiffany M. Slee, Deceased, and Julie Slee and Michael Slee, Individually, pray for judgment against Defendant, Psychiatric Hospital Company, Inc. d/b/a Woodland Hospital, in the amount of medical, hospital and funeral expenses plus the costs of bringing this action.

### COUNT VII - VILLAGE OF SCHAUMBURG - NEGLIGENCE - LARRY FRANK

1.   This cause of action is brought pursuant to the Illinois Survival Act 735 ILCS 5/27-6.

2.   From on or about October 17, 1996 to on or about December 18, 1998 the Village of Schaumburg operated the Schaumburg Family Counseling Center.

3.   From on or about October 17, 1996 to on or about December 18, 1998 the Village of Schaumburg employed Larry Frank at the Schaumburg Family Counseling Center.

4.   From on or about October 17, 1996 to on or about December 18, 1998 Tiffany M. Slee engaged in counseling sessions with Village of Schaumburg employee Larry Frank at the Village of Schaumburg Family Counseling Center.

5.   On or about April 3, 1999, Tiffany M. Slee, a minor, age 17, walked onto Golf Road and collided with an automobile which was traveling in a westerly direction at or near 2560 Golf Road in Hoffman Estates, Cook County, Illinois.

6.   On or about April 4, 1999 Tiffany M. Slee, a minor, age 17, died.

7.   From on or about October 17, 1996 to on or about December 18, 1998 the Village of Schaumburg, acting through its duly authorized employee, Larry Frank, owed a duty to Tiffany M. Slee which was consistent with the standard of practice of counseling care for a counseling center which is providing counseling care to a counselee with signs and symptoms of depression and suicidal behavior.

8.   Notwithstanding its aforementioned duty, the Village of Schaumburg, acting through its duly authorized employee, Larry Frank, breached its duty to Tiffany M. Slee, Deceased, by rendering counseling to her which was deficient and did not meet the standard practice of counseling care for a counseling center which is rendering counseling care to a counselee with signs and symptoms of depression and suicidal behavior; thereby causing Tiffany M. Slee to suffer terminal injury as set forth in the reviewing healthcare professionals' report which is incorporated by reference herein and which is attached hereto as Exhibit "B".

9.   As a direct and proximate result of the aforementioned acts and/or omissions by the Village of Schaumburg, acting through its duly authorized employee, Larry Frank, Tiffany M. Slee was terminally injured and suffered pain.

Wherefore, Plaintiffs, Michael Slee, Independent Administrator of the Estate of Tiffany M. Slee, Deceased, and Julie Slee and Michael Slee, Individually, in an amount in excess of $50,000.00 plus the costs of bringing this action.

## COUNT VIII - VILLAGE OF SCHAUMBURG - WRONGFUL DEATH - LARRY FRANK

1. This cause of action is brought pursuant to the Illinois Wrongful Death Act 740 ILCS 180/1 and 180/2.

2. From on or about October 17, 1996 to on or about December 18, 1998 the Village of Schaumburg operated the Schaumburg Family Counseling Center.

3. From on or about October 17, 1996 to on or about December 18, 1998 the Village of Schaumburg employed Larry Frank at the Schaumburg Family Counseling Center.

4. From on or about October 17, 1996 to on or about December 18, 1998 Tiffany M. Slee engaged in counseling sessions with Village of Schaumburg employee Larry Frank at the Schaumburg Family Counseling Center.

5. On or about April 3, 1999, Tiffany M. Slee, a minor, age 17, walked onto Golf Road and collided with an automobile which was traveling in a westerly direction at or near 2560 Golf Road in Hoffman Estates, Cook County, Illinois.

6. On or about April 4, 1999 Tiffany M. Slee, a minor, age 17, died.

7. From on or about October 17, 1996 to on or about December 18, 1998 the Village of Schaumburg owed a duty to Tiffany M. Slee which was consistent with the standard of practice of medical care for a counseling center which is providing counseling care to a counselee with signs and symptoms of depression and suicidal behavior.

8. Notwithstanding its aforementioned duty, the Village of Schaumburg, acting through its duly authorized employee Larry Frank, breached its duty to Tiffany M. Slee, Deceased, by rendering counseling to her which was deficient and did not meet the standard practice of counseling care for a counseling center which is rendering counseling care to a counselee with signs and symptoms of depression and suicidal behavior; thereby causing Tiffany M. Slee to suffer terminal injury as set forth in the reviewing healthcare professionals' report which is incorporated by reference herein and which is attached hereto as Exhibit "B".

9. As a direct and proximate result of the Village of Schaumburg, acting through its duly authorized employee, Larry Frank, Tiffany M. Slee was terminally injured, suffered pain and died.

10. Tiffany M. Slee left surviving as her heirs the following next of kin: her parents Julie and Michael Slee, her brothers Byron and William Slee, who by reason of Tiffany M. Slee's death have lost experiences to be treasured and valued which would have occurred.

Wherefore, Plaintiffs, Michael Slee, Independent Administrator of the Estate of Tiffany M. Slee, Deceased, and Julie Slee and Michael Slee, Individually, pray for judgment against Defendant, Village of Schaumburg, in an amount in excess of $50,000.00 plus the costs of bringing this action.

10

 

## COUNT IX - VILLAGE OF SCHAUMBURG -
## MEDICAL, HOSPITAL AND FUNERAL EXPENSES - LARRY FRANK

1. From on or about October 17, 1996 to on or about December 18, 1998 the Village of Schaumburg operated the Schaumburg Family Counseling Center.

2. From on or about October 17, 1996 to on or about December 18, 1998 the Village of Schaumburg employed Larry Frank at the Schaumburg Family Counseling Center.

3. From on or about October 17, 1996 to on or about December 18, 1998 Tiffany M. Slee engaged in counseling sessions with Village of Schaumburg employee Larry Frank at the Village of Schaumburg Family Counseling Center.

4. On or about April 3, 1999, Tiffany M. Slee, a minor, age 17, walked onto Golf Road and collided with an automobile which was traveling in a westerly direction at or near 2560 Golf Road in Hoffman Estates, Cook County, Illinois.

5. On or about April 4, 1999 Tiffany M. Slee, a minor, age 17, died.

6. From on or about October 17, 1996 to on or about December 18, 1998 the Village of Schaumburg, acting through its duly authorized employee, Larry Frank, owed a duty to Tiffany M. Slee which was consistent with the standard of practice of counseling care for a counseling center which is providing counseling care to a counselee with signs and symptoms of depression and suicidal behavior.

7. Notwithstanding its aforementioned duty, the Village of Schaumburg, acting through its duly authorized employee, Larry Frank, breached its duty to Tiffany M. Slee, Deceased, by rendering counseling to her which was deficient and did not meet the standard practice of counseling care for a counseling center which is rendering counseling care to a counselee with signs and symptoms of depression and suicidal behavior; thereby causing Tiffany M. Slee to suffer terminal injury as set forth in the reviewing healthcare professionals' report which is incorporated by reference herein and which is attached hereto as Exhibit "B".

8. As a direct and proximate result of the aforementioned acts and/or omissions by the Village of Schaumburg, acting through its duly authorized employee Larry Frank, Tiffany M. Slee was terminally injured, suffered pain and died.

9. On April 4, 1999 Julie and Michael Slee were the parents and natural guardians of Tiffany M. Slee.

10. As a direct and proximate result of Tiffany M. Slee's death, Julie and Michael Slee became responsible for the payment of Tiffany M. Slee's medical, hospital, and funeral expenses.

Wherefore, Plaintiffs, Michael Slee, Independent Administrator of the Estate of Tiffany M. Slee, Deceased, and Julie Slee and Michael Slee, Individually, pray for judgment against Defendant, Village of Schaumburg, in the amount of medical, hospital and funeral expenses plus the costs of bringing this action.

 

### COUNT X - LARRY FRANK - NEGLIGENCE

1. This cause of action is brought pursuant to the Illinois Survival Act 735 ILCS 5/27-6.

2. From on or about October 17, 1996 to on or about December 18, 1998 the Village of Schaumburg operated the Schaumburg Family Counseling Center.

3. From on or about October 17, 1996 to on or about December 18, 1998 the Village of Schaumburg employed Larry Frank at the Schaumburg Family Counseling Center.

4. From on or about October 17, 1996 to on or about December 18, 1998 Tiffany M. Slee engaged in counseling sessions with Village of Schaumburg employee Larry Frank at the Village of Schaumburg Family Counseling Center.

5. On or about April 3, 1999, Tiffany M. Slee, a minor, age 17, walked onto Golf Road and collided with an automobile which was traveling in a westerly direction at or near 2560 Golf Road in Hoffman Estates, Cook County, Illinois.

6. On or about April 4, 1999 Tiffany M. Slee, a minor, age 17, died.

7. From on or about October 17, 1996 to on or about December 18, 1998 Larry Frank owed a duty to Tiffany M. Slee which was consistent with the standard of practice of counseling care for a counselor who is providing counseling care to a counselee with signs and symptoms of depression and suicidal behavior.

8. Notwithstanding its aforementioned duty, Larry Frank breached his duty to Tiffany M. Slee, Deceased, by rendering counseling to her which was deficient and did not meet the standard practice of counseling care for a counselor who is rendering counseling care to a counselee with signs and symptoms of depression and suicidal behavior; thereby causing Tiffany M. Slee to suffer terminal injury as set forth in the reviewing healthcare professionals' report which is incorporated by reference herein and which is attached hereto as Exhibit "B".

9. As a direct and proximate result of the aforementioned acts and/or omissions by Larry Frank, Tiffany M. Slee was terminally injured, suffered pain and died.

Wherefore, Plaintiffs, Michael Slee, Independent Administrator of the Estate of Tiffany M. Slee, Deceased, and Julie Slee and Michael Slee, Individually, pray for judgment against Defendant, Larry Frank, in an amount in excess of $50,000.00 plus the costs of bringing this action.

### COUNT XI - LARRY FRANK - WRONGFUL DEATH

1. This cause of action is brought pursuant to the Illinois Wrongful Death Act 740 ILCS 180/1 and 180/2.

 

2.     From on or about October 17, 1996 to on or about December 18, 1998 the Village of Schaumburg operated the Schaumburg Family Counseling Center.

3.     From on or about October 17, 1996 to on or about December 18, 1998 the Village of Schaumburg employed Larry Frank at the Schaumburg Family Counseling Center.

4.     From on or about October 17, 1996 to on or about December 18, 1998 Tiffany M. Slee engaged in counseling sessions with Village of Schaumburg employee Larry Frank at the Village of Schaumburg Family Counseling Center.

5.     On or about April 3, 1999, Tiffany M. Slee, a minor, age 17, walked onto Golf Road and collided with an automobile which was traveling in a westerly direction at or near 2560 Golf Road in Hoffman Estates, Cook County, Illinois.

6.     On or about April 4, 1999 Tiffany M. Slee, a minor, age 17, died.

7.     From on or about October 17, 1996 to on or about December 18, 1998 Larry Frank owed a duty to Tiffany M. Slee which was consistent with the standard of practice of medical care for a counselor who is providing counseling care to a counselee with signs and symptoms of depression and suicidal behavior.

