**07 C 6654**

**JUDGE ASPEN**
**MAGISTRATE JUDGE MASON**

# EXHIBIT #5



**The St Paul**
Property and Liability Insurance

ST. PAUL MERCURY
INSURANCE COMPANY
Suite 120, MC DIXN
629 North Galena Avenue
Dixon, IL 61021
Telephone: (815) 288-3025
Fax: (815) 288-3078

November 14, 2003

VILLAGE OF SCHAUMBURG          LARRY FRANK
101 SCHAUMBURG COURT           101 SCHAUMBURG COURT
SCHAUMBURG IL 60193            SCHAUMBURG, IL 60193
Attn: Rita Elsner

RE:  Tracking No.:   AX11257
     Claimant:       TIFFANY SLEE
     Insured:        VILLAGE OF SCHAUMBURG
     Claim No.:      GP0340038712C001
     Date of Loss:   April 4, 1999

Dear Ms. Elsner & Mr. Frank:

This is a follow-up letter to the St. Paul Fire and Marine Insurance Company's (herein "the St. Paul") August 22, 2000 letter directed to your attention. The St. Paul has received the Amended Complaint filed against the Village of Schaumburg (herein "the Village") and Larry Frank (herein "Mr. Frank") in the lawsuit styled *Estate of Tiffany M. Slee, Deceased v. Village of Schaumburg, and Larry Frank et. al.*, Cause Number 00 L 3846, pending in the in the Circuit Court of Cook County, IL (the "lawsuit"). It is the St. Paul's understanding that the Village and Mr. Frank seek a defense and indemnification for the claims made in the Amended Complaint.

The St. Paul has completed its coverage review of the Amended Complaint's allegations and St. Paul policy numbers GP03400387 effective 10/1/98 to 10/1/99, and GP09300703 effective 10/1/99 to 10/1/00 (the "policies"). Based on this review, the St. Paul has determined that the plaintiffs in the lawsuit seek damages against the Village that may not be covered under the policy, and that the plaintiffs seek damages against Mr. Frank that are not covered. The St. Paul agrees at this time to defend the Village in this lawsuit, but this defense will be provided under a complete reservation of all of the St. Paul's rights. This letter explains certain coverage issues, discusses the terms and conditions under which the St. Paul will participate in the Village's defense, and reserves all of the St. Paul's rights under the policy. The letter also specifically disclaims coverage for certain alleged damages made in the Amended Complaint. Additionally, the St. Paul has determined that no coverage is available for the allegations made against Mr. Frank, and as such, the St. Paul will neither defend nor indemnify Mr. Frank for the allegations made in the Amended Complaint.

In order to explain the coverage issues, the St. Paul must discuss the plaintiff's allegations. The St. Paul understands that these allegations are unproven facts and may be untrue, incomplete or embellished, and the St. Paul does not conclude that any allegation is true. No statement in this letter should be construed otherwise.

The Amended Complaint alleges in counts 7-12 that the Village and/or its employee Larry Frank is responsible for Tiffany M. Slee's suicide because the Village and/or Larry Frank failed to meet the standard of care in the counseling and care of the deceased's depression and suicidal behavior.

FC37079 10/96

Additionally, the Amended Complaint alleges in counts 25-30 that unspecified members of the Village's Police Department failed to properly notify the Village's Health Department workers that Ms. Slee had attempted suicide. Please refer to the Amended Complaint for the specific allegations made in counts 7-12 and counts 25-30.

## Reservation of Rights
## Law Enforcement Liability
## Policy GP03400387, effective dates 10/1/98 to 10/1/99

Policy GP03400387, effective dates 10/1/98 to 10/1/99 contains Law Enforcement Liability coverage form 47292 12-92 that states:

> **What This Agreement Covers**
> We'll pay amounts any protected person is legally required to pay as damages for covered injury or damage that:
> - results from the conduct of law enforcement duties by or for your law enforcement agency;
> - happens while this agreement is in effect; and
> - is caused by a wrongful act.
>
> **Health care professional services.** We won't cover injury or damage that results from the performance of or failure to perform health care professional services.
>
> However, we won't apply this exclusion to the protected person's providing of or failure to provide first aid at the time of an accident or crime.
>
> *Health care professional services* includes:
> - dental, medical, mental, nursing, surgical, x-ray and other health care professional services, including food or beverages provided with those services;
> - the dispensing of drugs or medical or dental supplies and appliances; and the handling or treatment of corpses, including autopsies, organ donations, and other postmortem procedures.

