IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE VILLAGE OF SCHAUMBURG, an Illinois Municipal corporation,<br><br>        Plaintiff,<br><br>v.<br><br>ST. PAUL MERCURY INSURANCE COMPANY, a Minnesota corporation,<br><br>        Defendant. | Case No. 07-cv-6654 |

## AGREED PROTECTIVE ORDER

**WHEREAS,** the Plaintiff, The Village of Schaumburg, and the Defendant, St. Paul Mercury Insurance Company, agree that this action may involve the discovery and disclosure of confidential information, including confidential proprietary commercial information as defined herein, and the parties have agreed that such documents or information should be protected;

**WHEREAS,** by entering into this Agreed Protective Order, the parties are not agreeing to produce anything and are not waiving any objections they may have to any discovery requests;

**IT IS HEREBY ORDERED** as follows:

I. **Definitions**

    A.    "**This Action**" means the above-captioned matter.

    B.    "**Producer**" means any party or non-party that produces **Confidential Material** in **This Action** or asserts that the documents or information are **Confidential Material** under this Order.

271654_3.DOC

C.  **"Receiver"** means any party or other person subject to this Order who or which receives documents produced in **This Action.**

D.  **"Confidential Material"** means all non-public documents, things and information (including testimony) a **Producer** has designated as **Confidential Material** in **This Action** and marked with a **Legend**. Notwithstanding anything else in this Order, **Confidential Material** is limited to non-public documents, tangible things and information that (a) are privileged or protected from compelled disclosure under applicable law, or (b) constitute confidential or proprietary business, commercial or trade secret information. Subject to this limitation, **Confidential Material** may include, but is not necessarily limited to, the following types of documents, information and tangible things:

1. documents or information produced in response to document requests or subpoenas;

2. interrogatory answers, including documents referred to in answers to interrogatories;

3. deposition transcripts, including exhibits;

4. documents and information produced in response to requests for admissions;

5. information in or submitted in connection with motions and other pleadings filed with the Court in **This Action**, including exhibits containing **Confidential Material**; and

6. documents or information protected by court order in other litigation.

E. "**Legend**" means the marking of **Confidential Material** by placing, in a conspicuous manner, on the face of each page so designated or by placing on the face of the first page indicating a range of documents so designated before producing it or copies of it to other parties, the language: "CONFIDENTIAL MATERIAL - SUBJECT TO PROTECTIVE ORDER".

II. <u>**Use Of Confidential Material-Generally**</u>

A. Designation of **Confidential Material** shall be made by placing the **Legend**, in a conspicuous manner, on the face of each page so designated or by placing the **Legend** on the first page of a document indicating a range of pages to be designated as **Confidential Material**. Any party may designate a document as **Confidential Material** within thirty (30) days after he discovers that a document not previously designated as such has been inadvertently produced by placing the **Legend** on such document and reproducing the designated document to the **Receiver**.

B. To the extent that a **Producer** designates documents or information as Confidential Material after it is produced, a **Receiver** shall not incur liability under this Order for those disclosures or uses of such documents or information before that time that they were so designated.

C. Except upon the written consent of the **Producer**, all parties shall treat **Confidential Material** as confidential and shall use such material only for litigation or settlement of **This Action**. Any other use is strictly prohibited absent express written consent of the **Producer** or order of the Court. The **Producer**

271654_3.DOC                               3

may waive the confidentiality of certain **Confidential Material** on its own or upon the written request of the **Receiver**.

D. Nothing in this Order shall be deemed an admission by any **Receiver** that **Confidential Material** is, in fact, confidential or otherwise protected under the attorney-client privilege, work product, or any other privilege, doctrine or protection.

E. Any **Receiver** or other party may object to the designation of or continued treatment of material as **Confidential Material**. If the **Receiver** or party objects to the designation of a document or information as **Confidential Material** pursuant to this Order, he shall make a written request to the **Producer** to withdraw the claim of confidentiality with respect to certain specified information, setting forth the reasons why the information in question is not considered to be **Confidential Material**, and to remove the specified information from the safeguards provided by this Order. The **Producer** shall respond in writing within fifteen (15) days of receipt of such request either (a) agreeing with the request whereupon the specified information in question shall no longer be treated as **Confidential Material** or (b) refusing the request and setting forth the reasons. If the parties cannot agree concerning the protected status of the subject information or if the **Producer** fails to respond within fifteen days, then the objecting party may seek relief from a Court by means of a motion but the information in question shall be treated as **Confidential Material** unless and until a Court shall order otherwise.

