IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE VILLAGE OF SCHAUMBURG, an Illinois Municipal corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| ST. PAUL MERCURY INSURANCE COMPANY, a Minnesota corporation, | ) ) ) ) |
| Defendant. | ) |

Case No. 07-cv-6654

Judge Marvin E. Aspen

## JOINT MOTION TO BIFURCATE DISCOVERY AND TO AMEND CASE MANAGEMENT ORDER

Defendant, St. Paul Mercury Insurance Company ("St. Paul"), by and through its undersigned counsel, and Plaintiff, The Village of Schaumburg ("the Village"), by and through its undersigned counsel, submit their Joint Motion To Bifurcate Discovery And To Amend Case Management Order, and in support thereof, respectfully state as follows:

### BACKGROUND

1. This matter involves a policy of insurance issued by St. Paul to the Village, and a dispute over whether St. Paul had a duty to defend the initial complaint in the case of *Slee v. Suburban Medical Center At Hoffman Estates, Inc., et al.*, Case No. 00 L 3846, filed in the Circuit Court of Cook County, Illinois (the "Underlying Lawsuit") and the amount of fees that St. Paul was required to pay for the Village's independent counsel in the Underlying Lawsuit. The Village and its employees ultimately prevailed in the Underlying Lawsuit, and St. Paul has reimbursed the Village for a portion of the legal fees incurred by the Village's independent counsel for the defense of the Village in the Underlying Lawsuit. Through this action, the Village seeks recovery of the remainder of its fees and costs, and has asserted claims against St.

Paul for declaratory relief, breach of contract and "bad faith" pursuant to 215 ILCS 5/155 ("Section 155").  St. Paul denies that it has any further obligation to the Village beyond the fees and expenses that it has already paid for the Village's defense.

2. Since the Court entered its Case Management Order dated February 21, 2008 (the "CMO"), the parties have been working diligently to complete discovery.  They have exchanged thousands of documents (including the complete underwriting file, claim file, and defense file for the Underlying Lawsuit), responded to written interrogatories, addressed and resolved disputes over written discovery responses, deposed a primary witness, and issued written and oral discovery requests to a number of third-party witnesses.

3. At this juncture, the parties agree on two points with respect to discovery.  First, discovery concerning whether St. Paul had a duty to defend the initial complaint of the Underlying Lawsuit (and therefore its liability for the Village's defense fees and costs) can and should be completed first so that the parties can present this issue to the Court for possible resolution through summary judgment.  Second, additional time will be needed to complete discovery, due to difficulties in obtaining oral and written discovery from third parties, as well as the difficulties posed by the fact that several of St. Paul's disclosed witnesses do not reside in Illinois and/or are no longer employed by St. Paul.

## **BIFURCATION OF DISCOVERY**

4. A threshold issue in this matter is whether St. Paul initially had a duty to defend the Village in the Underlying Lawsuit.  The Underlying Lawsuit was initially filed in 2000 in the Circuit Court of Cook County, Illinois, alleging negligence and wrongful death claims against the Village and one of its social workers (the "Original Counts").  At that time, St. Paul refused the Village's tender of defense.  In 2003, an amended complaint was filed in the Underlying

Lawsuit adding new counts against additional Village employees (the "Additional Counts"). At that time, St. Paul accepted the Village's tender of defense under a reservation of rights, and began partially reimbursing the Village for its defense costs.

5.    In the present action, the Village contends that St. Paul had a duty to defend the Original Counts of the Underlying Lawsuit, and that St. Paul is responsible for all fees and costs incurred. Conversely, St. Paul contends that there is no potential for coverage for the Original Counts and that St. Paul has satisfied its defense obligations to the Village for the Additional Counts.

6.    Discovery related to the question of whether St. Paul had a duty to defend the Original Counts is relatively straightforward. Subject to the parties ability to obtain discovery from third parties (discussed below), the Village and St. Paul believe that they can relatively quickly complete fact discovery on this issue. At this time, neither party believes that they require expert testimony on the issue whether St. Paul had a duty to defend the Original Counts.

7.    The parties further believe that – at least in the first instance – the question of St. Paul's duty to defend the Original Counts can be addressed as a matter of law. Therefore, by closing discovery on this issue first, the parties can present motions for summary judgment without waiting to complete discovery on more factually complicated issues (such as whether there was an agreement to cap defense fees, the reasonableness of the covered defense costs in the Underlying Lawsuit or the Village's bad faith claim).

