IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE VILLAGE OF SCHAUMBURG, an Illinois Municipal corporation, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 07-cv-6654 |
| ST. PAUL MERCURY INSURANCE COMPANY, a Minnesota corporation, ) ) ) ) | Judge Marvin E. Aspen |
| Defendant. ) | |

**THE VILLAGE OF SCHAUMBURG'S MOTION TO ENFORCE
DISCOVERY AGREEMENT, OR ALTERNATIVELY TO COMPEL
DEPOSITION OF PLAINTIFF'S EMPLOYEE**

Plaintiff, The Village of Schaumburg ("the Village), by and through its undersigned counsel, hereby moves this Court to enforce the parties' agreement for the deposition of Defendant employee Sue Steele in Chicago, Illinois, or alternatively, to compel Ms. Steele's deposition in Chicago, Illinois. In support of its motion, the Village states as follows:

1. This lawsuit arises out of the refusal by Defendant St. Paul Mercury Insurance Company ("St. Paul") to defend the Village under an insurance policy against a malpractice lawsuit. St. Paul identified Sue Steele in its Rule 26(a)(1) disclosures (Ex. A) as an Underwriter knowledgeable about the "St. Paul policies at issue," and repeatedly stated that Ms. Steele was the most knowledgeable person concerning such issues. For most of this case, Ms. Steele was the only current St. Paul employee identified as having knowledge of the underwriting aspect of the polices.

2. St. Paul refused to respond to written interrogatories asking for the precise bases for its refusal to defend the Village, instead insisting that the Village obtain such information

through depositions of Ms. Steele and the claims adjuster who handled the Village's claim. The claims adjuster was produced in Chicago, Illinois.

3. After some disagreement over the location of the deposition, Linda Carwile (St. Paul's counsel) and Andy Greene (the Village's counsel) agreed that Sue Steele (who is a current St. Paul employee residing in San Antonio) would be produced in Chicago for her deposition in response to a Rule 30(b)(6) notice calling for testimony on subjects for which Sue Steele had been identified as a witness. Per that agreement, the Village issued a notice of deposition.

4. On July 16, 2008, Rory Dunne, Ms. Carwile's co-counsel, stated that the discussions regarding Sue Steele were "news" to him. St. Paul has subsequently stated that it will not abide by Ms. Carwile's agreement and produce Sue Steele in Chicago. The Village hereby seeks to enforce that agreement.

## BACKGROUND

5. This matter involves policies of insurance (the "Policies") issued by St. Paul to the Village, and St. Paul's refusal to pay defense costs incurred by the Village in the case of *Slee v. Suburban Medical Center At Hoffman Estates, Inc., et al.*, filed in the Circuit Court of Cook County, Illinois ("Underlying Lawsuit"). The Underlying Lawsuit alleged that the plaintiff had been injured as the result of mental health services provided by a Village social worker. The Village and its employees ultimately prevailed in the Underlying Lawsuit, and are now seeking recovery of their defense fee, as well as "bad faith" damages pursuant to 215 ILCS 5/155 ("Section 155").

6. The Policies expressly stated that St. Paul would defend the Village and its employees against claims arising out of alleged medical professional injuries. Because the allegations of Underlying Lawsuit appear to fit squarely within the Policies' definition of

2

covered claims, the Village has attempted to pin down St. Paul on the bases for its refusal to pay defense costs.

7. The Village first attempted to identify St. Paul's bases for refusing to defend through written interrogatories. (*See* Ex. B, Interrogatory No. 5). Despite Rule 33(c), which specifically allows for contention interrogatories, St. Paul objected to the Village's requests for this information, refused to answer, and merely referred to the declaration pages of the Policies. (*Id.*) In a telephone conversation on May 27, 2008 discussing St. Paul's answers to written discovery, Ms. Carwile stated that insurance underwriting was "art, not science," and that providing an exact basis for the denial was therefore difficult. In a letter dated June 2, 2008, Ms. Carwile confirmed that St. Paul would not specify the applicable policy provisions in writing. (Ex. C at 3-4).

8. During the May 27th conversation, Ms. Carwile took the position that the information the Village sought was best obtained through depositions. Sue Steele was the only current St. Paul employee who was identified in St. Paul's Rule 26(a) disclosures as knowledgeable about the underwriting of the Policy. Ms. Carwile stated that Ms. Steele was the most knowledgeable person about such issues.

