IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE VILLAGE OF SCHAUMBURG, an Illinois Municipal corporation, <br><br> Plaintiff, <br><br> v. <br><br> ST. PAUL MERCURY INSURANCE COMPANY, a Minnesota corporation, <br><br> Defendant. | ) ) ) ) ) ) ) ) Case No. 07-cv-6654 ) ) ) ) ) |

## ST. PAUL MERCURY INSURANCE COMPANY'S ANSWER TO THE VILLAGE OF SCHAUMBURG'S FIRST SET OF INTERROGATORIES

NOW COMES the Defendant, ST. PAUL MERCURY INSURANCE COMPANY ("St. Paul"), by and through its attorneys, Karbal, Cohen, Economou, Silk & Dunne, LLC, and for its answers to Plaintiff The Village of Schaumburg's First Set of Interrogatories, states as follows:

### PRELIMINARY STATEMENT

1. St. Paul has not completed its investigation of the facts relating to this case, nor has St. Paul completed its discovery or preparation for trial. Discovery is ongoing in this matter. Accordingly, the responses herein are made on the basis of information and documents presently available to St. Paul. St. Paul specifically reserves the right to supplement discovery and offer and/or rely at trial on subsequently discovered information or documents, or on information omitted from these responses as the result of any good faith oversight, error, or mistake.

2. The responses herein are made solely for the purpose of this action. St. Paul reserves the right to object to the use of any response in any other action. By providing information in response to any Interrogatory, St. Paul does not intend to authorize the use of such information in any other action than the one at bar, nor does it waive any right it may have to object to the further use of the information provided in this action, and thus reserves any and all rights St. Paul may have to further use.



EXHIBIT B

3. No incidental or implied omissions are intended by the responses herein. St. Paul's responses or objections to any Interrogatory, Production Request or part thereof are not intended as an admission that St. Paul accepts or admits the existence of any facts set forth or assumed by such Interrogatory or Production Request, or that such response or objection constitutes admissible evidence. The fact that St. Paul has provided documents in response to part or all of any Interrogatory or Production Request is not intended as a waiver by St. Paul to any other objection it may have to the Interrogatory or Production Request or to the admissibility of the documents produced.

## GENERAL OBJECTIONS

St. Paul hereby incorporates by reference, as if set forth therein, each of the following General Objections in their response to each of the individual Interrogatories propounded by Shorenstein. Each and every response herein is subject to the General Objections set forth below. These limitations and objections form a part of each and every response and are set forth herein to avoid the duplication and repetition of restating them for each response. Some or all of these General Objections may be specifically referred to in response to all or part of certain Interrogatories or Production Requests for the purpose of clarity. The absence of a reference to or failure to specifically incorporate a General Objection, however, should not be construed as a waiver of a General Objection as to a specific interrogatory or production request.

1. St. Paul objects to these Interrogatories to the extent that they seek information already in the possession, custody or control of Defendants or that is equally accessible and available to Defendants.

2. St. Paul objects to providing any information or documents in response to these Interrogatories that is protected by the attorney-client privilege or the work-product doctrine, privilege of self-critical analysis or any other applicable privilege, immunity, protection or restriction or that is otherwise not discoverable under the Federal Rules of Civil Procedure, the Local Rules for the District where this action is pending, any Order entered by the Court in this lawsuit, or common law.

3. St. Paul objects to these Requests to the extent they seek to require information or documents from person(s) or entity(ies) that are not parties to this litigation.

4. St. Paul's investigation of facts and discovery of documents and other information relating to the claims at issue in this action is continuing. St. Paul's responses to these Interrogatories are based only upon such information and documents as are available to, and known to, St. Paul and its respective current employees and agents at the time of such response. St. Paul anticipates that further independent investigation and analysis of the claims at issue in this action may reveal additional information that is sought by Defendants. St. Paul reserves the right to amend, modify and/or supplement any and all of its responses to these Interrogatories as additional information is obtained or becomes available or known to St. Paul.

5.    St. Paul reserves the right to modify, amend or supplement the responses set forth below and to produce additional responsive information and/or materials that are unavailable or have been unintentionally overlooked.

