

**KARBAL | COHEN | ECONOMOU | SILK | DUNNE**
200 S. MICHIGAN AVENUE, 20TH FLOOR
CHICAGO, ILLINOIS 60604

LINDA J. CARWILE
Direct: (312) 431-3625
Fax: (312) 431-3670
lcarwile@karballaw.com

June 2, 2008

**VIA REGULAR U.S. MAIL
AND FACSIMILE**

Andrew R. Greene, Esq.
**JOHNSTON GREENE, LLC**
542 South Dearborn
Suite 1310
Chicago, Illinois 60605

    RE:  Suit:  *The Village of Schaumburg v. St. Paul Mercury Insurance Co.*
                    U.S. District Court for the Northern District of Illinois,
                    Eastern District; Case No. 07-cv-06654
    Our File No.: 12-099

Dear Mr. Greene:

    Pursuant to our discovery conference on Tuesday, May 27, 2008, I address each of the objections to St. Paul Mercury Insurance Company's ("St. Paul") discovery responses stated in your e-mail of May 19, 2008.

    St. Paul has produced all relevant responsive documents located as a result of its investigation thus far. We preface this by stating that St. Paul is still searching for additional documents that may be responsive; however, we do not believe any additional documents exist. We have also provided you with a privilege log showing documents withheld from production. Each of your objections is addressed below.

### Village's Objection to St. Paul's General Objections

"General: St. Paul asserts a number of "general" objections without specifying which requests/interrogatories are covered. Further, almost every response contains a series of objections, with an answer/response being provided "without waiving" the objections. The end result is that it is impossible to tell if any information/documents are being withheld subject to an objection, or if all responsive information/documents are being produced regardless of the objection. Therefore, for each response/answer, we ask that St. Paul state whether information is being withheld, and if so, on what basis."

312645_1.DOC



Andrew R. Greene, Esq.
June 2, 2008
Page 2 of 11



**St. Paul's Response**: We have produced a privilege log. In my opinion, that is all we are required to do under the Rules.

"General: please provide a privilege log of any documents/information withheld on the basis of privilege."

**St. Paul's Response**: See response above.

### Interrogatories

**INTERROGATORY NO. 2:** For each paragraph in St. Paul's Answer and Affirmative Defenses, identify all individuals with knowledge of the facts admitted, denied, or asserted. For each such individual, identify the facts known by that individual, and the individual's name, address, telephone number, and place and position of employment.

**ANSWER:** St. Paul incorporates by reference its General Objections as if fully set forth herein. St. Paul objects to this Interrogatory on the grounds that it is vague and overly broad, is unduly burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence which is material or necessary to the prosecution or defense of this lawsuit. St. Paul further objects on the grounds that this Interrogatory seeks information that is proprietary and confidential and subject to the attorney-client and/or work-product privileges. Subject to and without waiving its objections, pursuant to FED.R.CIV.P. 33(d), St. Paul directs Plaintiff to St. Paul's Rule 26 Disclosures. St. Paul also directs Plaintiff to any and all documents produced by Plaintiff and to be produced in accordance with subpoenas issued in this matter. Investigation continues.

**Plaintiff's Objection:**
"Interrogatory No. 2: So that we can decide whom to depose, and prepare for those depositions, we need to know which individuals have knowledge on what issues. Therefore, we ask that you identify which individuals have knowledge of which facts."

**St. Paul's Response**: We have directed you to St. Paul's Rule 26 disclosures. Eric Brown is most knowledgeable about the claim file. John Liptak is most knowledgeable about the underwriting of the St. Paul policies issued to the Village. Sue Steel has knowledge of general underwriting. Obviously, others at St. Paul have some knowledge, you can determine as best as we can who these individuals are from the claim and underwriting file, which we have identified and provided to you. The individuals referenced in those files may or may not have knowledge of the claim and underwriting files at issue in this case. Since the events that happened up to ten years ago, the people who were not significantly involved likely have little recollection. However, this is a judgment call that you must make. We suggest you take their depositions. Rest assured that should we discover any individuals with knowledge significant to this litigation, we will disclose them as were are required to do under the Federal Rules.

312645_1.DOC

Andrew R. Greene, Esq.
June 2, 2008
Page 3 of 11



\* \* \*

**INTERROGATORY NO. 4:** Identify every policy provision, communication or document defining the persons, entities and/or facilities that are covered under the October 1, 1998 Policy and/or the October 1, 1999 Policy.