8.     Notwithstanding its aforementioned duty, Larry Frank breached his duty to Tiffany M. Slee, Deceased, by rendering counseling to her which was deficient and did not meet the standard practice of counseling care for a counselor who is rendering counseling care to a counselee with signs and symptoms of depression and suicidal behavior; thereby causing Tiffany M. Slee to suffer terminal injury as set forth in the reviewing healthcare professionals' report which is incorporated by reference herein and which is attached hereto as Exhibit "B".

9.     As a direct and proximate result of the aforementioned acts and/or omissions by Larry Frank, Tiffany M. Slee was terminally injured, suffered pain and died.

10.    Tiffany M. Slee left surviving as her heirs the following next of kin: her parents Julie and Michael Slee, her brothers Byron and William Slee, who by reason of Tiffany M. Slee's death have lost experiences to be treasured and valued which would have occurred.

        Wherefore,Plaintiffs, Michael Slee, Independent Administrator of the Estate of Tiffany M. Slee, Deceased, and Julie Slee and Michael Slee, Individually, pray for judgment against Defendant, Larry Frank, in an amount in excess of $50,000.00 plus the costs of bringing this action.

## COUNT XII - LARRY FRANK - MEDICAL, HOSPITAL AND FUNERAL EXPENSES

1.     From on or about October 17, 1996 to on or about December 18, 1998 the Village of Schaumburg operated the Schaumburg Family Counseling Center.

2.     From on or about October 17, 1996 to on or about December 18, 1998 the Village of Schaumburg employed Larry Frank at the Schaumburg Family Counseling Center.



3.   From on or about October 17, 1996 to on or about December 18, 1998 Tiffany M. Slee engaged in counseling sessions with Village of Schaumburg employee Larry Frank at the Village of Schaumburg Family Counseling Center.

4.   On or about April 3, 1999, Tiffany M. Slee, a minor, age 17, walked onto Golf Road and collided with an automobile which was traveling in a westerly direction at or near 2560 Golf Road in Hoffman Estates, Cook County, Illinois.

5.   On or about April 4, 1999 Tiffany M. Slee, a minor, age 17, died.

6.   From on or about October 17, 1996 to on or about December 18, 1998 Larry Frank owed a duty to Tiffany M. Slee which was consistent with the standard of practice of counseling care for a counselor who is providing counseling care to a counselee with signs and symptoms of depression and suicidal behavior.

7.   Notwithstanding his aforementioned duty Larry Frank breached his duty to Tiffany M. Slee, Deceased, by rendering counseling to her which was deficient and did not meet the standard practice of counseling care for a counseling center which is rendering counseling care to a counselee with signs and symptoms of depression and suicidal behavior; thereby causing Tiffany M. Slee to suffer terminal injury as set forth in the reviewing healthcare professionals' report which is incorporated by reference herein and which is attached hereto as Exhibit "B".

8.   As a direct and proximate result of the aforementioned acts and/or omissions by Larry Frank, Tiffany M. Slee was terminally injured, suffered pain and died.

9.   On April 4, 1999 Julie and Michael Slee were the parents and natural guardians of Tiffany M. Slee.

10.  As a direct and proximate result of Tiffany M. Slee's death, Julie and Michael Slee became responsible for the payment of Tiffany M. Slee's medical, hospital, and funeral expenses.

    Wherefore, Plaintiffs,Plaintiffs, Michael Slee, Independent Administrator of the Estate of Tiffany M. Slee, Deceased, and Julie Slee and Michael Slee, Individually, pray for judgment against Defendant, Larry Frank, in the amount of medical, hospital and funeral expenses plus the costs of bringing this action.

<u>COUNT XIII - SUBURBAN MEDICAL CENTER AT HOFFMAN ESTATES, INC.,</u>
<u>d/b/a HOFFMAN ESTATES MEDICAL CENTER -  AGENCY - ACTUAL AND/OR APPARENT</u>
<u>- PSYCHIATRIC HOSPITAL COMPANY, INC.</u>
<u>D/B/A WOODLAND HOSPITAL - NEGLIGENCE</u>

1.   This cause of action is brought pursuant to the Illinois Survival Act 735 ILCS 5/27-6.

2.   On or about November 25, 1998 Tiffany M. Slee, a minor, then age 16, was admitted to Hoffman Estates Medical Center's emergency room for mental health care.

 

3.  On or about November 25, 1998 Tiffany M. Slee, a minor, then age 16, was a patient at Hoffman Estates Medical Center in Elk Grove Village, Cook County, Illinois.

4.  On or about November 25, 1998 Tiffany M. Slee, a minor, then age 16, was rendered medical care by Suburban Medical Center At Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center.

5.  On or about December 22, 1998 Tiffany M. Slee, a minor, age 17, was admitted to Hoffman Estates Medical Center in Elk Grove Village, Cook County, Illinois.

6.  On or about December 22, 1998 Tiffany M. Slee, a minor, age 17, was a patient at Hoffman Estates Medical Center in Elk Grove Village, Cook County, Illinois.

7.  On or about December 22, 1998 Tiffany M. Slee, a minor, then age 16, was rendered medical care by Suburban Medical Center At Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center.

8.  On or about April 3, 1999, Tiffany M. Slee, a minor, age 17, walked onto Golf Road and collided with an automobile which was traveling in a westerly direction at or near 2560 Golf Road in Hoffman Estates, Cook County, Illinois.

9.  On or about April 4, 1999 Tiffany M. Slee, a minor, age 17, died.

10.  On or about November 25, 1998 and December 22, 1998, Suburban Medical Center At Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center, acting through the Woodland Hospital Response Team, it's agent, actual and/or apparent, owed a duty to Tiffany M. Slee which was consistent with the standard of practice of medical care for a hospital which is rendering medical care to a patient with signs and symptoms of depression and suicidal behavior.

11.  Notwithstanding its aforementioned duty, Suburban Medical Center At Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center, acting through the Woodland Hospital Response Team, it's agent, actual and/or apparent, breached its duty to Tiffany M. Slee, Deceased, by rendering medical care to her which was deficient and did not meet the standard practice of medical care for a hospital which is rendering medical care to a patient with signs and symptoms of depression and suicidal behavior; thereby causing Tiffany M. Slee to suffer terminal injury as set forth in the reviewing healthcare professionals' report which is incorporated by reference herein and which is attached hereto as Exhibit "B".

12.  As a direct and proximate result of the aforementioned acts and/or omissions by Suburban Medical Center At Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center, acting through the Woodland Hospital Response Team, it's agent, actual and/or apparent, Tiffany M. Slee was terminally injured and suffered pain.

   Wherefore, Plaintiffs, Michael Slee, Independent Administrator of the Estate of Tiffany M. Slee, Deceased, and Julie Slee and Michael Slee, Individually, pray for judgment against Defendant, Suburban Medical Center At Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center, in an amount in excess of $50,000.00 plus the costs of bringing this action.

## COUNT XIV - SUBURBAN MEDICAL CENTER AT HOFFMAN ESTATES, INC., d/b/a HOFFMAN ESTATES MEDICAL CENTER - AGENCY - ACTUAL AND/OR APPARENT - PSYCHIATRIC HOSPITAL COMPANY, INC. D/B/A WOODLAND HOSPITAL - WRONGFUL DEATH

1.  This cause of action is brought pursuant to the Illinois Wrongful Death Act 740 ILCS 180/1 and 180/2.

2.  On or about November 25, 1998 Tiffany M. Slee, a minor, then age 16, was admitted to Hoffman Estates Medical Center's emergency room for mental health care.

3.  On or about November 25, 1998 Tiffany M. Slee, a minor, then age 16, was a patient at Hoffman Estates Medical Center in Elk Grove Village, Cook County, Illinois.

4.  On or about November 25, 1998 Tiffany M. Slee, a minor, then age 16, was rendered medical care by Hoffman Estates Medical Center.

5.  On or about December 22, 1998 Tiffany M. Slee, a minor, age 17, was admitted to Hoffman Estates Medical Center in Elk Grove Village, Cook County, Illinois.

6.  On or about December 22, 1998 Tiffany M. Slee, a minor, age 17, was a patient at Hoffman Estates Medical Center in Elk Grove Village, Cook County, Illinois.

7.  On or about December 22, 1998 Tiffany M. Slee, a minor, age 17, was rendered medical care by Suburban Medical Center At Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center.

8.  On or about April 3, 1999, Tiffany M. Slee, a minor, age 17, walked onto Golf Road and collided with an automobile which was traveling in a westerly direction at or near 2560 Golf Road in Hoffman Estates, Cook County, Illinois.

9.  On or about April 4, 1999 Tiffany M. Slee, a minor, age 17, died.

10. On or about November 25, 1998 and December 22, 1998, Suburban Medical Center At Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center, acting through the Woodland Hospital Response Team, it's agent, actual and/or apparent, owed a duty to Tiffany M. Slee which was consistent with the standard of practice of medical care for a hospital which is rendering medical care to a patient with signs and symptoms of depression and suicidal behavior.

11. Notwithstanding its aforementioned duty, Hoffman Estates Medical Center, acting through the Woodland Hospital Response Team, it's agent, actual and/or apparent, breached its duty to Tiffany M. Slee, Deceased, by rendering medical care to her which was deficient and did not meet the standard practice of medical care for a hospital which is rendering medical care to a patient with signs and symptoms of depression and suicidal behavior; thereby causing Tiffany M. Slee to suffer terminal injury as set forth in the reviewing healthcare professionals' report which is incorporated by reference herein and which is attached hereto as Exhibit "B".

 

12.    As a direct and proximate result of the aforementioned acts and/or omissions by Suburban Medical Center At Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center, acting through the Woodland Hospital Response Team, it's agent, actual and/or apparent, Tiffany M. Slee was terminally injured, suffered pain and died.

13.    Tiffany M. Slee left surviving as her heirs the following next of kin: her parents Julie Slee and Michael Slee, her brothers Byron and William Slee, who by reason of Tiffany M. Slee's death have lost experiences to be treasured and valued which would have occurred.

Wherefore, Plaintiffs,Michael Slee, Independent Administrator of the Estate of Tiffany M. Slee, Deceased, and Julie Slee and Michael Slee, Individually, pray for judgment against Defendant, Suburban Medical Center At Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center, in an amount in excess of $50,000.00 plus the costs of bringing this action.

<u>COUNT XV - SUBURBAN MEDICAL CENTER AT HOFFMAN ESTATES, INC.,</u>
<u>d/b/a HOFFMAN ESTATES MEDICAL CENTER -</u>
<u>AGENCY - ACTUAL AND/OR APPARENT - PSYCHIATRIC HOSPITAL COMPANY, INC.</u>
<u>D/B/A WOODLAND HOSPITAL - MEDICAL, HOSPITAL AND FUNERAL EXPENSES</u>

1.    On or about November 25, 1998 Tiffany M. Slee, a minor, then age 16, was admitted to Hoffman Estates Medical Center's emergency room for mental health care.

2.    On or about November 25, 1998 Tiffany M. Slee, a minor, then age 16, was a patient at Hoffman Estates Medical Center in Elk Grove Village, Cook County, Illinois.