The St. Paul specifically denies coverage for counts 7-12 of the Amended Complaint because the Health care professional services exclusion precludes coverage for the damages alleged in these counts.

The St. Paul agrees to participate in the defense of the Village under the Law Enforcement Liability Coverage part of policy GP03400387 as it relates to counts 25-30 of the Amended Complaint. The St. Paul specifically reserves the right to deny coverage to the extent it is determined that the plaintiffs do not seek damages for coverage injury that results from the conduct of law enforcement duties by or for the Village's law enforcement agency, if it is determined the alleged damages did not happen during the 10/1/98 – 10/1/99 policy period, or if it is determined the alleged damages were not caused by a wrongful act. Counts 25-30 do not contain allegations of damages caused by Mr. Frank.

## No Coverage Under the Law Enforcement Liability Protection Form
## Policy GP09300703, effective 10/01/99 – 10/01/00

The St. Paul specifically denies coverage under the 47292 10-98 Law Enforcement Liability Protection form for policy and policy GP09300703, effective 10/01/99 – 10/01/00. This form states

> **What This Agreement Covers**
>
> We'll pay amounts any protected person is legally required to pay as damages for covered injury or damage that:

- results from the conduct of law enforcement duties by or for your law enforcement agency;
- happens while this agreement is in effect; and
- is caused by a wrongful act.

The St. Paul specifically denies coverage pursuant to this policy section because the alleged injury occurred at the time of the deceased's death (4/4/99). The policy requires the alleged injury to have occurred during the 10/01/99 – 10/01/00 policy period. The St. Paul specifically denies coverage under this policy section because the alleged injury occurred before the 10/01/99 – 10/01/00 policy period.

## No Coverage Under the Public Entity General Liability Coverage Protection Policy Section

Policy GP03400387, effective dates 10/1/98 to 10/1/99 and policy GP09300703, effective 10/1/99 to 10/1/00 contains Public Entity General Liability Coverage Protection form G0209 that states in part:

**What This Agreement Covers**

**Bodily injury and property damage liability.**
We'll pay amounts any protected person is legally required to pay as damages for covered bodily injury or property damage that:
- happens while this agreement is in effect; and
- is caused by an event.

The St. Paul specifically denies coverage under policy GP09300703, effective 10/1/99 to 10/1/00 because the bodily injury alleged in the Amended Complaint occurred on 04/03/99, which precedes the policy period for policy GP09300703. As such, the St. Paul specifically denies coverage under this policy section.

The St. Paul specifically denies coverage under Policy GP03400387 effective dates 10/1/98 to 10/1/99 under form number G0209 for counts 7-12 of the Amended Complaint. The damages alleged in counts 7-12 are specifically excluded by the Health care professional services exclusion that states:

**Health care professional services.** We won't cover injury or damage or medical expenses that result from the performance of or failure to perform health care professional services. But we won't apply this exclusion to any protected person who isn't a medical doctor if such injury or damage or medical expenses result from the providing of or failure to provide first aid or emergency medical services at the scene of an accident or public emergency.

*Health care professional services* includes: any dental, medical, mental, nursing, surgical, x-ray, or other health care professional service, including any advice, instruction, food, or beverage provided with such service; the dispensing of drugs or medical or dental supplies and appliances; and the handling or treatment of corpses, including autopsies, organ donations, and other postmortem procedures.

The St. Paul specifically denies coverage under Policy GP03400387 effective dates 10/1/98 to 10/1/99 under form number G0209 for counts 25-30 of the Amended Complaint. The damages sought in counts 25-30 are specifically excluded by the Law enforcement duties exclusion that states:

**Law enforcement duties.** We won't cover injury or damage or medical expenses that result from the conduct of law enforcement duties.

*Law enforcement duties* means any of the duties or obligations that must be performed or fulfilled by a law enforcement agency.