F.   The **Receiver** of a document or information designated as **Confidential Material** shall not disclose the document or its contents or other designated information to persons other than those listed in Section II.G. of this Order unless a Court first sustains an objection to its designation as **Confidential Material**.

G.   Except upon the prior written consent of the Producer or express Court authorization, **Confidential Material** shall not be disclosed to any person other than:

1.   Counsel to the parties in **This Action**, agents of such counsel, legal associates, paralegals, and clerical or other support staff all of whom are working under the direct supervision of counsel with such disclosure made to the extent assisting in the prosecution or defense of **This Action**;

2.   Any present or former officer, director, employee, in-house attorney, representative or agent of any party in **This Action** who is assisting counsel in **This Action**, the settlement thereof, or is otherwise responsible for the handling or supervision of the case;

3.   Any expert, investigator, or consultant (including their employees, associates and/or support staff) who is employed, retained or otherwise consulted by a party in **This Action** or its attorney in connection with **This Action**;

4.   Deponents, including their counsel, and court reporters in **This Action**, in accordance with the provisions of this Order and any other procedures as may be agreed upon by the parties;

5. The Court, Court personnel including court reporters, and any prospective or actual jurors who may hear **This Action**;

6. Commercial photocopying, imaging, or document handling firms used by any party or its counsel for photocopying, imaging, scanning, storage, retrieval or handling of such materials;

7. Any non-party to whom **Confidential Material** is produced pursuant to a subpoena, court order or other legal process in accordance with Section V. of this Order, or who otherwise authored, prepared, received, reviewed, or was referenced or identified in any document prior to its designation as **Confidential Material** in **This Action**;

8. Any person who a party's attorney believes may be called to give testimony at any stage of **This Action** on matters relating to **Confidential Material** (provided, however, that all documents and copies thereof shall be returned by the potential witness or his or her attorney to the party or its attorney upon final resolution of **This Action**); and

9. Any person necessary to authenticate or establish an evidentiary basis or foundation for admissibility of any document designated as **Confidential Material** pursuant to the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Northern District of Illinois.

H. Any person who makes any disclosure of **Confidential Material** permitted under Paragraph G shall advise each such person to whom such disclosure is made concerning the terms of this Order and shall make such disclosure subject to

agreement to comply therewith, except that with respect to auditors, reinsurers and reinsurance intermediaries, the obligation of the carriers shall be limited to advising them of the terms and existence of this Order. If a non-party witness (i.e., a person that is not a current employee or expert witness of any party) from whom testimony is being taken has been advised concerning the terms of this Order and refuses to agree to its terms, that witness shall not be provided **Confidential Material** by any party except for review during his or her testimony. The witness shall not be entitled to take or retain any **Confidential Material** reviewed during his or her testimony.

I. Those to whom **Confidential Material** is made available (a) shall forever protect, safeguard and otherwise respect the confidential and secret nature of it, (b) shall not disclose it or any part of it, or talk about the same with any person other than the persons identified above who are entitled to have it made available to them, (c) shall not use it or any part of it for their own benefit or the benefit of the parties, parties counsel, or anyone else, or to the detriment of the **Producers** or anyone else, or for any other purpose, except as may be necessary for the good faith conduct of this proceeding,-and (d) shall maintain all documents and things which are or which contain or reveal **Confidential Material** in a secure place where unauthorized disclosure to persons other than those identified above cannot reasonably be expected to occur.

III. <u>Use Of Confidential Materials In Pleadings And Other Court Communications</u>

Before filing with the Clerk of Court any paper containing **Confidential Material**, the party required to file the material will seek leave of this Court to file the portions of the

271654_3.DOC                                7

paper containing **Confidential Material** under seal. This provision does not toll or otherwise alter the due dates for any filed papers. Any paper containing **Confidential Material** will be deemed timely filed if timely and properly served and the party required to file the paper promptly brings a motion in Court for leave to file under seal the portions of the papers containing **Confidential Material**. After the motion is resolved, any party required to file the paper will file it in accord with the order of Court in response to the motion to file under seal.