8.    Also, the Village and St. Paul both believe that a determination by the Court of St. Paul's duty to defend the Original Counts will facilitate settlement discussions between the parties.

9. Once discovery on St. Paul's duty to defend the Original Counts is completed and the Court resolves the duty to defend issue, the parties can focus on the remaining issues: the reasonableness of the fees incurred by the Village; an alleged agreement over the hourly rate that St. Paul would pay towards the Village's bills after the Additional Counts were added; and whether St. Paul's conduct constituted bad faith pursuant to Section 155.

## ADDITIONAL TIME TO COMPLETE DISCOVERY ON THE DUTY TO DEFEND ISSUE

10. To date, the parties have exchange or are in the process of exchanging all written discovery. Further, the parties have agreed or are in the process of agreeing upon deposition dates of all disclosed and representative witnesses who are currently employed by either the Village of St. Paul.

11. However, third-party discovery and depositions of former St. Paul employees have proved to be much more difficult. Specifically:

- St. Paul has issued subpoenas for documents and deposition testimony from N.P. Masse & Associates, a broker involved in the procurement of the subject insurance policy. Despite several promises from the witness's lawyer, St. Paul has not received documents yet, and does not believe that it can proceed with depositions of several witnesses until it receives those documents.

- The Village has issued subpoenas for documents and deposition testimony to The Owens Group, a firm whom the Village contends is an agent of St. Paul and who issued a Certificate of Liability Insurance. Due to business demands associated with the end of the second quarter, The Owens Group has asked to re-schedule their noticed depositions until late June or July.

- One of St. Paul's disclosed witnesses, John Liptak, resides in Cleveland, Ohio and is no longer employed by St. Paul. Mr. Liptak has agreed to come to Chicago for his deposition, but not until July 8th. Mr. Liptak was the St. Paul underwriter who handled the Village's application for the subject policy.

- Another St. Paul former employee, Vanessa Yacola, who was identified in a deposition was only located in the last week. Ms. Yacola resides in Baltimore, and is largely unavailable for the next thirty (30) days.

- The discovery of additional witnesses material to this litigation which may be disclosed by nonparties or other sources.

12. As a result of the foregoing, the parties require additional time to complete fact discovery on the issue of whether St. Paul had a duty to defend the Original Counts. The parties do not anticipate requiring expert discovery on this issue.

WHEREFORE, Plaintiff, The Village of Schaumburg, and Defendant, St. Paul Mercury Insurance Company, respectfully request that this Court bifurcate discovery and enter a modified Case Management Order that provides as follows:

A. Fact discovery on the issue of whether St. Paul had a duty to defend the Village of Schaumburg and its employees in this case of *Slee v. Suburban Medical Center At Hoffman Estates, Inc., et al*., Case No. 00 L 3846, filed in the Circuit Court of Cook County, Illinois, shall be completed by August 15, 2008.

B. Summary judgment motions on the issue of whether St. Paul had a duty to defend the Village of Schaumburg and its employees in this case of *Slee v. Suburban Medical Center At Hoffman Estates, Inc., et al*., Case No. 00 L 3846, filed in the Circuit Court of Cook County, Illinois, shall be filed on or before September 26, 2008.

C. A status hearing is set for October 30, 2008.

Date: June 13, 2008

Respectfully submitted:

| ST. PAUL MERCURY INSURANCE COMPANY | THE VILLAGE OF SCHAUMBURG |
|---|---|
| By: s:/Linda J. Carwile<br>One of Its Attorneys | By: s:/Andrew R. Greene<br>One of Its Attorneys |
| Rory T. Dunne<br>Linda J. Carwile<br>**KARBAL, COHEN, ECONOMOU, SILK & DUNNE, LLC**<br>200 South Michigan Avenue, 20th Floor<br>Chicago, IL 60604<br>Tel: (312) 431-3700<br>Fax: (312) 431-3670 | Andrew R. Greene<br>Gabriela Nicolau<br>**JOHNSTON GREENE, LLC**<br>542 South Dearborn Street, Suite 1310<br>Chicago, IL 60605<br>(312) 341-3900<br>(312) 341-0700 fax |