9. Mr. Greene asked that Ms. Steele be produced in Chicago for her deposition. In response, Ms. Carwile took a rather complicated position: St. Paul would not produce Sue Steele in Chicago if noticed as an individual; but if the Village issued a Rule 30(b)(6) notice on matters for which Sue Steele was the most knowledgeable witness, then St. Paul would produce her in Chicago. (Ex. D).

10. In a subsequent telephone conversation, Mr. Greene offered the following solution. The Village would issue a Rule 30(b)(6) notice on subjects for which Sue Steele had

been identified as a witness in St. Paul's disclosures. In return, St. Paul would produce Sue Steele in Chicago.

11. Ms. Carwile agreed to this suggestion. Further, Mr. Greene and Ms. Carwile engaged in subsequent communications regarding the scheduling of Ms. Steele's deposition. An example of such communications is attached hereto. (Ex. E). The communications referred to Sue Steele specifically. *At no time did Ms. Carwile indicate that Sue Steele would not be produced per the agreement*.

12. On July 2, 2008, per the foregoing agreement, the Village issued a Notice of Deposition To St. Paul Mercury Insurance Company pursuant to Rule 30((b)(6) (the "Notice"). (Ex. F). The Notice seeks testimony on, among other things, the Policies at issue, and the underwriting thereof. The Notice also specifically seeks testimony concerning: "All matters for which Sue Steele was identified as likely to have discoverable information in St. Paul Mercury Insurance Company's Rule 26(a)(1) Disclosures," and "Sue Steele's personal knowledge of the matters for which she was identified as a person likely to have discoverable information…"

13. On July 16, 2008 – two weeks after the Notice had been served -- Mr. Greene asked Mr. Dunne to confirm Ms. Steele's appearance on the noticed date. Mr. Dunne stated that he had no knowledge of his co-counsel's prior conversations concerning Sue Steele, and that St. Paul would ***not*** produce Sue Steele in Chicago. (Ex. G).

14. The undersigned counsel has attempted in good faith to resolve this dispute. (Ex. H).

15. On July 21, 2008, Ms. Carwile indicated that St. Paul would not produce Ms. Steele in Chicago and disavowed any agreement. Ms Carwile further stated St. Paul reserved the

4

right to use Ms. Steele as a witness and that Mr. Dunne was unavailable by phone or e-mail. (Ex. I).

## ARGUMENT

16.  The Village has proceeded based upon its agreement with St. Paul concerning that location of the deposition of Sue Steele. The cut-off for discovery concerning St. Paul's duty to defend the Village in the Underlying Lawsuit is August 15, 2008. It is simply unfair for St. Paul to now, suddenly, attempt to back-out of its agreement. If St. Paul did not believe that such an agreement existed, it never stated as such when the Village asked for dates for Ms. Steele's deposition.

17.  Further, even absent any agreement, all the factors weigh in favor of Ms. Steele's deposition taking place in Chicago. Counsel for both parties are located in the Northern District of Illinois, all documents produced in this action (over ten bankers boxes) are in the District, the Policy was issued to the Village through St. Paul's agent (The Owens Group) whose offices are located in the District. *See Kasper v. Cooper Canada Ltd.*, 120 F.R.D. 58 (1988).

WHEREFORE, Plaintiff, The Village of Schaumburg respectfully requests that this Court enter an Order compelling Defendant St. Paul Mercury Insurance Company to produce its employee, Sue Steele, in Chicago, Illinois for her deposition on August 4, 2008 at 10:00 a.m, or such other date and time as mutually agreed by the parties.

Date:  July 21, 2008

                                      Respectfully submitted,

                                      **THE VILLAGE OF SCHAUMBURG**

                                      By: /s/ Andrew. R. Greene
                                      One of its Attorneys

Andrew R. Greene (ARDC #6225072)
Gabriela Nicolau (ARDC #6288457)
Johnston Greene, LLC
542 S. Dearborn Street
Suite 1310
Chicago, IL 60605
(312) 341-3900
(312) 341-0700 fax

## CERTIFICATE OF SERVICE

    I, Andrew R. Greene, an attorney of record in this matter, hereby state that on July 21, 2008, I electronically filed the foregoing Motion to Enforce Discovery Agreement, or Alternatively to Compel Deposition of Plaintiff's Employer, using CM/ECF SYSTEM which will send notification to all attorneys of record before the hour of 5:00 p.m. on this the 21st day of July, 2008.

                                                 By: /s/ Andrew. R. Greene