6.    Any responses made subject to objections are made to demonstrate a good faith effort to respond to an Interrogatory or Request and are not intended to constitute the waiver of any objection.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.    St. Paul objects to the Definitions and Instructions to the extent that they seek to extend or otherwise modify St. Paul's obligations under Federal Rules of Civil Procedure, local rules or common law.

2.    St. Paul objects to the Definition of "Document" and "documentation" to the extent that it is vague, overly broad and unduly burdensome and seeks information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks to impose obligations on St. Paul beyond those imposed by the Federal Rules of Civil Procedure or common law. St. Paul further objects to the extent that the Definition seeks to obtain production of material subject to the attorney-client privilege, the work product doctrine or any other applicable privilege, immunity, protection or restriction. St. Paul also objects to the extent this Definition seeks to include information outside of St. Paul's control or possession, information which is equally available and accessible to Plaintiff and/or information subject to a confidentiality and/or protective order.

3.    St. Paul objects to the Definitions of "Identify," "Identity" and/or "Identification" on the grounds that it is overly broad and unduly burdensome, and seeks information which is irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. St. Paul also objects to this Definition to the extent it seeks to impose obligations upon St. Paul beyond the obligations imposed by the Trial Rules, local rules or common law.

4.    St. Paul objects to the Definitions of "You" and/or "Your" to the extent that the Plaintiff seeks to include within such Definition persons or entities that are not subject to St. Paul's control. St. Paul further objects to the extent this Definition refers to agents, directors, employees, partners, corporate parent, subsidiaries or affiliates, who are not parties to this litigation and have not had any dealings with the Insured, the St. Paul Policies or the claims which are the subject of this litigation. St. Paul also objects to this Definition on the grounds that it is vague, ambiguous, overly broad and unduly burdensome, and imposes obligations upon St. Paul beyond the obligations imposed by the Trial Rules, local rules or common law.

5.    St. Paul objects to the Definitions of "Slee Lawsuit" and "the Village" on the grounds that they are vague, overly broad and unduly burdensome, and to the extent that said Definition implies that all individuals and entities referenced therein are insured under the St. Paul policies at issue in this litigation, including individuals and entities of which St. Paul is

unaware and for which no coverage is provided for under the policies at issue in the litigation. The Policies issued by St. Paul provide coverage to the named insured(s) thereunder in accordance with the terms and conditions of such Policies.

6. St. Paul objects to the Definition of "Person" or "Persons" to the extent that the Village seeks to include within such Definition persons or entities that are not subject to St. Paul's control. St. Paul further objects to the extent this Definition refers to agents, directors, employees, partners, corporate parent, subsidiaries or affiliates, who are not parties to this litigation and have not had any dealings with the Named Insured, the St. Paul Policies or the claims which are the subject of this litigation. St. Paul also objects to this Definition on the grounds that it is vague, ambiguous, overly broad and unduly burdensome, and imposes obligations upon St. Paul beyond the obligations imposed by the Trial Rules, local rules or common law.

7. St. Paul objects to the Definition of "Correspondence" on the grounds that it is overly broad and unduly burdensome, and to the extent the definitions seek to impose obligations beyond those imposed by the Federal Rules of Civil Procedure or common law. St. Paul further objects to the extent that the Definition seeks to obtain production of material subject to the attorney-client privilege, the work product doctrine or any other applicable privilege, immunity, protection or restriction. St. Paul also objects to the extent this Definition seeks to include information outside of St. Paul's control or possession, information which is equally available and accessible to Plaintiff and/or information subject to a confidentiality and/or protective order.

### ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:** List each and every person participating in the preparation of the answers to these interrogatories, indicating the person's title or position, present address and telephone number, and the interrogatories to which each person responded or participated.

**ANSWER:** St. Paul incorporates by reference its General Objections as if fully set forth herein. St. Paul further objects on the grounds that this Interrogatory seeks information that is proprietary and confidential and subject to the attorney-client and/or work-product privileges. Subject to and without waiving these objections, St. Paul states: Eric Brown, Senior Technical Specialist, Liability, Travelers; Alberta Squalls, Technical Specialist, Travelers; and Sue Steele, Underwriter, Travelers. These individuals may be contacted through the undersigned counsel.

**INTERROGATORY NO. 2:** For each paragraph in St. Paul's Answer and Affirmative Defenses, identify all individuals with knowledge of the facts admitted, denied, or asserted. For each such individual, identify the facts known by that individual, and the individual's name, address, telephone number, and place and position of employment.