**ANSWER:** St. Paul incorporates by reference their General Objections as if fully set forth herein. St. Paul further objects to this Interrogatory to the extent it seeks information protected by the attorney-client and work-product privileges. St. Paul further objects on the ground that the interrogatory seeks a legal conclusion, which is the subject of the instant declaratory judgment action. Subject to and without waiving its objections, St. Paul directs Plaintiff to the St. Paul Policies, the St. Paul underwriting file and the St. Paul claim file for the Slee matter.

**Plaintiff's Objection:**
"Interrogatory No. 4: The question of which "facilities" are covered under the policies is a major issue in this case. Therefore, the identity of any policy provision, communication or document defining such facilities is highly relevant. Merely directing us to the policy and files is not sufficient, given that there is a disagreement over whether the documents actually restrict the definition of facilities. Further, as you are aware, "an interrogatory is not objectionable merely because it asks for an opinion or contention that relates to a fact or the application of law to fact...". Therefore, please provide a response to this interrogatory."

**St. Paul's Response:** As we have discussed, the declaration page of the Medical Professional Policy in conjunction with the claim file and underwriting file are the documents relevant to this particular risk. You may not like the answer, but we have answered the interrogatory.

\* \* \*

**INTERROGATORY NO. 5:** Identify all terms, conditions, limitations and/or exclusions that served as the basis for St. Paul's refusal to defend the Village and Larry Frank against all or some of the claims asserted in the Slee Lawsuit.

**ANSWER:** St. Paul incorporates by reference their General Objections as if fully set forth herein. St. Paul further objects on the ground that the interrogatory seeks a legal conclusion, which is the subject of this lawsuit. Subject to and without waiver of its objections, St. Paul directs Plaintiff to the St. Paul Policies, specifically the declaration pages for the Medical Professional Liability parts.

**Plaintiff's Objection:**
"Interrogatory No. 5: For the same reasons that apply to Interrogatory No. 4, please provide all terms, conditions, limitations and/or exclusions that served as the basis for St. Paul's refusal to defend. We have a right to know St. Paul's position as to which exact contractual language is at issue."

312645_1.DOC



**St. Paul's Response**: We have answered this interrogatory. Moreover, we have provided you with St. Paul's denial and reservation of rights letters. You also have deposition testimony from Eric Brown.

* * *

**INTERROGATORY NO. 6**: Identify every type of facility for which St. Paul provides coverage to any insured under the Medical Professional Liability Forms, and for each such type of facility, identify: (i) any policy provisions defining such type of facility; (ii) any information or forms that St. Paul requires from the insured to provide coverage for that facility; (iii) any guidelines or rules governing coverage for such type of facility; and (iv) any instance (including the insured and the date of the claim) in which St. Paul covered a claim for the type of facility when the type of facility was not specifically identified in the Medical Professional Liability Forms.

**OBJECTION**: St. Paul incorporates by reference their General Objections as if fully set forth herein. St. Paul objects to this Interrogatory on the grounds that it is vague and overly broad, is unduly burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence which is material or necessary to the prosecution or defense of this lawsuit. St. Paul further objects on the ground that the interrogatory seeks a legal conclusion and seeks confidential information with respect to St. Paul's other insureds.

**Plaintiff's Objection**:
"Interrogatory No. 6: Again, contention interrogatories are expressly allowed by the Federal Rules. And the fact that information may relate to other insureds does not make the interrogatory objectionable; in fact, whether St. Paul has covered similar claims for similar facilities is highly relevant. St. Paul has taken the position that the Village did not properly apply for or obtain coverage for the Family Counseling Center facility, even though there is no language in the actual policy that would lead one to such a result. We therefore have a right to information concerning how St. Paul defines various facilities, and how St. Paul decides whether to cover various facilities. Please provide an answer to this interrogatory."

**St. Paul's Response**: We do not believe this is a contention interrogatory. Nevertheless, we will withhold information directly involving other insureds unless a court compels us to disclose such information. We do not believe such information is relevant to this case. In addition, such an information request represents an unreasonable burden to St. Paul. Moreover, the Medical Liability Form has not been used in several years.

* * *

**INTERROGATORY NO. 7**: Identify all actions that the Village purportedly failed to take, and documents or information that the Village purportedly failed to provide to St. Paul, that caused

Andrew R. Greene, Esq.
June 2, 2008
Page 5 of 11



St. Paul to refuse to defend the Village and Larry Frank against all or some of the claims asserted in the Slee Lawsuit.

**ANSWER:** St. Paul incorporates by reference their General Objections as if fully set forth herein. St. Paul objects to this Interrogatory on the grounds that it is vague and overly broad, is unduly burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence which is material or necessary to the prosecution or defense of this lawsuit. St. Paul further objects on the ground that the interrogatory seeks a legal conclusion. Subject to and without waiving its objections, St. Paul directs Plaintiff to the St. Paul underwriting file and the St. Paul claim file for the Slee matter.