3.    On or about November 25, 1998 Tiffany M. Slee, a minor, then age 16, was rendered medical care by Suburban Medical Center At Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center.

4.    On or about December 22, 1998 Tiffany M. Slee, a minor, age 17, was admitted to Hoffman Estates Medical Center in Elk Grove Village, Cook County, Illinois.

5.    On or about December 22, 1998 Tiffany M. Slee, a minor, age 17, was a patient at Hoffman Estates Medical Center in Elk Grove Village, Cook County, Illinois.

6.    On or about December 22, 1998 Tiffany M. Slee, a minor, then age 16, was rendered medical care by Suburban Medical Center At Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center.

7.    On or about April 3, 1999, Tiffany M. Slee, a minor, age 17, walked onto Golf Road and collided with an automobile which was traveling in a westerly direction at or near 2560 Golf Road in Hoffman Estates, Cook County, Illinois.

8.    On or about April 4, 1999 Tiffany M. Slee, a minor, age 17, died.

9.    On or about November 25, 1998 and December 22, 1998, Suburban Medical Center At Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center, acting through the Woodland Hospital Response Team, its agent actual and/or apparent, owed a duty to



Tiffany M. Slee which was consistent with the standard of practice of medical care for a hospital which is rendering medical care to a patient with signs and symptoms of depression and suicidal behavior.

10.     Notwithstanding its aforementioned duty, Suburban Medical Center At Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center, acting through the Woodland Hospital Response Team, it's agent, actual and/or apparent, breached its duty to Tiffany M. Slee, Deceased, by rendering medical care to her which was deficient and did not meet the standard practice of medical care for a hospital which is rendering medical care to a patient with signs and symptoms of depression and suicidal behavior; thereby causing Tiffany M. Slee to suffer terminal injury as set forth in the reviewing healthcare professionals' report which is incorporated by reference herein and which is attached hereto as Exhibit "B".

11.     As a direct and proximate result of the aforementioned acts and/or omissions by Suburban Medical Center At Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center acting through the Woodland Hospital Response Team, it's agent, actual and/or apparent, Tiffany M. Slee was terminally injured, suffered pain and died.

12.     On April 4, 1999 Julie and Michael Slee were the parents and natural guardians of Tiffany M. Slee.

13.     As a direct and proximate result of Tiffany M. Slee's death, Julie and Michael Slee became responsible for the payment of Tiffany M. Slee's medical, hospital, and funeral expenses.

        Wherefore, Plaintiffs, Michael Slee, Independent Administrator of the Estate of Tiffany M. Slee, Deceased, and Julie Slee and Michael Slee, Individually, pray for judgment against Defendant, Suburban Medical Center At Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center, in the amount of medical, hospital and funeral expenses plus the costs of bringing this action.

COUNT XVI - PSYCHIATRIC HOSPITAL COMPANY, INC.
d/b/a WOODLAND HOSPITAL - NEGLIGENCE - AGENCY - ACTUAL AND/OR APPARENT -
SUBURBAN MEDICAL CENTER AT HOFFMAN ESTATES, INC., D/B/A HOFFMAN
ESTATES MEDICAL CENTER - NEGLIGENCE

1.      This cause of action is brought pursuant to the Illinois Survival Act 735 ILCS 5/27-6.

2.      On or about November 25, 1998 Tiffany M. Slee, a minor, then age 16, was admitted to Hoffman Estates Medical Center's emergency room for mental health care.

3.      On or about November 25, 1998 Tiffany M. Slee, a minor, then age 16, was a patient at Hoffman Estates Medical Center in Elk Grove Village, Cook County, Illinois.

4.      On or about November 25, 1998 Tiffany M. Slee, a minor, then age 16, was rendered medical care by Psychiatric Hospital Company, Inc.d/b/a Woodland Hospital at Hoffman Estates Medical Center.



5.  On or about December 22, 1998 Tiffany M. Slee, a minor, age 17, was admitted to Hoffman Estates Medical Center in Elk Grove Village, Cook County, Illinois.

6.  On or about December 22, 1998 Tiffany M. Slee, a minor, age 17, was a patient at Hoffman Estates Medical Center in Elk Grove Village, Cook County, Illinois.

7.  On or about December 22, 1998 Tiffany M. Slee, a minor, age 17, was rendered medical care by Psychiatric Hospital Company, Inc. d/b/a Woodland Hospital at Hoffman Estates Medical Center.

8.  On or about April 3, 1999, Tiffany M. Slee, a minor, age 17, walked onto Golf Road and collided with an automobile which was traveling in a westerly direction at or near 2560 Golf Road in Hoffman Estates, Cook County, Illinois.

9.  On or about April 4, 1999 Tiffany M. Slee, a minor, age 17, died.

10. On or about November 25, 1998 and December 22, 1998, Psychiatric Hospital Company, Inc. d/b/a Woodland Hospital acting through the Suburban Medical Center at Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center, it's agent, actual and/or apparent, owed a duty to Tiffany M. Slee which was consistent with the standard of practice of medical care for a hospital which is rendering medical care to a patient with signs and symptoms of depression and suicidal behavior.

11. Notwithstanding its aforementioned duty, Psychiatric Hospital Company, Inc. d/b/a Woodland Hospital, acting through the Suburban Medical Center at Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center, it's agent, actual and/or apparent, breached its duty to Tiffany M. Slee, Deceased, by rendering medical care to her which was deficient and did not meet the standard practice of medical care for a hospital which is rendering medical care to a patient with signs and symptoms of depression and suicidal behavior; thereby causing Tiffany M. Slee to suffer terminal injury as set forth in the reviewing healthcare professionals' report which is incorporated by reference herein and which is attached hereto as Exhibit "B".

12. As a direct and proximate result of the aforementioned acts and/or omissions by Psychiatric Hospital Company, Inc. d/b/a Woodland Hospital, acting through the Suburban Medical Center at Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center, it's agent, actual and/or apparent, Tiffany M. Slee was terminally injured and suffered pain.

Wherefore, Plaintiffs, Michael Slee, Independent Administrator of the Estate of Tiffany M. Slee, Deceased, and Julie Slee and Michael Slee, Individually, pray for judgment against Defendant, Psychiatric Hospital Company, Inc. d/b/a Woodland Hospital, in an amount in excess of $50,000.00 plus the costs of bringing this action.

 

COUNT XVII - PSYCHIATRIC HOSPITAL COMPANY, INC.<br/>
d/b/a WOODLAND HOSPITAL - WRONGFUL DEATH - AGENCY - ACTUAL AND/OR<br/>
APPARENT - SUBURBAN MEDICAL CENTER AT HOFFMAN ESTATES, INC., D/B/A<br/>
HOFFMAN ESTATES MEDICAL CENTER - WRONGFUL DEATH

1.   This cause of action is brought pursuant to the Illinois Wrongful Death Act 740 ILCS 180/1 and 180/2.

2.   On or about November 25, 1998 Tiffany M. Slee, a minor, then age 16, was admitted to Hoffman Estates Medical Center's emergency room for mental health care.

3.   On or about November 25, 1998 Tiffany M. Slee, a minor, then age 16, was a patient at Hoffman Estates Medical Center in Elk Grove Village, Cook County, Illinois.

4.   On or about November 25, 1998 Tiffany M. Slee, a minor, then age 16, was rendered medical care by Psychiatric Hospital Company, Inc.d/b/a Woodland Hospital at Hoffman Estates Medical Center.

5.   On or about December 22, 1998 Tiffany M. Slee, a minor, age 17, was admitted to Hoffman Estates Medical Center in Elk Grove Village, Cook County, Illinois.

6.   On or about December 22, 1998 Tiffany M. Slee, a minor, age 17, was a patient at Hoffman Estates Medical Center in Elk Grove Village, Cook County, Illinois.

7.   On or about December 22, 1998 Tiffany M. Slee, a minor, age 17, was rendered medical care by Psychiatric Hospital Company, Inc. d/b/a Woodland Hospital at Hoffman Estates Medical Center.

8.   On or about April 3, 1999, Tiffany M. Slee, a minor, age 17, walked onto Golf Road and collided with an automobile which was traveling in a westerly direction at or near 2560 Golf Road in Hoffman Estates, Cook County, Illinois.

9.   On or about April 4, 1999 Tiffany M. Slee, a minor, age 17, died.

10.  On or about November 25, 1998 and December 22, 1998, Psychiatric Hospital Company, Inc. d/b/a Woodland Hospital, acting through the Suburban Medical Center at Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center, it's agent, actual and/or apparent, owed a duty to Tiffany M. Slee which was consistent with the standard of practice of medical care for a hospital which is rendering medical care to a patient with signs and symptoms of depression and suicidal behavior.

11.  Notwithstanding its aforementioned duty, Psychiatric Hospital Company, Inc. d/b/a Woodland Hospital, acting through the Suburban Medical Center at Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center, it's agent, actual and/or apparent, breached its duty to Tiffany M. Slee, Deceased, by rendering medical care to her which was deficient and did not meet the standard practice of medical care for a hospital which is rendering medical care to a patient with signs and symptoms of depression and suicidal behavior; thereby causing Tiffany M. Slee to suffer terminal injury as set

 

forth in the reviewing healthcare professionals' report which is incorporated by reference herein and which is attached hereto as Exhibit "B".

12.    As a direct and proximate result of the aforementioned acts and/or omissions by Psychiatric Hospital Company, Inc. d/b/a Woodland Hospital, acting through the Suburban Medical Center at Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center, it's agent, actual and/or apparent, Tiffany M. Slee was terminally injured, suffered pain and died.

13.    Tiffany M. Slee left surviving as her heirs the following next of kin: her parents Julie and Michael Slee, her brothers Byron and William Slee, who by reason of Tiffany M. Slee's death have lost experiences to be treasured and valued which would have occurred.

Wherefore, Plaintiffs,Michael Slee, Independent Administrator of the Estate of Tiffany M. Slee, Deceased, and Julie Slee and Michael Slee, Individually, pray for judgment against Defendant, Psychiatric Hospital Company, Inc. d/b/a Woodland Hospital, in an amount in excess of $50,000.00 plus the costs of bringing this action.

<u>COUNT XVIII - PSYCHIATRIC HOSPITAL COMPANY, INC.</u>
<u>d/b/a WOODLAND HOSPITAL - AGENCY, ACTUAL AND/OR APPARENT -</u>
<u>SUBURBAN MEDICAL CENTER AT HOFFMAN ESTATES, INC. D/B/A HOFFMAN ESTATES</u>
<u>MEDICAL CENTER - MEDICAL, HOSPITAL AND FUNERAL EXPENSES</u>

1.    On or about November 25, 1998 Tiffany M. Slee, a minor, then age 16, was admitted to Hoffman Estates Medical Center's emergency room for mental health care.

2.    On or about November 25, 1998 Tiffany M. Slee, a minor, then age 16, was admitted to Hoffman Estates Medical Center's emergency room for mental health care.

3.    On or about November 25, 1998 Tiffany M. Slee, a minor, then age 16, was a patient at Hoffman Estates Medical Center in Elk Grove Village, Cook County, Illinois.