They include:
- the ownership, maintenance, or use of a premises that you own, rent, or lease in order to perform or fulfill law enforcement duties; and
- the providing of first aid at the time of an accident.

*Law enforcement agency* means a police or sheriff's department that:
- is considered to be a part of you; or
- is your legal responsibility.

The Amended Complaint alleges that members of the Village of Schaumburg Police Department failed to provide the Village of Schaumburg Health Department with notice of the deceased's suicide attempts. The St. Paul specifically denies coverage for these alleged damages because the Law enforcement duties exclusion precludes coverage for these alleged damages.

## No Coverage under the Public Entity Management Liability Protection Claims-Made Form

Policy GP03400387, effective 10/1/98 to 10/1/99 and policy GP09300703, effective 10/1/99 to 10/1/00 contains Public Entity Management Liability Protection Claims-Made form 47279. Policy GP03400387, effective dates 10/1/98 to 10/1/99 contains form 47279 12-92 and policy GP09300703, effective 10/1/99 to 10/1/00 contains form 47279 10-98. Both form versions contain the following language:

**What This Agreement Covers**

**Public entity management liability.** We'll pay amounts any protected person is legally required to pay as damages for covered loss that:
- results from the conduct of duties by or for a public entity; and
- is caused by a wrongful act committed on or after the retroactive date and before this agreement ends.

We'll apply this agreement to claims or suits for covered loss only when they're first made or brought:
- while this agreement is in effect; or
- during the limited reporting period if it applies.

The St. Paul specifically denies coverage under policy GP03400387, effective dates 10/1/98 to 10/1/99 because the claim or suit was not first brought during the 10/1/98 – 10/1/99 policy period. Additionally, both policies contain the following exclusions under the 47279 that state:

**Health care professional services.** We won't cover loss that results from the performance of or failure to perform health care professional services.

*Health care professional services* includes:
- dental, medical, mental, nursing, surgical, x-ray and other health care professional services, including food or beverages provided with those services;
- the dispensing of drugs or medical or dental supplies and appliances; and
- the handling or treatment of corpses, including autopsies, organ donations, and other postmortem procedures.

**Law enforcement duties.** We won't cover injury or damage or medical expenses that result from the conduct of law enforcement duties.

*Law enforcement duties* means any of the duties or obligations that must be performed or fulfilled by a law enforcement agency. They include:
- Ownership, maintenance, or use of a premises that you own, rent, or lease in order to perform or fulfill law enforcement duties; and
- Providing of first aid at the time of an accident or crime.

**Injury or damage.** We won't cover loss resulting from injury or damage.

*Injury or damage* means:
- bodily injury, personal injury, or advertising injury; or
- property damage.

*Bodily injury* means any physical harm, including sickness or disease, to the physical health of other persons.

We'll consider any of the following that happens at any time to be part of such physical harm, sickness, or disease, if it results in or from such physical harm, sickness, or disease:
- Mental anguish, injury, or illness.
- Emotional distress.
- Care, loss of services, or death.

*Property damage* means:
- physical damage to tangible property of others, including all resulting loss of use of that property; or
- loss of use of tangible property of others that isn't physically damaged.

*Personal injury* means injury, other than bodily injury or advertising injury, caused by a personal injury offense.

*Personal injury offense* means any of the following offenses:
- False arrest, detention, or imprisonment.
- Malicious prosecution.
- Wrongful entry into, or wrongful eviction from, a room, dwelling, or premises that a person occupies, if such entry or eviction is committed by or for the landlord, lessor, or owner of that room, dwelling, or premises.
- Invasion of the right of private occupancy of a room, dwelling, or premises that a person occupies, if such invasion is committed by or for the landlord, lessor, or owner of that room, dwelling, or premises.
- Libel or slander.
- Making known to any person or organization written or spoken material that disparages the business, premises, products, services, work, or completed work of others.
- Making known to any person or organization written or spoken material that violates a person's right of privacy.

*Advertising injury* means injury, other than bodily injury or personal injury, caused by an advertising injury offense.

*Advertising injury offense* means any of the following offenses:
- Libel or slander.
- Making known to any person or organization written or spoken material that disparages the business, premises, products, services, work, or completed work of others.