IV. <u>**Use Of Confidential Material During Depositions**</u>

Any party to this Order may designate deposition questions, answers and/or colloquy about **Confidential Material** as **Confidential Material** by advising the court reporter of such designation during the deposition or by designating within thirty (30) days following the deposition applicable portions of the transcript and/or exhibits as **Confidential Material** respectively. At the **Producer's** cost, if any, the reporter shall place the **Legend** on every page of the deposition transcript which has been designated **Confidential Material**. At the direction of the **Producer**, all persons other than the deponent, the deponent's attorney, and those persons described in Section II.G above shall be excused from the deposition during the time that the **Confidential Material** is being discussed or disclosed.

V. <u>**Subpoenaed Production Of Confidential Material**</u>

If any **Receiver** of **Confidential Material** is served with a subpoena, court order, or other legal process seeking **Confidential Material**, the **Receiver** shall give prompt written notice of such to the **Producer** and shall respond to the subpoena, court order, or

other legal process by advising of the existence of this Order. No **Receiver** of **Confidential Material** is required to challenge or appeal any further demand for production of **Confidential Material** or to subject itself to penalties for noncompliance with any subpoena, court order, or other legal process. In such event, however, the **Producer** may challenge or appeal any such further demand at the **Producer**'s discretion and expense.

VI. <u>Other Matters</u>

    A. Nothing in this Order shall prevent any party's use or disclosure of documents or information other than those designated **Confidential Material**, including, but not limited to, documents or information existing in the files of that party prior to the commencement of **This Action**, received at any time by that party outside the course of discovery in **This Action**.

    B. Nothing in this Order shall limit or expand any party's right to discovery or the prosecution, defense or settlement of **This Action**.

    C. Nothing in this Order shall be construed in any way as a finding that any particular document or information is or is not privileged, protected, confidential or admissible in evidence. Compliance with this Order shall not operate as an admission that any particular document or thing is admissible for any purpose.

    D. Counsel for the parties shall make good faith efforts to resolve any dispute about the interpretation of, or about the conduct or activities of any party or person under this Order. If a dispute cannot be resolved, then a dissatisfied party may proceed to seek relief from or clarification or modification or enforcement of this Order by means of a motion to the Court upon proper notice to all parties.

E. Any party may apply to the Court for an order modifying, amending, suspending, withdrawing or revoking this Order.

F. Neither the provisions of this Order nor any disclosure of **Confidential Material** by any party pursuant to this Order shall constitute a waiver at any time or in any other litigation, of any attorney-client, joint defense, work product or other privilege, doctrine or protection, including protections afforded by the applicable Rules of Civil Procedure.

G. This Order shall survive the termination of **This Action** and continue in full force and effect.

H. Upon the final non-appealable disposition of **This Action**:

   1. Any **Confidential Material** in the control of the Court may, upon application by the **Producer** to the Court, be purged from the records; and

   2. The Clerk is authorized to deliver said **Confidential Material** to the **Producer**.

I. <u>Except to the extent documents or information may be needed by the **Receiver** in connection with reinsurance, retrocessional or other contracts or legal obligations, upon request,</u> within forty-five (45) business days of the termination of **This Action**, including any appeals or post-hearing motions, any **Receiver** of documents produced pursuant to this Order shall return to the **Producer** all documents designated as **Confidential Material** and all copies thereof. The **Receiver** shall thereafter certify in writing to counsel for the parties that all such documents and things and copies thereof which are or which disclose **Confidential Material** that were in his possession or control have been returned.

In the alternative, the **Receiver** may certify in writing that such materials (and all copies thereof) in the **Receiver**'s possession have been destroyed.

Date:_____                    ENTER:


                                        _____
                                        The Honorable Marvin Aspen


**AGREED:**

**THE VILLAGE OF SCHAUMBURG**

By: _/s/_____

Its: _Counsel_____

Date: _5-5-2008_____


**ST. PAUL MERCURY INSURANCE COMPANY**

By: _/s/_____

Its: _Counsel_____

Date: _5/2/08_____

271654_3.DOC                            11