**ANSWER:** St. Paul incorporates by reference its General Objections as if fully set forth herein. St. Paul objects to this Interrogatory on the grounds that it is vague and overly broad, is unduly burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence which is material or necessary to the prosecution or defense of this lawsuit. St. Paul further objects on the grounds that this Interrogatory seeks information that is proprietary and confidential and subject to the attorney-client and/or work-product privileges. Subject to and without waiving its objections, pursuant to FED.R.CIV.P. 33(d), St. Paul directs Plaintiff to St. Paul's Rule 26 Disclosures. St. Paul also directs Plaintiff to any and all documents produced by Plaintiff and to be produced in accordance with subpoenas issued in this matter. Investigation continues.

**INTERROGATORY NO. 3:** Identify all documents related to the facts alleged in Plaintiff's Complaint, and/or St. Paul's Answer and Affirmative Defenses.

**ANSWER:** St. Paul incorporates by reference its General Objections as if fully set forth herein. St. Paul also objects based on the attorney-client privilege, work-product privilege and any other legally recognized privilege. Subject to and without waiving its objections, pursuant to FED.R.CIV.P. 33(d), St. Paul directs Plaintiff to the documents produced pursuant to St. Paul's Rule 26 Disclosures and in response to Plaintiff's Request for Production of Documents. St. Paul also directs Plaintiff to any and all documents produced by Plaintiff and to be produced in accordance with subpoenas issued in this matter. Investigation continues.

**INTERROGATORY NO. 4:** Identify every policy provision, communication or document defining the persons, entities and/or facilities that are covered under the October 1, 1998 Policy and/or the October 1, 1999 Policy.

**ANSWER:** St. Paul incorporates by reference their General Objections as if fully set forth herein. St. Paul further objects to this Interrogatory to the extent it seeks information protected by the attorney-client and work-product privileges. St. Paul further objects on the ground that the interrogatory seeks a legal conclusion, which is the subject of the instant declaratory judgment action. Subject to and without waiving its objections, St. Paul directs Plaintiff to the St. Paul Policies, the St. Paul underwriting file and the St. Paul claim file for the Slee matter.

**INTERROGATORY NO. 5:** Identify all terms, conditions, limitations and/or exclusions that served as the basis for St. Paul's refusal to defend the Village and Larry Frank against all or some of the claims asserted in the Slee Lawsuit.

**ANSWER:** St. Paul incorporates by reference their General Objections as if fully set forth herein. St. Paul further objects on the ground that the interrogatory seeks a legal conclusion, which is the subject of this lawsuit. Subject to and without waiver of its objections, St. Paul directs Plaintiff to the St. Paul Policies, specifically the declaration pages for the Medical Professional Liability parts.

**INTERROGATORY NO. 6:** Identify every type of facility for which St. Paul provides coverage to any insured under the Medical Professional Liability Forms, and for each such type of facility, identify: (i) any policy provisions defining such type of facility; (ii) any information or forms that St. Paul requires from the insured to provide coverage for that facility; (iii) any guidelines or rules governing coverage for such type of facility; and (iv) any instance (including the insured and the date of the claim) in which St. Paul covered a claim for the type of facility when the type of facility was not specifically identified in the Medical Professional Liability Forms.

**OBJECTION:** St. Paul incorporates by reference their General Objections as if fully set forth herein. St. Paul objects to this Interrogatory on the grounds that it is vague and overly

broad, is unduly burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence which is material or necessary to the prosecution or defense of this lawsuit. St. Paul further objects on the ground that the interrogatory seeks a legal conclusion and seeks confidential information with respect to St. Paul's other insureds.

**INTERROGATORY NO. 7:** Identify all actions that the Village purportedly failed to take, and documents or information that the Village purportedly failed to provide to St. Paul, that caused St. Paul to refuse to defend the Village and Larry Frank against all or some of the claims asserted in the Slee Lawsuit.

**ANSWER:** St. Paul incorporates by reference their General Objections as if fully set forth herein. St. Paul objects to this Interrogatory on the grounds that it is vague and overly broad, is unduly burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence which is material or necessary to the prosecution or defense of this lawsuit. St. Paul further objects on the ground that the interrogatory seeks a legal conclusion. Subject to and without waiving its objections, St. Paul directs Plaintiff to the St. Paul underwriting file and the St. Paul claim file for the Slee matter.