**Plaintiff's Objection**
"Interrogatory No. 7: St. Paul has taken the position that the Village did not properly apply for or obtain coverage for the Family Counseling Center facility. We have a right to know what forms/information/actions the Village purportedly failed to take to apply for such coverage. Please provide an answer to this interrogatory."

**St. Paul's Response:** Please state the source of your statement that St. Paul has taken a position that the Village did not properly apply for or obtain coverage for the Family counseling Center facility. We have directed you to the underwriting file. You are asking us to answer a negative. The underwriting file shows no request made by the Village to cover its social workers. Even if such coverage was requested and available, it would be up to the underwriting department to determine based on the specific details of the risk whether it would insure such a risk and under what circumstances.

* * *

**INTERROGATORY NO. 8:** Identify all policies, procedures and guidelines addressing the issuance of a Certificate Of Liability Insurance that is related to a policy of insurance issued by St. Paul.

**ANSWER:** St. Paul incorporates by reference their General Objections as if fully set forth herein. St. Paul objects to this Interrogatory on the grounds that it is vague and overly broad, is unduly burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence which is material or necessary to the prosecution or defense of this lawsuit. Subject to and without waiving its objections, St. Paul directs Plaintiff to the agency documents related to the Owens Group.

**Plaintiff's Objection:**
"Interrogatory No. 8: Is it St. Paul's position that the Owens Group agency documents contain the ONLY written documents related to Certificates of Liability Insurance?"

312645_1.DOC

Andrew R. Greene, Esq.
June 2, 2008
Page 6 of 11



**St. Paul's Response:** Owens issued Certificates of Insurance in this matter – not St. Paul. That being said, there may be copies of certificates of insurance in the St. Paul claim and underwriting files. With respect to the identification of "all policies, procedures and guidelines addressing the issuance of a Certificate Of Liability Insurance that is related to a policy of insurance issued by St. Paul" – the Interrogatory is unlimited in scope and thus unduly burdensome. With respect to the policies of insurance issued to the Village, we direct you to The Owens Group agency file, as already stated in our Answer to this Interrogatory. St. Paul has not located any other responsive documents. However, if such documents are found, we will produce them.

\* \* \*

**INTERROGATORY NO. 9:** Identify all individuals with knowledge of The Owens Group, Inc.'s authority to act on St. Paul's behalf, including but not limited to The Owens Group, Inc.'s authority to issue a Certificate of Liability for policies of insurance issued by St. Paul.

**ANSWER:** St. Paul incorporates by reference their General Objections as if fully set forth herein. St. Paul objects to this Interrogatory on the grounds that it is vague and overly broad, is unduly burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence which is material or necessary to the prosecution or defense of this lawsuit. Subject to and without waiver of its objections, St. Paul states that there are no such persons as "Certificates of Liability" are not issued for St. Paul Policies.

**Plaintiff's Objection:**
"Interrogatory No. 9: We have a right to know the identities of individuals who have knowledge of the Owens Group's scope of authority to act on St. Paul's behalf (what they can and cannot do). This includes the Owens Group's authority to issue Certificates of Liability Insurance."

**St. Paul's Response:** We have not located a person with sufficient knowledge at this time. Should we become aware of such a person, we will disclose that person. Our investigation continues.

\* \* \*

**INTERROGATORY NO. 10:** Identify the scope of The Owens Group, Inc.'s authority to act on St. Paul's behalf and/or to bind St. Paul. Specifically identify actions that The Owens Group, Inc. can and cannot undertake on St. Paul's behalf.

**ANSWER:** St. Paul incorporates by reference their General Objections as if fully set forth herein. St. Paul objects to this Interrogatory on the grounds that it is vague and overly broad, is unduly burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence which is material or necessary to the prosecution or defense of this lawsuit. St. Paul further objects on the ground that the interrogatory seeks legal conclusions, which may be issues for the fact finder in this matter to decide. Subject to and

312645_1.DOC



without waiver of its objections, St. Paul directs Plaintiff to the agency documents related to The Owens Group. Investigation continues.

**Plaintiff's Objection:**
"Interrogatory No. 10: The agency documents aside, we are entitled to have St. Paul's position as to what the Owens Group can and cannot do. Please provide us with St. Paul's position."

**St. Paul's Response:** The Agency Agreement has been produced, which is a contract and speaks for itself. Further, we have not yet been able to locate persons with actual knowledge of the terms of the contract.