4.    On or about November 25, 1998 Tiffany M. Slee, a minor, then age 16, was rendered medical care by Psychiatric Hospital Company, Inc.d/b/a Woodland Hospital at Hoffman Estates Medical Center.

5.    On or about December 22, 1998 Tiffany M. Slee, a minor, age 17, was admitted to Hoffman Estates Medical Center in Elk Grove Village, Cook County, Illinois.

6.    On or about December 22, 1998 Tiffany M. Slee, a minor, age 17, was a patient at Hoffman Estates Medical Center in Elk Grove Village, Cook County, Illinois.

7.    On or about December 22, 1998 Tiffany M. Slee, a minor, age 17, was rendered medical care by Psychiatric Hospital Company, Inc. d/b/a Woodland Hospital at Hoffman Estates Medical Center.

8.    On or about April 3, 1999, Tiffany M. Slee, a minor, age 17, walked onto Golf Road and collided with an automobile which was traveling in a westerly direction at or near 2560 Golf Road in Hoffman Estates, Cook County, Illinois.

 

9.  On or about April 4, 1999 Tiffany M. Slee, a minor, age 17, died.

10. On or about November 25, 1998 and December 22, 1998, Psychiatric Hospital Company, Inc. d/b/a Woodland Hospital, acting through the Suburban Medical Center at Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center, it's agent, actual and/or apparent, owed a duty to Tiffany M. Slee which was consistent with the standard of practice of medical care for a hospital which is rendering medical care to a patient with signs and symptoms of depression and suicidal behavior.

11. On or about April 4, 1999 Tiffany M. Slee, a minor, age 17, died.

12. On or about November 25, 1998 and December 22, 1998, Psychiatric Hospital Company, Inc. d/b/a Hoffman Estates Medical Center, acting through the Suburban Medical Center at Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center, it's agent, actual and/or apparent, owed a duty to Tiffany M. Slee which was consistent with the standard of practice of medical care for a hospital which is rendering medical care to a patient with signs and symptoms of depression and suicidal behavior.

13. Notwithstanding its aforementioned duty, Psychiatric Hospital Company, Inc. d/b/a Woodland Hospital, acting through the Suburban Medical Center at Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center, it's agent, actual and/or apparent, breached its duty to Tiffany M. Slee, Deceased, by rendering medical care to her which was deficient and did not meet the standard practice of medical care for a hospital which is rendering medical care to a patient with signs and symptoms of depression and suicidal behavior; thereby causing Tiffany M. Slee to suffer terminal injury as set forth in the reviewing healthcare professionals' report which is incorporated by reference herein and which is attached hereto as Exhibit "B".

14. As a direct and proximate result of the aforementioned acts and/or omissions acting through the Suburban Medical Center at Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center, it's agent, actual and/or apparent, Tiffany M. Slee was terminally injured, suffered pain and died.

15. On April 4, 1999 Julie and Michael Slee were the parents and natural guardians of Tiffany M. Slee.

16. As a direct and proximate result of Tiffany M. Slee's death, Julie and Michael Slee became responsible for the payment of Tiffany M. Slee's medical, hospital, and funeral expenses.

Wherefore, Plaintiffs,Michael Slee, Independent Administrator of the Estate of Tiffany M. Slee, Deceased, and Julie Slee and Michael Slee, Individually, pray for judgment against Defendant, Psychiatric Hospital Company, Inc. d/b/a Woodland Hospital, in an amount in excess of $50,000.00 plus the costs of bringing this action..

 

### COUNT XIX - SUBURBAN MEDICAL CENTER AT HOFFMAN ESTATES, INC., d/b/a HOFFMAN ESTATES MEDICAL CENTER - NEGLIGENCE - SPOLIATION

1.  This cause of action is brought pursuant to the Illinois Survival Act 735 ILCS 5/27-6.

2.  On or about November 25, 1998 Tiffany M. Slee, a minor, then age 16, was admitted to Hoffman Estates Medical Center's emergency room for mental health care.

3.  On or about November 25, 1998 Tiffany M. Slee, a minor, then age 16, was a patient at Hoffman Estates Medical Center in Elk Grove Village, Cook County, Illinois.

4.  On or about November 25, 1998 Tiffany M. Slee, a minor, then age 16, was rendered medical care by Suburban Medical Center At Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center.

5.  On or about December 22, 1998 Tiffany M. Slee, a minor, age 17, was admitted to Hoffman Estates Medical Center in Elk Grove Village, Cook County, Illinois.

6.  On or about December 22, 1998 Tiffany M. Slee, a minor, age 17, was a patient at Hoffman Estates Medical Center in Elk Grove Village, Cook County, Illinois.

7.  On or about December 22, 1998 Tiffany M. Slee, a minor, then age 16, was rendered medical care by Suburban Medical Center At Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center.

8.  On or about April 3, 1999, Tiffany M. Slee, a minor, age 17, walked onto Golf Road and collided with an automobile which was traveling in a westerly direction at or near 2560 Golf Road in Hoffman Estates, Cook County, Illinois.

9.  On or about April 4, 1999 Tiffany M. Slee, a minor, age 17, died.

10. On or about November 25, 1998 and December 22, 1998, Suburban Medical Center At Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center owed a duty to Tiffany M. Slee which was consistent with the standard of practice of medical care for a hospital which is rendering medical care to a patient with signs and symptoms of depression and suicidal behavior.

11. Notwithstanding its aforementioned duty, Suburban Medical Center At Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center breached its duty to Tiffany M. Slee, Deceased, by rendering medical care to her which was deficient and did not meet the standard practice of medical care for a hospital which is rendering medical care to a patient with signs and symptoms of depression and suicidal behavior; thereby causing Tiffany M. Slee to suffer terminal injury as set forth in the reviewing healthcare professionals' report which is incorporated by reference herein and which is attached hereto as Exhibit "B".

12.     As a direct and proximate result of the aforementioned acts and/or omissions by
        Suburban Medical Center At Hoffman Estates, Inc., d/b/a Hoffman Estates Medical
        Center, Tiffany M. Slee was terminally injured and suffered pain.

13.     At all times material herein and material hereto, Suburban Medical Center at
        Hoffman Estates, Inc. d/b/a Hoffman Estates Medical Center, owed a duty to Michael
        Slee, Independent Administrator of the Estate of Tiffany M. Slee, Deceased, and Julie
        Slee and Michael Slee, Individually pursuant to ILCS 210 85/6.17. (c) Protection
        of and Confidential Access to Medical Records and Information to preserve her
        medical records for not less than 10 years.

14.     Notwithstanding it's aforementioned duty, Suburban Medical Center at
        Hoffman Estates, Inc. d/b/a Hoffman Estates Medical Center, breached it's duty
        to Michael Slee, Independent Administrator of the Estate of Tiffany M. Slee,
        Deceased, and Julie Slee and Michael Slee, Individually by failing to preserve the
        aforementioned evidence which a reasonable person in Suburban Medical Center at
        Hoffman Estates, Inc. d/b/a Hoffman Estates Medical Center's position should have
        foreseen was essential to potential civil actions as set forth in ILCS 210 85/6.17. (c);
        specifically, Tiffany M. Slee's Respond Assessment, Intake, and Discharge Forms
        for November 25, 1998 and December 22, 1998.

15.     As a direct and proximate result of Suburban Medical Center at Hoffman Estates, Inc.
        d/b/a Hoffman Estates Medical Center's spoliation of the aforesaid essential evidence,
        Plaintiffs' have been irrevocably damaged in their ability to prove their case because
        their case, due to Suburban Medical Center at Hoffman Estates, Inc. d/b/a Hoffman
        Estates Medical Center's spoliation, is based on less than all of the essential evidence.

        Wherefore, Plaintiffs, Michael Slee, Independent Administrator of the Estate of Tiffany
M. Slee, Deceased, and Julie Slee and Michael Slee, Individually, pray for judgment against
Defendant, Suburban Medical Center At Hoffman Estates, Inc., d/b/a Hoffman Estates Medical
Center, in an amount in excess of $50,000.00 plus the costs of bringing this action.

        COUNT XX - SUBURBAN MEDICAL CENTER AT HOFFMAN ESTATES, INC.,
    d/b/a HOFFMAN ESTATES MEDICAL CENTER - WRONGFUL DEATH - SPOLIATION

1.      This cause of action is brought pursuant to the Illinois Wrongful Death Act 740 ILCS
        180/1 and 180/2.

2.      On or about November 25, 1998 Tiffany M. Slee, a minor, then age 16, was admitted to
        Hoffman Estates Medical Center's emergency room for mental health care.

3.      On or about November 25, 1998 Tiffany M. Slee, a minor, then age 16, was a patient at
        Hoffman Estates Medical Center in Elk Grove Village, Cook County, Illinois.

4.      On or about November 25, 1998 Tiffany M. Slee, a minor, then age 16, was rendered
        medical care by Hoffman Estates Medical Center.

5.      On or about December 22, 1998 Tiffany M. Slee, a minor, age 17, was admitted to
        Hoffman Estates Medical Center in Elk Grove Village, Cook County, Illinois.



6.   On or about December 22, 1998 Tiffany M. Slee, a minor, age 17, was a patient at Hoffman Estates Medical Center in Elk Grove Village, Cook County, Illinois.

7.   On or about December 22, 1998 Tiffany M. Slee, a minor, age 17, was rendered medical care by Suburban Medical Center At Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center.

8.   On or about April 3, 1999, Tiffany M. Slee, a minor, age 17, walked onto Golf Road and collided with an automobile which was traveling in a westerly direction at or near 2560 Golf Road in Hoffman Estates, Cook County, Illinois.

9.   On or about April 4, 1999 Tiffany M. Slee, a minor, age 17, died.

10.  On or about November 25, 1998 and December 22, 1998, Suburban Medical Center at Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center owed a duty to Tiffany M. Slee which was consistent with the standard of practice of medical care for a hospital which is rendering medical care to a patient with signs and symptoms of depression and suicidal behavior.

11.  Notwithstanding its aforementioned duty, Suburban Medical Center at Hoffman Estates Medical Center breached its duty to Tiffany M. Slee, Deceased, by rendering medical care to her which was deficient and did not meet the standard practice of medical care for a hospital which is rendering medical care to a patient with signs and symptoms of depression and suicidal behavior; thereby causing Tiffany M. Slee to suffer terminal injury as set forth in the reviewing healthcare professionals' report which is incorporated by reference herein and which is attached hereto as Exhibit "B".

12.  As a direct and proximate result of the aforementioned acts and/or omissions by Suburban Medical Center At Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center, Tiffany M. Slee was terminally injured, suffered pain and died.

13.  Tiffany M. Slee left surviving as her heirs the following next of kin: her parents Julie Slee and Michael Slee, her brothers Byron and William Slee, who by reason of Tiffany M. Slee's death have lost experiences to be treasured and valued which would have occurred.

14.  At all times material herein and material hereto, Suburban Medical Center at Hoffman Estates, Inc. d/b/a Hoffman Estates Medical Center, owed a duty to Michael Slee, Independent Administrator of the Estate of Tiffany M. Slee, Deceased, and Julie Slee and Michael Slee, Individually pursuant to ILCS 210 85/6.17. (c) Protection of and Confidential Access to Medical Records and Information to preserve her medical records for not less than 10 years.