5

- Making known to any person or organization written or spoken material that violates a person's right of privacy.
- Unauthorized use of any advertising idea or advertising material, or any slogan or title, of others in your advertising.

*Advertising* means attracting the attention of others by any means for the purpose of:

- seeking customers or supporters; or
- increasing sales or business.

*Advertising idea* means a manner or style of advertising that others use and intend to attract attention in their advertising.

But we won't consider information used to identify or record customers or supporters, such as a list of customers or supporters, to be an advertising idea.

*Advertising material* means any material that:

- is subject to copyright law; and
- others use and intend to attract attention in their advertising.

*Slogan* means a phrase that others use and intend to attract attention in their advertising.

But we won't consider slogan to include a phrase used as, or in, the name of:
- any person or organization, other than you; or
- any business, or any of the premises, products, services, work, or completed work, of any person or organization, other than you.

*Title* means a name of a literary or artistic work.

The St. Paul specifically denies coverage for the damages sought in the Amended Complaint because the Health care professional services exclusion, the law enforcement duties exclusion and the injury or damage exclusion preclude coverage for the alleged damages contained in the Amended Complaint.

## No Coverage Under the Health Care Medical Professional Liability Protection-Claims Made Form

Policy GP03400387, effective dates 10/1/98 to 10/1/99 and policy GP09300703, effective 10/1/99 to 10/1/00 contain Health Care Medical Professional Liability Protection-Claims Made, form number 46167. Health Care Medical Professional Liability Protection-Claims Made Coverage Summary form 46168 limits coverage under this coverage section to EMTS. The allegations in the Amended Complaint do not implicate the Village's EMTS operations. As such, the St. Paul specifically denies coverage under this policy section because the damages sought in the Amended Complaint are not alleged to have been caused by the Village's EMTS.

## Conclusion

Given the above coverage reservations, the St. Paul agrees to allow the Village to select the defense counsel of the Village's choice to defend this action. The St. Paul will pay the Village's reasonable and necessary defense costs beginning September 29, 2003, the date which the Village tendered the Amended Complaint to the St. Paul. The St. Paul will not pay any fees or expenses associated with coverage matters. Additionally, the St. Paul will not pay for any fees or expenses related to the defense of Mr. Frank for the reasons put forth in the above analysis.

Nothing in this letter should be deemed a waiver of the terms or conditions of the St. Paul policies. The St. Paul expressly reserves the right to rely upon any term or condition of the policies or any other basis that may be found to limit or preclude coverage, whether those terms or conditions are discussed in this letter or not.

The St. Paul reiterates its disclaimer of coverage to the Village of Schaumburg and Larry Frank for counts 7-12 of this matter. The St. Paul agrees to defend the Village because some of the damage allegations contained in counts 25-30 may be covered by the policy(s). However, this defense is pursuant to a complete reservation of the St. Paul's rights. No coverage is available for Mr. Frank because none of the potentially covered damage allegations implicate Mr. Frank. The St. Paul also reserve our right to withdraw from the defense of the Village if further investigations shows that counts 25-30 are not covered by the policies of insurance.

The St. Paul will reconsider its position in light of any additional information or analysis the Village or Mr. Frank has that it believe may change the St. Paul's coverage position. Please forward any additional coverage information you wish the St. Paul to consider to the undersigned representative. If such additional information is included in documents that have not already been supplied to the St. Paul, please enclose copies of those documents.

Part 919 of the Rules of the Illinois Department of Insurance requires our company advise you that if you wish to take this matter up with the Illinois Department of Insurance, it maintains a Consumer Division in Chicago at 100 W. Randolph St., Suite 15-100, Chicago, IL 60601 and in Springfield at 320 West Washington St., Springfield, IL 62767.

Sincerely,

ST. PAUL MERCURY INSURANCE COMPANY
Eric L. Brown
Claim Specialist
Telephone: (815) 288-3025
Fax: (815) 288-3078

CC: Lovells
One IBM Plaza
330 N. Wabash Av., Suite 1900
Chicago, IL 60611
Attn: Brigitte T. Nuss Kocheny

7