**INTERROGATORY NO. 8:** Identify all policies, procedures and guidelines addressing the issuance of a Certificate Of Liability Insurance that is related to a policy of insurance issued by St. Paul.

**ANSWER:** St. Paul incorporates by reference their General Objections as if fully set forth herein. St. Paul objects to this Interrogatory on the grounds that it is vague and overly broad, is unduly burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence which is material or necessary to the prosecution or defense of this lawsuit. Subject to and without waiving its objections, St. Paul directs Plaintiff to the agency documents related to the Owens Group.

**INTERROGATORY NO. 9:**  Identify all individuals with knowledge of The Owens Group, Inc.'s authority to act on St. Paul's behalf, including but not limited to The Owens Group, Inc.'s authority to issue a Certificate of Liability for policies of insurance issued by St. Paul.

**ANSWER:**  St. Paul incorporates by reference their General Objections as if fully set forth herein. St. Paul objects to this Interrogatory on the grounds that it is vague and overly broad, is unduly burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence which is material or necessary to the prosecution or defense of this lawsuit. Subject to and without waiver of its objections, St. Paul states that there are no such persons as "Certificates of Liability" are not issued for St. Paul Policies.

**INTERROGATORY NO. 10:**  Identify the scope of The Owens Group, Inc.'s authority to act on St. Paul's behalf and/or to bind St. Paul. Specifically identify actions that The Owens Group, Inc. can and cannot undertake on St. Paul's behalf.

**ANSWER:**  St. Paul incorporates by reference their General Objections as if fully set forth herein. St. Paul objects to this Interrogatory on the grounds that it is vague and overly broad, is unduly burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence which is material or necessary to the prosecution or defense of this lawsuit. St. Paul further objects on the ground that the interrogatory seeks legal conclusions, which may be issues for the fact finder in this matter to decide. Subject to and without waiver of its objections, St. Paul directs Plaintiff to the agency documents related to The Owens Group. Investigation continues.

**INTERROGATORY NO. 11:**  Identify all individuals with knowledge of any Certificate of Liability provided to the Village or any of its employees that is related to a policy of insurance issued by St. Paul, including but not limited to the Certificate of Liability provided to the Village by The Owens Group, Inc. on or about March 5, 1999.

ANSWER: St. Paul incorporates by reference their General Objections as if fully set forth herein. Subject to and without waiver of its objections, St. Paul states see response to Interrogatory No. 9.

INTERROGATORY NO. 12: Identify each invoice (including date, invoice number, and law firm) received by St. Paul for legal fees and costs incurred in the Village's defense of the Slee Lawsuit, and for each such invoice identify the amount paid by St. Paul and the calculation used by St. Paul to determine the amount paid.

ANSWER: St. Paul incorporates by reference their General Objections as if fully set forth herein. St. Paul objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information already within the possession of Plaintiff. St. Paul also objects based on the attorney-client privilege, work-product privilege and any other legally recognized privilege. Subject to and without waiver of its objections, St. Paul directs Plaintiff to St. Paul's claim file for the Slee matter and to the deposition testimony of Eric Brown with respect to St. Paul's payment of defense fees and costs.

Dated: May 16, 2008

AS TO THE OBJECTIONS

_____
Rory T. Dunne

Rory T. Dunne
Linda J. Carwile
KARBAL, COHEN, ECONOMOU,
SILK & DUNNE, LLC
200 South Michigan Avenue, 20th Floor
Chicago, Illinois 60604
Tel:  (312) 431-3700
Fax:  (312) 431-3670
Firm ID No. 38100

## CERTIFICATE OF SERVICE

I, Rory T. Dunne, an attorney, state that I served a true and correct copy of the above and foregoing St. Paul Mercury Insurance Company's Answer to The Village of Schaumburg's First Set of Interrogatories to Defendants Interrogatories, to:

Andrew R. Greene, Esq.
JOHNSTON GREENE, LLC
542 South Dearborn Street
Suite 1310
Chicago, Illinois 60605

via hand delivery before 5:00 p.m. on May 16, 2008.

_____
Rory T. Dunne, Esq.