\* \* \*

**INTERROGATORY NO. 11:** Identify all individuals with knowledge of any Certificate of Liability provided to the Village or any of its employees that is related to a policy of insurance issued by St. Paul, including but not limited to the Certificate of Liability provided to the Village by The Owens Group, Inc. on or about March 5, 1999.

**ANSWER:** St. Paul incorporates by reference their General Objections as if fully set forth herein. Subject to and without waiver of its objections, St. Paul states see response to Interrogatory No. 9.

**Plaintiff's Objection:**
"Interrogatory No. 11: We are trying to identify individuals whom have knowledge of Certificates of Liability Insurance issued to the Village. Again, please provide such identities. If St. Paul cannot identify such individuals, and is willing to be precluded from offering any testimony about this issue, please let me know that as well."

**St. Paul's Response:** The Owens Group, N.P. Masse. Other than that, we are endeavoring to find persons with knowledge. If such persons are found, we will disclose them.

\* \* \*

**INTERROGATORY NO. 12:** Identify each invoice (including date, invoice number, and law firm) received by St. Paul for legal fees and costs incurred in the Village's defense of the Slee Lawsuit, and for each such invoice identify the amount paid by St. Paul and the calculation used by St. Paul to determine the amount paid.

**ANSWER:** St. Paul incorporates by reference their General Objections as if fully set forth herein. St. Paul objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information already within the possession of Plaintiff. St. Paul also objects based on the attorney-client privilege, work-product privilege and any other legally recognized privilege. Subject to and without waiver of its objections, St. Paul directs Plaintiff to

Andrew R. Greene, Esq.
June 2, 2008
Page 8 of 11



St. Paul's claim file for the Slee matter and to the deposition testimony of Eric Brown with respect to St. Paul's payment of defense fees and costs.

**Plaintiff's Objection:**
"Interrogatory No. 12: I was quite surprised by this objection. In addition to disputing the fact that St. Paul has any duty to pay defense costs, my understanding was that St. Paul is disputing the amount of the defense costs for which it would be liable. If that's the case, we have a right to details on how St. Paul calculated what should be paid on each invoice. Eric Brown provided generalities, but did not remember specifics."

**St. Paul's Response:** We have identified and produced all legal invoices contained within the claim file for the Slee case. Eric Brown testified that all costs were paid by St. Paul, Miller's fees were paid by St. Paul and that pursuant to the agreement with the Village, $200 per hour of the Village's independent counsel's fees were paid by St. Paul. To the extent St. Paul can generate a report showing the amount paid on each invoice, we will request and produce such a report.

### Document Requests

4. All documents related to the Medical Professional Liability Forms, including but not limited to: (i) all documents related to the drafting of the Medical Professional Liability Forms; and (ii) all policies, procedures, and guidelines governing the interpretation of the Medical Professional Liability Forms.

**OBJECTION:** St. Paul incorporates by reference its General Objections as if fully set forth herein. St. Paul objects to this Request on the grounds that it is vague and overly broad, is unduly burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence which is material or necessary to the prosecution or defense of this lawsuit. St. Paul also objects to this Request to the extent it seeks to obtain information protected by the attorney-client privilege or the work-product doctrine, common interest privilege, privilege of self-critical analysis or any other applicable privilege, immunity, protection or restriction; seek to obtain confidential and proprietary information and/or trade secrets, and/or information which is otherwise protected.

**Plaintiff's Objection:**
"Document Request No. 4: St. Paul declined coverage under the Medical Professional Liability Form. Therefore, we have a right to any documents related to the interpretation of such form."

**St. Paul's Response:** No such documents have been located outside of the claim and underwriting files.

\* \* \*

312645_1.DOC

Andrew R. Greene, Esq.
June 2, 2008
Page 9 of 11



6. All documents related to information that St. Paul must receive from an insured to provide coverage under the Medical Professional Liability Forms.

**RESPONSE:** St. Paul incorporates by reference its General Objections as if fully set forth herein. St. Paul objects to this Request on the grounds that it is vague and overly broad, is unduly burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence which is material or necessary to the prosecution or defense of this lawsuit. St. Paul also objects to this Request to the extent it seeks to obtain information protected by the attorney-client privilege or the work-product doctrine, common interest privilege, privilege of self-critical analysis or any other applicable privilege, immunity, protection or restriction; seek to obtain confidential and proprietary information and/or trade secrets, and/or information which is otherwise protected. Subject to and without waiving its objections, St. Paul directs Plaintiff to St. Paul's underwriting file. St. Paul further responds that its investigation continues and it reserves the right to supplement its Response to this Request.