15.· Notwithstanding it's aforementioned duty, Suburban Medical Center at Hoffman Estates, Inc. d/b/a Hoffman Estates Medical Center, breached it's duty to Michael Slee, Independent Administrator of the Estate of Tiffany M. Slee, Deceased, and Julie Slee and Michael Slee, Individually by failing to preserve the aforementioned evidence which a reasonable person in Suburban Medical Center at Hoffman Estates, Inc. d/b/a Hoffman Estates Medical Center's position should have



foreseen was essential to potential civil actions as set forth in ILCS 210 85/6.17. (c); specifically, Tiffany M. Slee's Respond Assessment, Intake, and Discharge Forms for November 25, 1998 and December 22, 1998.

16.   As a direct and proximate result of Suburban Medical Center at Hoffman Estates, Inc. d/b/a Hoffman Estates Medical Center's spoliation of the aforesaid essential evidence, Plaintiffs' have been irrevocably damaged in their ability to prove their case because their case, due to Suburban Medical Center at Hoffman Estates, Inc. d/b/a Hoffman Estates Medical Center's spoliation, is based on less than all of the essential evidence.

Wherefore, Plaintiffs,Michael Slee, Independent Administrator of the Estate of Tiffany M. Slee, Deceased, and Julie Slee and Michael Slee, Individually, pray for judgment against Defendant, Suburban Medical Center At Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center, in an amount in excess of $50,000.00 plus the costs of bringing this action.

### COUNT XXI - SUBURBAN MEDICAL CENTER AT HOFFMAN ESTATES, INC., d/b/a HOFFMAN ESTATES MEDICAL CENTER - MEDICAL, HOSPITAL AND FUNERAL EXPENSES - SPOLIATION

1.   On or about November 25, 1998 Tiffany M. Slee, a minor, then age 16, was admitted to Hoffman Estates Medical Center's emergency room for mental health care.

2.   On or about November 25, 1998 Tiffany M. Slee, a minor, then age 16, was a patient at Hoffman Estates Medical Center in Elk Grove Village, Cook County, Illinois.

3.   On or about November 25, 1998 Tiffany M. Slee, a minor, then age 16, was rendered medical care by Suburban Medical Center At Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center.

4.   On or about December 22, 1998 Tiffany M. Slee, a minor, age 17, was admitted to Hoffman Estates Medical Center in Elk Grove Village, Cook County, Illinois.

5.   On or about December 22, 1998 Tiffany M. Slee, a minor, age 17, was a patient at Hoffman Estates Medical Center in Elk Grove Village, Cook County, Illinois.

6.   On or about December 22, 1998 Tiffany M. Slee, a minor, then age 16, was rendered medical care by Suburban Medical Center At Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center.

7.   On or about April 3, 1999, Tiffany M. Slee, a minor, age 17, walked onto Golf Road and collided with an automobile which was traveling in a westerly direction at or near 2560 Golf Road in Hoffman Estates, Cook County, Illinois.

8.   On or about April 4, 1999 Tiffany M. Slee, a minor, age 17, died.

9.   On or about November 25, 1998 and December 22, 1998, Suburban Medical Center At Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center owed a duty to Tiffany M. Slee which was consistent with the standard of practice of medical care for a hospital



which is rendering medical care to a patient with signs and symptoms of depression and suicidal behavior.

10. Notwithstanding its aforementioned duty, Suburban Medical Center At Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center breached its duty to Tiffany M. Slee, Deceased, by rendering medical care to her which was deficient and did not meet the standard practice of medical care for a hospital which is rendering medical care to a patient with signs and symptoms of depression and suicidal behavior; thereby causing Tiffany M. Slee to suffer terminal injury as set forth in the reviewing healthcare professionals' report which is incorporated by reference herein and which is attached hereto as Exhibit "B".

11. As a direct and proximate result of the aforementioned acts and/or omissions by Suburban Medical Center At Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center, Tiffany M. Slee was terminally injured, suffered pain and died.

12. On April 4, 1999 Julie and Michael Slee were the parents and natural guardians of Tiffany M. Slee.

13. As a direct and proximate result of Tiffany M. Slee's death, Julie and Michael Slee became responsible for the payment of Tiffany M. Slee's medical, hospital, and funeral expenses.

14. At all times material herein and material hereto, Suburban Medical Center at Hoffman Estates, Inc. d/b/a Hoffman Estates Medical Center, owed a duty to Michael Slee, Independent Administrator of the Estate of Tiffany M. Slee, Deceased, and Julie Slee and Michael Slee, Individually pursuant to ILCS 210 85/6.17. (c) Protection of and Confidential Access to Medical Records and Information to preserve her medical records for not less than 10 years.

15. Notwithstanding it's aforementioned duty, Suburban Medical Center at Hoffman Estates, Inc. d/b/a Hoffman Estates Medical Center, breached it's duty to Michael Slee, Independent Administrator of the Estate of Tiffany M. Slee, Deceased, and Julie Slee and Michael Slee, Individually by failing to preserve the aforementioned evidence which a reasonable person in Suburban Medical Center at Hoffman Estates, Inc. d/b/a Hoffman Estates Medical Center's position should have foreseen was essential to potential civil actions as set forth in ILCS 210 85/6.17. (c); specifically, Tiffany M. Slee's Respond Assessment, Intake, and Discharge Forms for November 25, 1998 and December 22, 1998.

16. As a direct and proximate result of Suburban Medical Center at Hoffman Estates, Inc. d/b/a Hoffman Estates Medical Center's spoliation of the aforesaid essential evidence, Plaintiffs' have been irrevocably damaged in their ability to prove their case because their case, due to Suburban Medical Center at Hoffman Estates, Inc. d/b/a Hoffman Estates Medical Center's spoliation, is based on less than all of the essential evidence.

Wherefore, Plaintiffs, Julie Slee and Michael Slee, pray for judgment against Defendant, Suburban Medical Center At Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center, in the amount of medical, hospital and funeral expenses plus the costs of bringing this action.

## COUNT XXII - PSYCHIATRIC HOSPITAL COMPANY, INC. d/b/a WOODLAND HOSPITAL - NEGLIGENCE - SPOLIATION

1. This cause of action is brought pursuant to the Illinois Survival Act 735 ILCS 5/27-6.

2. On or about November 25, 1998 Tiffany M. Slee, a minor, then age 16, was admitted to Hoffman Estates Medical Center's emergency room for mental health care.

3. On or about November 25, 1998 Tiffany M. Slee, a minor, then age 16, was a patient at Hoffman Estates Medical Center in Elk Grove Village, Cook County, Illinois.

4. On or about November 25, 1998 Tiffany M. Slee, a minor, then age 16, was rendered medical care by Suburban Medical Center At Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center.

5. On or about December 22, 1998 Tiffany M. Slee, a minor, age 17, was admitted to Hoffman Estates Medical Center in Elk Grove Village, Cook County, Illinois.

6. On or about December 22, 1998 Tiffany M. Slee, a minor, age 17, was a patient at Hoffman Estates Medical Center in Elk Grove Village, Cook County, Illinois.

7. On or about December 22, 1998 Tiffany M. Slee, a minor, age 17, was rendered medical care by Psychiatric Hospital Company, Inc. d/b/a Woodland Hospital at Hoffman Estates Medical Center.

8. On or about April 3, 1999, Tiffany M. Slee, a minor, age 17, walked onto Golf Road and collided with an automobile which was traveling in a westerly direction at or near 2560 Golf Road in Hoffman Estates, Cook County, Illinois.

9. On or about April 4, 1999 Tiffany M. Slee, a minor, age 17, died.

10. On or about November 25, 1998 and December 22, 1998, Psychiatric Hospital Company, Inc. d/b/a Woodland Hospital owed a duty to Tiffany M. Slee which was consistent with the standard of practice of medical care for a hospital which is rendering medical care to a patient with signs and symptoms of depression and suicidal behavior.

11. Notwithstanding its aforementioned duty, Psychiatric Hospital Company, Inc. d/b/a Woodland Hospital breached its duty to Tiffany M. Slee, Deceased, by rendering medical care to her which was deficient and did not meet the standard practice of medical care for a hospital which is rendering medical care to a patient with signs and symptoms of depression and suicidal behavior; thereby causing Tiffany M. Slee to



suffer terminal injury as set forth in the reviewing healthcare professionals' report which is incorporated by reference herein and which is attached hereto as Exhibit "B".

12.    As a direct and proximate result of the aforementioned acts and/or omissions by Psychiatric Hospital Company, Inc. d/b/a Woodland Hospital, Tiffany M. Slee was terminally injured and suffered pain.

13.    At all times material herein and material hereto, Psychiatric Hospital Company, Inc., d/b/a Woodland Hospital, owed a duty to Michael Slee, Independent Administrator of the Estate of Tiffany M. Slee, Deceased, and Julie Slee and Michael Slee, Individually pursuant to ILCS 210 85/6.17. (c) Protection of and Confidential Access to Medical Records and Information to preserve her medical records for not less than 10 years.

14.    Notwithstanding it's aforementioned duty, Psychiatric Hospital Company, Inc., d/b/a Woodland Hospital, breached it's duty to Michael Slee, Independent Administrator of the Estate of Tiffany M. Slee, Deceased, and Julie Slee and Michael Slee, Individually by failing to preserve the aforementioned evidence which a reasonable person in Psychiatric Hospital Company, Inc., d/b/a Woodland Hospital's position should have foreseen was essential to potential civil actions as set forth in ILCS 210 85/6.17. (c); specifically, Tiffany M. Slee's Respond Assessment, Intake, and Discharge Forms for November 25, 1998 and December 22, 1998.

15.    As a direct and proximate result of Psychiatric Hospital Company, Inc., d/b/a Woodland Hospital's, spoliation of the aforesaid essential evidence, Plaintiffs' have been irrevocably damaged in their ability to prove their case because their case, due to Psychiatric Hospital Company, Inc., d/b/a Woodland Hospital's, spoliation, is based on less than all of the essential evidence.

Wherefore, Plaintiffs, Michael Slee, Independent Administrator of the Estate of Tiffany M. Slee, Deceased, and Julie Slee and Michael Slee, Individually, pray for judgment against Defendant, Psychiatric Hospital Company, Inc. d/b/a Woodland Hospital, in an amount in excess of $50,000.00 plus the costs of bringing this action.

<u>COUNT XXIII - PSYCHIATRIC HOSPITAL COMPANY, INC.</u>
<u>d/b/a WOODLAND HOSPITAL - WRONGFUL DEATH - SPOILATION</u>

1.    This cause of action is brought pursuant to the Illinois Wrongful Death Act 740 ILCS 180/1 and 180/2.

2.  •  On or about November 25, 1998 Tiffany M. Slee, a minor, then age 16, was admitted to Hoffman Estates Medical Center's emergency room for mental health care.

3.    On or about November 25, 1998 Tiffany M. Slee, a minor, then age 16, was a patient at Hoffman Estates Medical Center in Elk Grove Village, Cook County, Illinois.

4.    On or about November 25, 1998 Tiffany M. Slee, a minor, then age 16, was rendered medical care by Suburban Medical Center At Hoffman Estates, Inc., d/b/a Hoffman Estates Medical Center.