**Plaintiff's Objection:**
"Document Request No. 6: Isn't it St. Paul's position that coverage for the FCC and social workers wasn't "requested"? If so, I assume there are documents that reflect information that should be provided that purportedly wasn't provided? Please provide such documents, or affirmatively state that none exist."

**St. Paul's Response:** No such documents exist to the best of the Company's knowledge – outside of the underwriting file for the policies at issue and the attempted renewal of the 1999-2000 policy.

\* \* \*

7. All documents related to any policies, procedures and/or guidelines addressing the issuance of a Certificate Of Liability Insurance that is related to a policy of insurance issued by St. Paul.

**RESPONSE:** St. Paul incorporates by reference its General Objections as if fully set forth herein. St. Paul objects to this Request on the grounds that it is vague and overly broad, is unduly burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence which is material or necessary to the prosecution or defense of this lawsuit. St. Paul also objects to this Request to the extent it seeks to obtain information protected by the attorney-client privilege or the work-product doctrine, common interest privilege, privilege of self-critical analysis or any other applicable privilege, immunity, protection or restriction; seek to obtain confidential and proprietary information and/or trade secrets, and/or information which is otherwise protected. Subject to and without waiving its objections, St. Paul will produce its Agency documents with the Owens Group applicable to the St. Paul Policies at issue in the instant litigation.

Andrew R. Greene, Esq.
June 2, 2008
Page 10 of 11



**Plaintiff's Objection:**
"Document Request No. 7: Is it St. Paul's position that the Owens Group agency documents contain the ONLY written documents related to Certificates of Liability Insurance?"

**St. Paul's Response:** Your objection is in the form of an Interrogatory. We have answered the document request. Should St. Paul discover any other responsive documents, we will produce them.

\* \* \*

10. All documents related to any Certificate of Liability provided to the Village or any of its employees that is related to a policy of insurance issued by St. Paul, including but not limited to the Certificate of Liability provided to the Village by The Owens Group, Inc. on or about March 5, 1999.

**RESPONSE:** St. Paul incorporates by reference its General Objections as if fully set forth herein. St. Paul also objects to this Request to the extent it seeks to obtain information protected by the attorney-client privilege or the work-product doctrine, common interest privilege, privilege of self-critical analysis or any other applicable privilege, immunity, protection or restriction; seek to obtain confidential and proprietary information and/or trade secrets, and/or information which is otherwise protected. St. Paul also objects to this Request to the extent the Request to the extent seeks information from an entity that is not a party to this litigation and seeks information that is not within the possession or control of Defendant and/or is equally available to Plaintiffs from other sources. Subject to and without waiving its objections, St. Paul states that it is not aware of any document entitled "Certificate of Liability".

**Plaintiff's Objection:**
"Document Request No. 10: I realize that the word "Insurance" was left off of the term "Certificate of Liability." However, the term has been used enough in our requests that I think it was clear what we were asking. In light of that, please provide all such documents or identify the specific basis on which you are withholding such documents."

**St. Paul's Response:** We have responded to the Document Request asked. If you would like to make a different request, please issue it and we will respond.

\* \* \*

11. All documents related to St. Paul's policies, procedures and guidelines concerning the payment of legal fees and costs in the defense of its insureds.

**RESPONSE:** St. Paul incorporates by reference its General Objections as if fully set forth herein. St. Paul objects to this Request on the grounds that it is vague and overly broad, is unduly burdensome and seeks information that is irrelevant and not reasonably calculated to lead



to the discovery of admissible evidence which is material or necessary to the prosecution or defense of this lawsuit. St. Paul further objects to this Request on the ground that it is not sufficiently narrowly tailored in time and scope. St. Paul also objects to this Request to the extent it seeks to obtain information protected by the attorney-client privilege or the work-product doctrine, common interest privilege, privilege of self-critical analysis or any other applicable privilege, immunity, protection or restriction; seek to obtain confidential and proprietary information and/or trade secrets, and/or information which is otherwise protected. Subject to and without waiving its objections, please see St. Paul Case Handling Guidelines.

**Plaintiff's Objection:**
"Document Request No. 11: Are the Case Handling Guidelines the only responsive documents, or are there additional documents that are being withheld?"

**St. Paul's Response**: St. Paul does control an insured's independent counsel; however, St. Paul does dispute their bills when merited. We direct you to the e-mail between Barb Forrey and Eric Brown in the St. Paul claim file and to Eric Brown's deposition. We also refer you to St. Paul's reservation of rights letter to the Village in the claim file.

Very truly yours,
KARBAL | COHEN | ECONOMOU | SILK | DUNNE

Linda J. Carwile

LJC:cgb

312645_1.DOC