5.    On or about December 22, 1998 Tiffany M. Slee, a minor, age 17, was admitted to Hoffman Estates Medical Center in Elk Grove Village, Cook County, Illinois.

6.    On or about December 22, 1998 Tiffany M. Slee, a minor, age 17, was a patient at Hoffman Estates Medical Center in Elk Grove Village, Cook County, Illinois.

7.    On or about December 22, 1998 Tiffany M. Slee, a minor, age 17, was rendered medical care by Psychiatric Hospital Company, Inc. d/b/a Woodland Hospital at Hoffman Estates Medical Center.

8.    On or about April 3, 1999, Tiffany M. Slee, a minor, age 17, walked onto Golf Road and collided with an automobile which was traveling in a westerly direction at or near 2560 Golf Road in Hoffman Estates, Cook County, Illinois.

9.    On or about April 4, 1999 Tiffany M. Slee, a minor, age 17, died.

10.   On or about November 25, 1998 and December 22, 1998, Psychiatric Hospital Company, Inc. d/b/a Woodland Hospital owed a duty to Tiffany M. Slee which was consistent with the standard of practice of medical care for a hospital which is rendering medical care to a patient with signs and symptoms of depression and suicidal behavior.

11.   Notwithstanding its aforementioned duty, Psychiatric Hospital Company, Inc. d/b/a Woodland Hospital breached its duty to Tiffany M. Slee, Deceased, by rendering medical care to her which was deficient and did not meet the standard practice of medical care for a hospital which is rendering medical care to a patient with signs and symptoms of depression and suicidal behavior; thereby causing Tiffany M. Slee to suffer terminal injury as set forth in the reviewing healthcare professionals' report which is incorporated by reference herein and which is attached hereto as Exhibit "B".

12.   As a direct and proximate result of the aforementioned acts and/or omissions by Psychiatric Hospital Company, Inc. d/b/a Woodland Hospital, Tiffany M. Slee was terminally injured and suffered pain.

13.   At all times material herein and material hereto, Psychiatric Hospital Company, Inc., d/b/a Woodland Hospital, owed a duty to Michael Slee, Independent Administrator of the Estate of Tiffany M. Slee, Deceased, and Julie Slee and Michael Slee, Individually pursuant to ILCS 210 85/6.17. (c) Protection of and Confidential Access to Medical Records and Information to preserve her medical records for not less than 10 years.

14.   Notwithstanding it's aforementioned duty, Psychiatric Hospital Company, Inc., d/b/a Woodland Hospital, breached it's duty to Michael Slee, Independent Administrator of the Estate of Tiffany M. Slee, Deceased, and Julie Slee and Michael Slee, Individually by failing to preserve the aforementioned evidence which a reasonable person in Psychiatric Hospital Company, Inc., d/b/a Woodland Hospital's position should have foreseen was essential to potential civil actions as set forth in ILCS 210 85/6.17. (c); specifically, Tiffany M. Slee's Respond Assessment, Intake, and Discharge Forms for November 25, 1998 and December 22, 1998.

 

15.    As a direct and proximate result of Psychiatric Hospital Company, Inc., d/b/a Woodland Hospital's, spoliation of the aforesaid essential evidence, Plaintiffs' have been irrevocably damaged in their ability to prove their case because their case, due to Psychiatric Hospital Company, Inc., d/b/a Woodland Hospital's, spoliation, is based on less than all of the essential evidence.

Wherefore, Plaintiffs, Michael Slee, Independent Administrator of the Estate of Tiffany M. Slee, Deceased, and Julie Slee and Michael Slee, Individually, pray for judgment against Defendant, Psychiatric Hospital Company, Inc. d/b/a Woodland Hospital, in an amount in excess of $50,000.00 plus the costs of bringing this action.

### COUNT XXIV - PSYCHIATRIC HOSPITAL COMPANY, INC. d/b/a WOODLAND HOSPITAL - MEDICAL, HOSPITAL AND FUNERAL EXPENSES - SPOLIATION

1.    On or about November 25, 1998 Tiffany M. Slee, a minor, then age 16, was admitted to Hoffman Estates Medical Center's emergency room for mental health care.

2.    On or about December 22, 1998 Tiffany M. Slee, a minor, age 17, was admitted to Hoffman Estates Medical Center in Elk Grove Village, Cook County, Illinois.

3.    On or about December 22, 1998 Tiffany M. Slee, a minor, age 17, was a patient at Hoffman Estates Medical Center in Elk Grove Village, Cook County, Illinois.

4.    On or about December 22, 1998 Tiffany M. Slee, a minor, age 17, was rendered medical care by Psychiatric Hospital Company, Inc. d/b/a Woodland Hospital at Hoffman Estates Medical Center.

5.    On or about April 3, 1999, Tiffany M. Slee, a minor, age 17, walked onto Golf Road and collided with an automobile which was traveling in a westerly direction at or near 2560 Golf Road in Hoffman Estates, Cook County, Illinois.

6.    On or about April 4, 1999 Tiffany M. Slee, a minor, age 17, died.

7.    On or about December 22, 1998 and December 22, 1998, Psychiatric Hospital Company, Inc. d/b/a Woodland Hospital owed a duty to Tiffany M. Slee which was consistent with the standard of practice of medical care for a hospital which is rendering medical care to a patient with signs and symptoms of depression and suicidal behavior.

8.    On or about April 4, 1999 Tiffany M. Slee, a minor, age 17, died.

9.    On or about November 25, 1998 and December 22, 1998, Psychiatric Hospital Company, Inc. d/b/a Hoffman Estates Medical Center owed a duty to Tiffany M. Slee which was consistent with the standard of practice of medical care for a hospital which is rendering medical care to a patient with signs and symptoms of depression and suicidal behavior.

10. Notwithstanding its aforementioned duty, Psychiatric Hospital Company, Inc. d/b/a Woodland Hospital breached its duty to Tiffany M. Slee, Deceased, by rendering medical care to her which was deficient and did not meet the standard practice of medical care for a hospital which is rendering medical care to a patient with signs and symptoms of depression and suicidal behavior; thereby causing Tiffany M. Slee to suffer terminal injury as set forth in the reviewing healthcare professionals' report which is incorporated by reference herein and which is attached hereto as Exhibit "B".

11. As a direct and proximate result of the aforementioned acts and/or omissions by Hoffman Estates Medical Center, Tiffany M. Slee was terminally injured, suffered pain and died.

12. On April 4, 1999 Julie and Michael Slee were the parents and natural guardians of Tiffany M. Slee.

13. As a direct and proximate result of Tiffany M. Slee's death, Julie and Michael Slee became responsible for the payment of Tiffany M. Slee's medical, hospital, and funeral expenses.

14. At all times material herein and material hereto, Psychiatric Hospital Company, Inc., d/b/a Woodland Hospital, owed a duty to Michael Slee, Independent Administrator of the Estate of Tiffany M. Slee, Deceased, and Julie Slee and Michael Slee, Individually pursuant to ILCS 210 85/6.17. (c) Protection of and Confidential Access to Medical Records and Information to preserve her medical records for not less than 10 years.

15. Notwithstanding it's aforementioned duty, Psychiatric Hospital Company, Inc., d/b/a Woodland Hospital, breached it's duty to Michael Slee, Independent Administrator of the Estate of Tiffany M. Slee, Deceased, and Julie Slee and Michael Slee, Individually by failing to preserve the aforementioned evidence which a reasonable person in Psychiatric Hospital Company, Inc., d/b/a Woodland Hospital's position should have foreseen was essential to potential civil actions as set forth in ILCS 210 85/6.17. (c); specifically, Tiffany M. Slee's Respond Assessment, Intake, and Discharge Forms for November 25, 1998 and December 22, 1998.

16. As a direct and proximate result of Psychiatric Hospital Company, Inc., d/b/a Woodland Hospital's, spoliation of the aforesaid essential evidence, Plaintiffs' have been irrevocably damaged in their ability to prove their case because their case, due to Psychiatric Hospital Company, Inc., d/b/a Woodland Hospital's, spoliation, is based on less than all of the essential evidence.

Wherefore, Plaintiffs, Julie Slee and Michael Slee, pray for judgment against Defendant, Psychiatric Hospital Company, Inc. d/b/a Woodland Hospital, in the amount of medical, hospital and funeral expenses plus the costs of bringing this action.

### COUNT XXV VILLAGE OF SCHAUMBURG - WILLFUL AND WANTON PERFORMANCE OF VOLUNTARILY ASSUMED DUTY - SURVIVAL ACTION

1. This cause of action is brought pursuant to the Illinois Survival Act 735 ILCS 5/27-6.



2.  The following information was discovered by Plaintiffs through court ordered discovery directed to the Village of Schaumburg following Plaintiffs' Motion to Compel. This Court Ordered discovery directed to the Village of Schaumburg concluded on September 25, 2002.

3.  On or about November 25, 1998 and December 22, 1998, and for sometime prior thereto, the Village of Schaumburg Police Department was staffed with social workers who were employees of the Village of Schaumburg Health Department.

4.  On or about November 25, 1998 and December 22, 1998, and for sometime prior thereto, clerical, non-social worker employees in the Village of Schaumburg Police Department, as a routine, ministerial matter, voluntarily undertook to give copies of all police reports of attempted suicides and mental health related hospital visits to Village of Schaumburg Health Department social workers; and Village of Schaumburg Health Department social workers, as a routine, ministerial matter, voluntarily undertook to receive, record and follow-up on all of the aforesaid police reports of attempted suicides and mental health related hospital visits.

5.  On or about November 25, 1998 and December 22, 1998 Tiffany M. Slee was the subject of police reports of attempted suicide and mental illness related hospital visits.

6.  On or about November 25, 1998 and December 22, 1998 the Village of Schaumburg owed a duty to Tiffany M. Slee to act without conscious indifference and/or reckless disregard in the manner in which clerical, non-social worker employees in the Village of Schaumburg Police Department, as a routine, ministerial matter, voluntarily undertook to give copies of all police reports of attempted suicides and mental health related hospital visits to Village of Schaumburg Health Department social workers; and Village of Schaumburg Health Department social workers, as a routine, ministerial matter, voluntarily undertook to receive, record and follow-up on all of the aforesaid police reports of attempted suicides and mental health related hospital visits.

7.  On or about November 25, 1998 and December 22, 1998, and subsequent thereto, the Village of Schaumburg breached it's aforesaid voluntarily assumed duty to Tiffany M. Slee, a person who was the subject of police reports involving attempted suicide and mental illness related hospital visits, by acting with conscious indifference and/or reckless disregard in the manner in which clerical, non-social worker employees in the Village of Schaumburg Police Department, as a routine, ministerial matter, voluntarily undertook to give copies of all police reports of attempted suicides and mental health related hospital visits to Village of Schaumburg Health Department social workers;  and Village of Schaumburg Health Department social workers, as a routine, ministerial matter, voluntarily undertook to receive, record and follow-up on all of the aforesaid police reports of attempted suicides and mental health related hospital visits.

8.  As a direct and proximate result of the Village of Schaumburg's conscious indifference and/or reckless disregard in the manner in which clerical, non-social worker employees in the Village of Schaumburg Police Department, as a routine, ministerial matter, voluntarily undertook to give copies of all police reports of attempted suicides and mental health related hospital visits to Village of Schaumburg Health Department social



workers; and Village of Schaumburg Health Department social workers, as a routine, ministerial matter, voluntarily undertook to receive, record and follow-up on all of the aforesaid police reports of attempted suicides and mental health related hospital visits, the Village of Schaumburg greatly increased the risk of harm to Tiffany M. Slee; and as a direct and proximate result of the aforementioned acts and/or omissions by the Village of Schaumburg, Tiffany M. Slee was terminally injured and suffered pain.

Wherefore, Plaintiffs, Michael Slee, Independent Administrator of the Estate of Tiffany M. Slee, Deceased, and Julie Slee and Michael Slee, Individually, pray for judgment against Defendant, Village of Schaumburg, in an amount in excess of $50,000.00 plus the costs of bringing this action.

## COUNT XXVI VILLAGE OF SCHAUMBURG - WILLFUL AND WANTON PERFORMANCE OF VOLUNTARILY ASSUMED DUTY - WRONGFUL DEATH

1.    This cause of action is brought pursuant to the Illinois Wrongful Death Act 740 ILCS 180/1 and 180/2.

2.    The following information was discovered by Plaintiffs through court ordered discovery directed to the Village of Schaumburg following Plaintiffs' Motion to Compel. This Court Ordered discovery directed to the Village of Schaumburg concluded on September 17, 2002.

3.    On or about November 25, 1998 and December 22, 1998, and for sometime prior thereto, the Village of Schaumburg Police Department was staffed with social workers who were employees of the Village of Schaumburg Health Department.

4.    On or about November 25, 1998 and December 22, 1998, and for sometime prior thereto, clrical, non-social worker employees in the Village of Schaumburg Police Department, as a routine, ministerial matter, voluntarily undertook to give copies of all police reports of attempted suicides and mental health related hospital visits to Village of Schaumburg Health Department social workers; and Village of Schaumburg Health Department social workers, as a routine, ministerial matter, voluntarily undertook to receive, record and follow-up on all of the aforesaid police reports of attempted suicides and mental health related hospital visits.

5.    On or about November 25, 1998 and December 22, 1998 Tiffany M. Slee was the subject of police reports of attempted suicide and mental illness related hospital visits.

6.    On or about November 25, 1998 and December 22, 1998 the Village of Schaumburg owed a duty to Tiffany M. Slee to act without conscious indifference and/or reckless disregard in the manner in which clerical, non-social worker employees in the Village of Schaumburg Police Department, as a routine, ministerial matter, voluntarily undertook to give copies of all police reports of attempted suicides and mental health related hospital visits to Village of Schaumburg Health Department social workers; and Village of Schaumburg Health Department social workers, as a routine, ministerial matter, voluntarily undertook to receive, record and follow-up on all of the aforesaid police

 

reports of attempted suicides and mental health related hospital visits.

7.    On or about November 25, 1998 and December 22, 1998, and subsequent thereto, the Village of Schaumburg breached it's aforesaid voluntarily assumed duty to Tiffany M. Slee, a person who was the subject of police reports involving attempted suicide and mental illness related hospital visits, by acting with conscious indifference and/or reckless disregard in the manner in which clerical, non-social worker employees in the Village of Schaumburg Police Department, as a routine, ministerial matter, voluntarily undertook to give copies of all police reports of attempted suicides and mental health related hospital visits to Village of Schaumburg Health Department social workers;  and Village of Schaumburg Health Department social workers, as a routine, ministerial matter, voluntarily undertook to receive, record and follow-up on all of the aforesaid police reports of attempted suicides and mental health related hospital visits.

8.    As a direct and proximate result of the Village of Schaumburg's conscious indifference and/or reckless disregard in the manner in which clerical, non-social worker employees in the Village of Schaumburg Police Department, as a routine, ministerial matter, voluntarily undertook to give copies of all police reports of attempted suicides and mental health related hospital visits to Village of Schaumburg Health Department social workers; and Village of Schaumburg Health Department social workers, as a routine, ministerial matter, voluntarily undertook to receive, record and follow-up on all of the aforesaid police reports of attempted suicides and mental health related hospital visits, the Village of Schaumburg greatly increased the risk of harm to Tiffany M. Slee; and as a direct and proximate result of the aforementioned acts and/or omissions by the Village of Schaumburg, Tiffany M. Slee was terminally injured and suffered pain.

9.    Tiffany M. Slee left surviving as her heirs the following next of kin: her parents Julie Slee and Michael Slee, h er brothers Byron and William Slee, who by reason of Tiffany M. Slee's death have lost experience to be treasured and valued which would have occurred.

Wherefore, Plaintiffs, Michael Slee, Independent Administrator of the Estate of Tiffany M. Slee, Deceased, and Julie Slee and Michael Slee, Individually, pray for judgment against Defendant, Village of Schaumburg, in an amount in excess of $50,000.00 plus the costs of bringing this action.

## COUNT XXVII VILLAGE OF SCHAUMBURG - WILLFUL AND WANTON PERFORMANCE OF VOLUNTARILY ASSUMED DUTY - MEDICAL, HOSPITAL AND FUNERAL EXPENSES

1.    The following information was discovered by Plaintiffs through court ordered discovery directed to the Village of Schaumburg following Plaintiffs' Motion to Compel.  This Court Ordered discovery directed to the Village of Schaumburg concluded on September 17, 2002.

2.    On or about November 25, 1998 and December 22, 1998, and for sometime prior thereto, the Village of Schaumburg Police Department was staffed with social workers who were employees of the Village of Schaumburg Health Department.

 

3.    On or about November 25, 1998 and December 22, 1998, and for sometime prior thereto, clerical, non-social worker employees in the Village of Schaumburg Police Department, as a routine, ministerial matter, voluntarily undertook to give copies of all police reports of attempted suicides and mental health related hospital visits to Village of Schaumburg Health Department social workers; and Village of Schaumburg Health Department social workers, as a routine, ministerial matter, voluntarily undertook to receive, record and follow-up on all of the aforesaid police reports of attempted suicides and mental health related hospital visits.

4.    On or about November 25, 1998 and December 22, 1998 Tiffany M. Slee was the subject of police reports of attempted suicide and mental illness related hospital visits.

5.    On or about November 25, 1998 and December 22, 1998 the Village of Schaumburg owed a duty to Tiffany M. Slee to act without conscious indifference and/or reckless disregard in the manner in which clerical, non-social worker employees in the Village of Schaumburg Police Department, as a routine, ministerial matter, voluntarily undertook to give copies of all police reports of attempted suicides and mental health related hospital visits to Village of Schaumburg Health Department social workers; and Village of Schaumburg Health Department social workers, as a routine, ministerial matter, voluntarily undertook to receive, record and follow-up on all of the aforesaid police reports of attempted suicides and mental health related hospital visits.

6.    On or about November 25, 1998 and December 22, 1998, and subsequent thereto, the Village of Schaumburg breached it's aforesaid voluntarily assumed duty to Tiffany M. Slee, a person who was the subject of police reports involving attempted suicide and mental illness related hospital visits, by acting with conscious indifference and/or reckless disregard in the manner in which clerical, non-social worker employees in the Village of Schaumburg Police Department, as a routine, ministerial matter, voluntarily undertook to give copies of all police reports of attempted suicides and mental health related hospital visits to Village of Schaumburg Health Department social workers;  and Village of Schaumburg Health Department social workers, as a routine, ministerial matter, voluntarily undertook to receive, record and follow-up on all of the aforesaid police reports of attempted suicides and mental health related hospital visits.

7.    As a direct and proximate result of the Village of Schaumburg's conscious indifference and/or reckless disregard in the manner in which clerical, non-social worker employees in the Village of Schaumburg Police Department, as a routine, ministerial matter, voluntarily undertook to give copies of all police reports of attempted suicides and mental health related hospital visits to Village of Schaumburg Health Department social workers; and Village of Schaumburg Health Department social workers, as a routine, ministerial matter, voluntarily undertook to receive, record and follow-up on all of the aforesaid police reports of attempted suicides and mental health related hospital visits, the Village of Schaumburg greatly increased the risk of harm to Tiffany M. Slee; and as a direct and proximate result of the aforementioned acts and/or omissions by the Village of Schaumburg, Tiffany M. Slee was terminally injured and suffered pain.

8.    As a direct and proximate result of Tiffany M. Slee's death, Julie and Michael Slee became responsible for the payment of Tiffany M. Slee's medical, hospital, and funeral

expenses.

Wherefore, Plaintiffs, Michael Slee, Independent Administrator of the Estate of Tiffany M. Slee, Deceased, and Julie Slee and Michael Slee, Individually, pray for judgment against Defendant, Village of Schaumburg, in an amount in excess of $50,000.00 plus the costs of bringing this action.

<u>COUNT XXVIII VILLAGE OF SCHAUMBURG - NEGLIGENT<br>PERFORMANCE OF VOLUNTARILY ASSUMED DUTY - SURVIVAL ACTION</u>

1.    This cause of action is brought pursuant to the Illinois Survival Act 735 ILCS 5/27-6.

2.    The following information was discovered by Plaintiffs through court ordered discovery directed to the Village of Schaumburg following Plaintiffs' Motion to Compel. This Court Ordered discovery directed to the Village of Schaumburg concluded on September 25, 2002.

3.    On or about November 25, 1998 and December 22, 1998, and for sometime prior thereto, the Village of Schaumburg Police Department was staffed with social workers who were employees of the Village of Schaumburg Health Department.

4.    On or about November 25, 1998 and December 22, 1998, and for sometime prior thereto, clerical, non-social worker employees in the Village of Schaumburg Police Department, as a routine, ministerial matter, voluntarily undertook to give copies of all police reports of attempted suicides and mental health related hospital visits to Village of Schaumburg Health Department social workers; and Village of Schaumburg Health Department social workers, as a routine, ministerial matter, voluntarily undertook to receive, record and follow-up on all of the aforesaid police reports of attempted suicides and mental health related hospital visits.

5.    On or about November 25, 1998 and December 22, 1998 Tiffany M. Slee was the subject of police reports of attempted suicide and mental illness related hospital visits.

6.    On or about November 25, 1998 and December 22, 1998 the Village of Schaumburg owed a duty to Tiffany M. Slee to act without negligence in the manner in which clerical, non-social worker employees in the Village of Schaumburg Police Department, as a routine, ministerial matter, voluntarily undertook to give copies of all police reports of attempted suicides and mental health related hospital visits to Village of Schaumburg Health Department social workers; and Village of Schaumburg Health Department social workers, as a routine, ministerial matter, voluntarily undertook to receive, record and follow-up on all of the aforesaid police reports of attempted suicides and mental health related hospital visits.

7.    On or about November 25, 1998 and December 22, 1998, and subsequent thereto, the Village of Schaumburg breached it's aforesaid voluntarily assumed duty to Tiffany M. Slee, a person who was the subject of police reports involving attempted



suicide and mental illness related hospital visits, by acting negligently in the manner in which clerical, non-social worker employees in the Village of Schaumburg Police Department, as a routine, ministerial matter, voluntarily undertook to give copies of all police reports of attempted suicides and mental health related hospital visits to Village of Schaumburg Health Department social workers; and Village of Schaumburg Health Department social workers, as a routine, ministerial matter, voluntarily undertook to receive, record and follow-up on all of the aforesaid police reports of attempted suicides and mental health related hospital visits.

8.   As a direct and proximate result of the Village of Schaumburg's negligence in the manner in which clerical, non-social worker employees in the Village of Schaumburg Police Department, as a routine, ministerial matter, voluntarily undertook to give copies of all police reports of attempted suicides and mental health related hospital visits to Village of Schaumburg Health Department social workers; and Village of Schaumburg Health Department social workers, as a routine, ministerial matter, voluntarily undertook to receive, record and follow-up on all of the aforesaid police reports of attempted suicides and mental health related hospital visits, the Village of Schaumburg greatly increased the risk of harm to Tiffany M. Slee; and as a direct and proximate result of the aforementioned acts and/or omissions by the Village of Schaumburg, Tiffany M. Slee was terminally injured and suffered pain.

Wherefore, Plaintiffs, Michael Slee, Independent Administrator of the Estate of Tiffany M. Slee, Deceased, and Julie Slee and Michael Slee, Individually, pray for judgment against Defendant, Village of Schaumburg, in an amount in excess of $50,000.00 plus the costs of bringing this action.

## COUNT XXVIV VILLAGE OF SCHAUMBURG - NEGLIGENT PERFORMANCE OF VOLUNTARILY ASSUMED DUTY - WRONGFUL DEATH

1.   This cause of action is brought pursuant to the Illinois Wrongful Death Act 740 ILCS 180/1 and 180/2.

2.   The following information was discovered by Plaintiffs through court ordered discovery directed to the Village of Schaumburg following Plaintiffs' Motion to Compel. This Court Ordered discovery directed to the Village of Schaumburg concluded on September 17, 2002.

3.   On or about November 25, 1998 and December 22, 1998, and for sometime prior thereto, the Village of Schaumburg Police Department was staffed with social workers who were employees of the Village of Schaumburg Health Department.

4.   On or about November 25, 1998 and December 22, 1998, and for sometime prior thereto, clerical, non-social worker employees in the Village of Schaumburg Police Department, as a routine, ministerial matter, voluntarily undertook to give copies of all police reports of attempted suicides and mental health related hospital visits to Village of Schaumburg Health Department social workers; and Village of Schaumburg Health Department social workers, as a routine, ministerial matter, voluntarily undertook to receive, record and follow-up on all of the aforesaid police reports of attempted suicides

and mental health related hospital visits.

5. On or about November 25, 1998 and December 22, 1998 Tiffany M. Slee was the subject of police reports of attempted suicide and mental illness related hospital visits.

6. On or about November 25, 1998 and December 22, 1998 the Village of Schaumburg owed a duty to Tiffany M. Slee to act without negligence in the manner in which clerical, non-social worker employees in the Village of   Schaumburg Police Department, as a routine, ministerial matter, voluntarily undertook to give copies of all police reports of attempted suicides and mental health related hospital visits to Village of Schaumburg Health Department social workers; and Village of Schaumburg Health Department social workers, as a routine, ministerial matter, voluntarily undertook to receive, record and follow-up on all of the aforesaid police reports of attempted suicides and mental health related hospital visits.

7. On or about November 25, 1998 and December 22, 1998, and subsequent thereto, the Village of Schaumburg breached it's aforesaid voluntarily assumed duty to Tiffany M. Slee, a person who was the subject of police reports involving attempted suicide and mental illness related hospital visits, by acting negligently in the manner in which clerical, non-social worker employees in the Village of Schaumburg Police Department, as a routine, ministerial matter, voluntarily undertook to give copies of all police reports of attempted suicides and mental health related hospital visits to Village of Schaumburg Health Department social workers;  and Village of Schaumburg Health Department social workers, as a routine, ministerial matter, voluntarily undertook to receive, record and follow-up on all of the aforesaid police reports of attempted suicides and mental health related hospital visits.

8. As a direct and proximate result of the Village of Schaumburg's negligence in the manner in which clerical, non-social worker employees in the Village of Schaumburg Police Department, as a routine, ministerial matter, voluntarily undertook to give copies of all police reports of attempted suicides and mental health related hospital visits to Village of Schaumburg Health Department social workers; and Village of Schaumburg Health Department social workers, as a routine, ministerial matter, voluntarily undertook to receive, record and follow-up on all of the aforesaid police reports of attempted suicides and mental health related hospital visits, the Village of Schaumburg greatly increased the risk of harm to Tiffany M. Slee; and as a direct and proximate result of the aforementioned acts and/or omissions by the Village of Schaumburg, Tiffany M. Slee was terminally injured and suffered pain.

9. Tiffany M. Slee left surviving as her heirs the following next of kin: her parents Julie Slee and Michael Slee, h er brothers Byron and William Slee, who by reason of Tiffany M. Slee's death have lost experience to be treasured and valued which would have occurred.

    Wherefore, Plaintiffs, Michael Slee, Independent Administrator of the Estate of Tiffany M. Slee, Deceased, and Julie Slee and Michael Slee, Individually, pray for judgment against Defendant, Village of Schaumburg, in an amount in excess of $50,000.00 plus the costs of bringing this action.



## COUNT XXX VILLAGE OF SCHAUMBURG - NEGLIGENT PERFORMANCE OF VOLUNTARILY ASSUMED DUTY - MEDICAL, HOSPITAL AND FUNERAL EXPENSES

1.  The following information was discovered by Plaintiffs through court ordered discovery directed to the Village of Schaumburg following Plaintiffs' Motion to Compel. This Court Ordered discovery directed to the Village of Schaumburg concluded on September 17, 2002.

2.  On or about November 25, 1998 and December 22, 1998, and for sometime prior thereto, the Village of Schaumburg Police Department was staffed with social workers who were employees of the Village of Schaumburg Health Department.

3.  On or about November 25, 1998 and December 22, 1998, and for sometime prior thereto, clerical, non-social worker employees in the Village of Schaumburg Police Department, as a routine, ministerial matter, voluntarily undertook to give copies of all police reports of attempted suicides and mental health related hospital visits to Village of Schaumburg Health Department social workers; and Village of Schaumburg Health Department social workers, as a routine, ministerial matter, voluntarily undertook to receive, record and follow-up on all of the aforesaid police reports of attempted suicides and mental health related hospital visits.

4.  On or about November 25, 1998 and December 22, 1998 Tiffany M. Slee was the subject of police reports of attempted suicide and mental illness related hospital visits.

5.  On or about November 25, 1998 and December 22, 1998 the Village of Schaumburg owed a duty to Tiffany M. Slee to act without negligence in the manner in which clerical, non-social worker employees in the Village of Schaumburg Police Department, as a routine, ministerial matter, voluntarily undertook to give copies of all police reports of attempted suicides and mental health related hospital visits to Village of Schaumburg Health Department social workers; and Village of Schaumburg Health Department social workers, as a routine, ministerial matter, voluntarily undertook to receive, record and follow-up on all of the aforesaid police reports of attempted suicides and mental health related hospital visits.

6.  On or about November 25, 1998 and December 22, 1998, and subsequent thereto, the Village of Schaumburg breached it's aforesaid voluntarily assumed duty to Tiffany M. Slee, a person who was the subject of police reports involving attempted suicide and mental illness related hospital visits, by acting negligently in the manner in which clerical, non-social worker employees in the Village of Schaumburg Police Department, as a routine, ministerial matter, voluntarily undertook to give copies of all police reports of attempted suicides and mental health related hospital visits to Village of Schaumburg Health Department social workers; and Village of Schaumburg Health Department social workers, as a routine, ministerial matter, voluntarily undertook to receive, record and follow-up on all of the aforesaid police reports of attempted suicides and mental health related hospital visits.



7.   As a direct and proximate result of the Village of Schaumburg's negligence in the manner in which clerical, non-social worker employees in the Village of Schaumburg Police Department, as a routine, ministerial matter, voluntarily undertook to give copies of all police reports of attempted suicides and mental health related hospital visits to Village of Schaumburg Health Department social workers; and Village of Schaumburg Health Department social workers, as a routine, ministerial matter, voluntarily undertook to receive, record and follow-up on all of the aforesaid police reports of attempted suicides and mental health related hospital visits, the Village of Schaumburg greatly increased the risk of harm to Tiffany M. Slee; and as a direct and proximate result of the aforementioned acts and/or omissions by the Village of Schaumburg, Tiffany M. Slee was terminally injured and suffered pain.

8.   As a direct and proximate result of Tiffany M. Slee's death, Julie and Michael Slee became responsible for the payment of Tiffany M. Slee's medical, hospital, and funeral expenses.


Wherefore, Plaintiffs, Michael Slee, Independent Administrator of the Estate of Tiffany M. Slee, Deceased, and Julie Slee and Michael Slee, Individually, pray for judgment against Defendant, Village of Schaumburg, in an amount in excess of $50,000.00 plus the costs of bringing this action.

Michael Slee, Independent Administrator of the Estate of Tiffany M. Slee, Deceased, and Julie Slee and Michael Slee, Individually,


---------------------------------------------------------------------------
By:  Steven B. Levy, Their Attorney


Steven B. Levy #53008
Attorney For Plaintiffs
650 E. Diehl Road, Suite 121
Naperville, Illinois 60563
(630) 416-6300

7.    As a direct and proximate result of the Village of Schaumburg's negligence in the manner in which clerical, non-social worker employees in the Village of Schaumburg Police Department, as a routine, ministerial matter, voluntarily undertook to give copies of all police reports of attempted suicides and mental health related hospital visits to Village of Schaumburg Health Department social workers; and Village of Schaumburg Health Department social workers, as a routine, ministerial matter,   voluntarily undertook to receive, record and follow-up on all of the aforesaid police reports of attempted suicides and mental health related hospital visits, the Village of Schaumburg greatly increased the risk of harm to Tiffany M. Slee; and as a direct and proximate result of the aforementioned acts and/or omissions by the Village of Schaumburg, Tiffany M. Slee was terminally injured and suffered pain.

8.    As a direct and proximate result of Tiffany M. Slee's death, Julie and Michael Slee became responsible for the payment of Tiffany M. Slee's medical, hospital, and funeral expenses.


        Wherefore, Plaintiffs, Michael Slee, Independent Administrator of the Estate of Tiffany M. Slee, Deceased, and Julie Slee and Michael Slee, Individually, pray for judgment against Defendant, Village of Schaumburg, in an amount in excess of $50,000.00 plus the costs of bringing this action.

                        Michael Slee, Independent Administrator of the Estate of
                        Tiffany M. Slee, Deceased, and Julie Slee and Michael Slee,
                        Individually,



                        By:  Steven B. Levy, Their Attorney



Steven B. Levy #53008
Attorney For Plaintiffs
650 E. Diehl Road, Suite 121
Naperville, Illinois 60563
(630) 416-6300