IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE VILLAGE OF SCHAUMBURG, an Illinois Municipal corporation, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No.  07-cv-6654 |
| ST. PAUL MERCURY INSURANCE COMPANY, a Minnesota corporation, ) ) ) ) | Judge Marvin E. Aspen |
| Defendant. ) | Magistrate Judge Michael T. Mason |

**ST. PAUL MERCURY INSURANCE COMPANY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE AGREEMENT AND CROSS-MOTION FOR PROTECTIVE ORDER**

Defendant, St. Paul Mercury Insurance Company ("St. Paul"), by and through its undersigned counsel, hereby submits its Response In Opposition To Plaintiff, The Village of Schaumburg's ("the Village"), Motion to Enforce Agreement And Cross-Motion For Protective Order, and in support thereof, respectfully states as follows:

**INTRODUCTION**

The instant discovery dispute arises from a longstanding disagreement regarding the location of depositions for St. Paul's former and current employees. St. Paul has taken the position that witnesses that are not its officers, directors, managing agents or other witnesses St. Paul designates to testify on its behalf must be produced at a location convenient to those witnesses. St. Paul has also stated that it will produce corporate designees responsive to a Rule 30(b)(6) notice in this District. Conversely, Plaintiff has maintained that all of St. Paul's employees must be produced in this District. Specifically, the instant dispute concerns the deposition of St. Paul employee, Sue Steele, who resides and works in San Antonio, Texas.

KCESD_345829_1.DOC

Plaintiff's only attempt to obtain her deposition was via a Rule 30(b)(6) notice directed to St. Paul, in which Plaintiff designates Ms. Steele to testify on behalf of St. Paul. Despite the fact that St. Paul has designed a more knowledgeable person to testify on deposition topics related to underwriting matters and Defendant's offer to make Sue Steele available in San Antonio as a fact witness, Plaintiff has moved this Court to order Ms. Steele to travel to Chicago for her deposition pursuant to Rule 30(b)(6). Plaintiff alternatively argues that St. Paul's counsel unequivocally agreed to produce Ms. Steele in Chicago pursuant to the issuance of Plaintiff's 30(b)(6) Notice. As demonstrated in this brief, this is simply untrue and a mischaracterization of the discussions between counsel for the parties. Accordingly, St. Paul cross-moves for a protective order to strike certain matters of examination contained in Plaintiff's Notice of Deposition of St. Paul and to require Plaintiff to take the deposition of Ms. Steele as a fact witness and in accordance with the requirements set forth by the applicable Federal Rules of Civil Procedure.

## **BACKGROUND FACTS**

This matter involves a policy of insurance issued by St. Paul to the Village, and a dispute over whether St. Paul had a duty to defend the initial complaint in the case of *Slee v. Suburban Medical Center At Hoffman Estates, Inc., et al.*, Case No. 00 L 3846, filed in the Circuit Court of Cook County, Illinois (the "Underlying Lawsuit") and the amount of fees that St. Paul was required to pay for the Village's independent counsel in the Underlying Lawsuit after the filing of an amended complaint in 2003. The Underlying Lawsuit was initially filed in 2000 in the Circuit Court of Cook County, Illinois, alleging negligence and wrongful death claims against the Village and one of its social workers. At that time, St. Paul refused the Village's tender of defense on the ground that there was no coverage for social workers' malpractice. Contrary to Plaintiff's statement that "[t]he policies expressly stated that St. Paul would defend the Village

and its employees against claims arising out of alleged medical professional injuries" (Plaintiff's Motion at ¶ 6), the St. Paul Policies specifically and expressly limit medical professional coverage to Emergency Medical Techs, with the later addition of Nurses.

In 2003, an amended complaint was filed in the Underlying Lawsuit adding new counts against additional Village employees.  St. Paul accepted the Village's tender of defense under a reservation of rights.  St. Paul also entered into an agreement with the Village wherein St. Paul contends it was agreed that St. Paul would pay a cap of $200 towards the Village's independent counsel defense fees.

The Village and its employees ultimately prevailed in the Underlying Lawsuit, and St. Paul has reimbursed the Village for a portion of the legal fees incurred by the Village's independent counsel for the defense of the Village in the Underlying Lawsuit.  The Village filed the instant lawsuit against St. Paul for the remainder of its fees and costs, and has asserted claims against St. Paul for declaratory relief, breach of contract and "bad faith" pursuant to 215 ILCS 5/155 ("Section 155").  St. Paul denies that it has any further obligation to the Village beyond the fees and expenses that it has already paid for the Village's defense.  Thus, the issues in this case may be boiled down to:  (1) whether St. Paul had a duty to defend the initial Complaint, which St. Paul contends did not trigger coverage under the St. Paul policy for the Village's social workers; and (2) whether St. Paul and the Village had an agreement wherein St. Paul's defense obligation after the filing of an underlying amended complaint in 2003, would be limited to paying $200 toward the fees charged by the Village's independent defense counsel.

On June 13, 2007, the parties jointly moved to bifurcate discovery in this case, with the first phase involving the duty to defend and second phase relating to damages.  (See Docket No. 24.)  Relevant to the duty to defend issue, which is the subject of current discovery, St. Paul has

produced its claim and underwriting files, offered claim handler Eric Brown for deposition in Chicago prior to his deployment to Afghanistan, and offered Sheri Jahnke, Director of Specialty Underwriting Services for Travelers, for deposition in Chicago. Plaintiff has also deposed the lead underwriter for St. Paul for the Village account, former employee John Liptak.

Early on in this litigation, Plaintiff's counsel had insisted that it was St. Paul's responsibility to bring all of their current and former employees to Chicago so that they may be deposed by the Plaintiff. (See e-mail exchanges between Linda Carwile and Andrew Greene, dated May 29, 2008, attached hereto at Exhibit A; see also Plaintiff's Motion at Exhibit D.) St. Paul disagreed with Plaintiff's position on the required location of witnesses. (Id.) As a compromise, Plaintiff agreed to pay for airfare and lodging if non-party witnesses agreed to come to Chicago for their depositions. (See Plaintiff's Motion at Exhibit D.) As former St. Paul employees, John Liptak (Cleveland) and Vanessa Yacola (Baltimore), accepted Plaintiff's offer, St. Paul had no objections to this arrangement so long as the non-party witnesses were willing to travel to Chicago.

On May 29, 2008, Plaintiff's counsel inquired when Sue Steele is available and whether St. Paul will voluntarily produce her in Chicago. (Id.) That same day, St. Paul's counsel stated: "Sue Steele resides in Texas, not Chicago. If you want to depose her as a witness, we will need to go there. If you notice a 30(b)(6) on a matter that she would be most qualified to testify and we produce Sue as a company rep, then we will produce her here in Chicago. Please advise what you are inclined to do." (Id.) Plaintiff's counsel responded as follows: "On Sue Steele, am I correct that she is still a St. Paul employee? If so, while it's still a matter of discretion for the Court, I believe our position is very strong for having the deposition here . . . ." (See e-mail exchange between Andrew Greene and Linda Carwile attached hereto at Exhibit B.)

On June 12, 2008, counsel for St. Paul discovered an "over authority" underwriting file maintained by Sheri Jahnke. The "over authority" file was separate from the general underwriting file for the Village account. St. Paul disclosed this new information, including the identity of Ms. Jahnke, and supplemented its production of documents to Plaintiff. On that same day, the Village asked for available dates for the deposition of Sue Steele. (See Plaintiff's Motion at Exhibit E.)

On July 2, 2008, the Village issued its Notice of Deposition to St. Paul Mercury Insurance Company pursuant to Fed. R. Civ. P. 30(b)(6). (See Plaintiff's Motion at Exhibit F.) St. Paul served its Objections and Response to the Village's 30(b)(6) Notice of Deposition on July 24, 2008, a true and accurate copy of which is attached hereto at Exhibit C. St. Paul designated Sheri Jahnke as its corporate designee on all underwriting matters because St. Paul considers Ms. Jahnke more knowledgeable on underwriting than Ms. Steele given Ms. Jahnke's position as Director of Specialty Underwriting. St. Paul is producing Ms. Jahnke for deposition in Chicago on August 5, 2008.

## ARGUMENT

A. PORTIONS OF PLAINTIFF'S NOTICE OF DEPOSITION ARE DEFECTIVE PURSUANT TO FED. R. CIV. P. 30(b)(6) BECAUSE IT IMPROPERLY DESIGNATES WITNESSES TO TESTIFY ON BEHALF OF ST. PAUL.

Plaintiff has improperly noticed the deposition of St. Paul under Fed. R. Civ. P. 30(b)(6). Plaintiff's Notice of Deposition of St. Paul states that it is issued pursuant to Fed. R. Civ. P. 30 and 30(b)(6). (See Plaintiff's Motion at Exhibit F.) However, the attached rider contains the following topics for examination:

> No. 6. All matters for which Sue Steele was identified as likely to have discoverable information in St. Paul Fire Mercury's Insurance Company's Rule 26(a)(1) Disclosures.

      No. 7.  Sue Steele's personal knowledge of the matters for which she was identified as a person likely to have discoverable information in St. Paul Fire Mercury Insurance Company's Rule 26(a)(1) Disclosures.

      No. 8.  All matters for Sheri Jahnke was identified as a witness in Linda Carwile's email to Andrew Greene dated June 12, 2008.

      No. 9.  Sheri Jahnke's personal knowledge of the matters for which she was identified as a witness in Linda Carwile's email to Andrew Greene dated June 12, 2008.

Plaintiff's designation of Sue Steele and Sheri Jahnke to testify on behalf of St. Paul is in direct contradiction to the unambiguous language of Fed. R. Civ. P. 30(b)(6), which states as follows (emphasis added):

> (b)     Notice of the Deposition; Other Formal Requirements.
> matters.
>
> (6)     Notice or Subpoena Directed to an Organization.  In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. **The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf**; **and it may set out the matters on which each person designated will testify**.  A subpoena must advise a nonparty organization of its duty to make this designation.  The persons designated must testify about information known or reasonably available to the organization.  This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

According to the 1970 Advisory Committee Notes, Rule 30(b)(6) was intended to:  (1) reduce the difficulties in determining, prior to taking of a deposition, whether a particular employee or agent is a "managing agent"; (2) curb the "bandying" by which officers or managing agents of a corporation are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to it; and (3) assist organizations

which find that an unnecessarily large number of their officers and agents are being deposed by a party uncertain of who in the organization has knowledge. See Moore's Federal Practice 3d, § 30.25[1] (2004).

A deposition notice to a corporation that fails to allow that corporation to designate persons testifying on its behalf clearly does not comply with Rule (30)(b)(6). See Dent-A-Med, Inc. v. Lifetime Smiles, P.C., 2006 U.S. Dist. Lexis 80148, Case No. 04 C 4780, at p. ***7**-9 (N.D. Ill. November 1, 2006)[1] (ruling defendant did not properly notice 30(b)(6) deposition where notice was issued to employee, did not specify the matters on which examination sought and did not allow corporation to designate a knowledgeable person to testify on its behalf); Bradley Sears and Bradwell Midwest Limited v. American Entertainment Group, 1995 U.S. Dist. Lexis 1754, No. 94 C 0165, at p. *1-2 (N.D. Ill. February 13, 1995) (granting motion for protective order regarding notice of deposition because notice was defective under both Rule (30)(b)(6) and 30(b)(1) and stating: "Since plaintiff has designated the deponents, the Notice cannot be made pursuant to rule 30(b)(6)."); Operative Plasterers & Cement Masons Int'l Ass'n of the United States and Canada AFL-CIO v. Benjamin, 144 F.R.D. 87, 89-90 (N.D. Ind. 1992) (granting motion for protective order to corporation because notice of deposition issued under Rule 30(b)(6) was defective as it stated specific individuals as deponents, failed to describe the subject matter of the examination, and gave no indication, apart from citation to Rule 30(b)(6), that the deponents are expected to testify on behalf of the corporation).

Thus, based on the plain language of Rule 30(b)(6) and the foregoing caselaw, it is the corporation to be deposed that selects the person in the organization to testify on its behalf and not the party noticing the deposition. With respect to the above-referenced matters listed in

---

[1] For the Court's convenience, a copy of all unpublished cases referenced herein are attached hereto as Group Exhibit D.

KCESD_345829_1.DOC 7

Plaintiff's Notice of Deposition of St. Paul, St. Paul has not been given the opportunity to designate individuals to testify on its behalf. Accordingly, these matters should be stricken from Plaintiff's Notice of Deposition and Plaintiff's Motion to Compel should be denied. Alternatively, St. Paul seeks a protective order quashing Plaintiff's Notice of Deposition with respect to Plaintiff's Examination Matters 6-9.

B.  PLAINTIFF IS REQUIRED TO SUBPOENA SUE STEELE FOR DEPOSITION IN TEXAS.

Rule 45 of the Federal Rules of Civil Procedure sets forth the procedures for service of subpoenas to nonparty witnesses. Rule 45(b)(2) states:

> Subject to Rule 45(c)(3)(A)(ii), a subpoena may be served at any place:
>
> (A) within the district of the issuing court;
> (B) outside that district but within 100 miles of the place specified for the deposition . . .;
> (C) within the state of the issuing court if a state statute or court rule allows service at that place of a subpoena issued by a state court of general jurisdiction sitting in place specified for the deposition . . . ; or
> (D) that the court authorizes on motion and for good cause, if a federal statute so provides."

Fed. R. Civ. P. 45(b)(2). Rule 45(b)(2) provides that a subpoena properly issued under that Rule may be quashed if it requires a witness to travel more than 100 miles from the place where the witness resides, works or regularly transacts business. See Fed. R. Civ. P. 45(c)(3)(A)(ii); Jamsports and Entertainment, LLC v. Paradama Productions, Inc., 2005 U.S. Dist. Lexis 59, Case No. 02 C 2298, p. *3-5 (N.D. Ill. January 4, 2005) (addressing Rule 45 in the context of trial subpoenas issued to out of state nonparties and quashing subpoena because it required witness to travel more than 100 miles). Plaintiff has not complied with Rule 45 in seeking the deposition of Ms. Steele, who resides and works in San Antonio, Texas.

In order to avoid a discovery dispute, such as the instant matter, St. Paul agreed to produce Ms. Steele in San Antonio as a fact witness on August 4, 2008,[2] despite the fact that Plaintiff has yet to subpoena her deposition. (See Linda Carwile's email to Andrew Greene dated July 23, 2008 attached hereto at Exhibit E.) However, Plaintiff insists that Ms. Steele must be produced for deposition in Chicago because Plaintiff has designated her as a Rule 30(b)(6) witness. Significantly, St. Paul has not designated Ms. Steele as a corporate designee to testify on its behalf. Further, Ms. Steele is not a party to this litigation, nor is she an officer, director, or managing agent of or for St. Paul. As an employee, the general rule that a deponent should be deposed near their residence or principle place of work applies. See Archer Daniels Midland Co. v. Aon Risk Servs., 187 F.R.D. 578, 587-88 (D.C. Minn. 1999) (citing Wright, Miller & Marcus, 8A Federal Practice & Procedure: Civil 2d § 2103, pp. 36-37 and stating: "Except where the employee has been designated by the corporation under Rule 30(b)(6)," or is an officer, director, or managing agent, "an employee is treated in the same way as any other witness," and "his or her presence must be obtained by subpoena rather than notice."); Mapes v. Wellington Capital Group, 2008 U.S. Dist. Lexis 54164, No. 8:07-cv-77, p. 6-11 (D. Neb. March 4, 2008).

To the extent Plaintiff further seeks the deposition of Sue Steele in this District (see Plaintiff's Motion at ¶ 17), Plaintiff's Motion to Compel must be denied because Plaintiff has failed to serve Ms. Steele pursuant to Rule 45 by issuing a subpoena to her.[3] Plaintiff's citation to Kasper v. Cooper Canada Ltd., 120 F.R.D. 58 (N.D. Ill. 1988) is clearly distinguishable on its facts and does not support Plaintiff's erroneous position. In Kasper, the plaintiff noticed the depositions of defendant's corporate officers for deposition in Chicago rather than the

---

[2] This is the date specified in Plaintiff's Notice of Deposition of St. Paul.
[3] As stated previously, St. Paul agreed to produce Ms. Steele in San Antonio without requiring Plaintiff to issue a subpoena to her in Texas.

defendant's principal place of business in Toronto, Canada.[4]  Id. at 58-59.  The court held that since the witnesses were parties to the action, the notice need not limit the place of deposition to the defendant's principal place of business.  Id. at 59.  Contrary to the facts of Kasper, Ms. Steele, one of the underwriters of the Village account who presently holds the title of Account Executive, is not a designated corporate witness or corporate officer.  Plaintiff offers no other legal support for his assertion that Ms. Steele must be deposed in Chicago.

C.  ST. PAUL REQUESTS ENTRY OF A PROTECTIVE ORDER WITH RESPECT TO THE DEPOSITION OF ITS EMPLOYEE, SUE STEELE.

In addition to requesting this Court to deny Plaintiff's Motion to Compel Sue Steele's deposition in Chicago as a party witness, St. Paul also seeks a protective order, pursuant to Fed. R. Civ. P. 26(c), requiring Ms. Steele's deposition to take place in San Antonio, Texas.  Rule 26(c) provides that a court may enter a protective order for good cause shown.  Under Rule 26, this Court is authorized, for good cause shown, to issue a protective order to protect a party from "annoyance, embarrassment, oppression or undue burden or expense…"  Fed. R. Civ. P. 26(c). Under these circumstances this Court may order that the requested discovery not be had, that certain matters not be inquired into, or that the scope of the discovery be limited to certain matters.  Fed. R. Civ. P. 26(c)(1) and (4).

In this case, good cause is shown to strike certain portions of Plaintiff's Notice of Deposition by Plaintiff's failure to adhere to the requirements imposed by Rules 30(b)(6) and 45. Plaintiff should not be permitted to circumvent the requirements of these Rules by improperly designating St. Paul's corporate designee within the examination matters contained in its 30(b)(6) notice.  In addition to the requirements imposed on Plaintiff by these Rules, requiring

---

[4] It is not clear whether the corporate officers were noticed pursuant to Fed. R. Civ. P. 30(b)(1) or (b)(6).

Ms. Steele to appear in Chicago for her deposition would be unduly burdensome and inconvenient to both her and St. Paul in light of the testimony to be offered by Ms. Jahnke.

D.  THERE WAS NO AGREEMENT BETWEEN ST. PAUL AND THE PLAINTIFF IN WHICH ST. PAUL AGREED TO DESIGNATE SUE STEELE TO TESTIFY ON BEHALF OF THE COMPANY PURSUANT TO FED. R. CIV. P. 30(b)(6).

The Village's Motion is filled with purported "facts" which Plaintiff attempts to piece to together to constitute an alleged agreement wherein Plaintiff alleges St. Paul's counsel agreed to produce Sue Steele as a corporate designee. At the time of any alleged agreement, which is no more than discussions between counsel for the parties regarding witnesses, Plaintiff had clearly not even served its Notice of Deposition pursuant to Fed. R. Civ. P. 30(b)(6). Plaintiff's attempt to "resolve" discovery disputes recited in the alleged "background facts" of Plaintiff's Motion was merely an attempt to ascertain enough information to improperly tailor a Rule 30(b)(6) notice so that St. Paul would be forced to designate Sue Steele as a corporate designee. In Examination Matter No. 7, for example, who else at St. Paul would be most knowledgeable about Ms. Steele's "personal knowledge" than Ms. Steele herself. However, such matters for examination are improper as already discussed above because they prohibit St. Paul from designating officers, directors, managing agents or other employees who consent to testify on behalf of the Company.

St. Paul's counsel clearly stated her position with respect to the deposition of Sue Steele in her e-mail of May 29, 2008. (See Plaintiff's Motion at Exhibit D.) On May 29, 2008, Plaintiff's counsel inquired when Sue Steele is available and whether St. Paul will voluntarily produce her in Chicago. (Id.) In response, St. Paul's counsel stated: "Sue Steele resides in Texas, not Chicago. If you want to depose her as a witness, we will need to go there. If you notice a 30(b)(6) on a matter that she would be most qualified to testify and we produce Sue as a

company rep, then we will produce her here in Chicago. Please advise what you are inclined to do." (Id.) Plaintiff's counsel responds as follows: "On Sue Steele, am I correct that she is still a St. Paul employee? If so, while it's still a matter of discretion for the Court, I believe our position is very strong for having the deposition here . . . ." (See Exhibit B hereto.) This demonstrates that Plaintiff views Ms. Steele's status as an employee of St. Paul equivalent to that of St. Paul's officers, directors and managing agents, which is not supported by either Fed. R. Civ. P. 30(b)(1) or 30(b)6).

Moreover, this e-mail exchange does not amount to an unequivocal agreement from St. Paul that Ms. Steele will be produced in Chicago if Plaintiff issues a 30(b)(6) notice to St. Paul. Clearly, St. Paul's position is that Ms. Steele will be produced for deposition in Chicago if she is designated by St. Paul as a corporate representative to testify on behalf of St. Paul. Likewise, St. Paul's Rule 26 disclosures and Answer to the Village's Interrogatories merely disclose Ms. Steele as an "underwriter". (See Plaintiff's Motion at Exhibits A and B.) Finally, St. Paul's letter to Plaintiff's counsel, dated June 2, 2008, at p. 2, attached to Plaintiff's Motion at Exhibit C, states that Ms. Steele "has knowledge of general underwriting." None of the documents attached by Plaintiff to its Motion purportedly evidencing an agreement state that St. Paul would designate and produce Sue Steele as a 30(b)(6) witness.

Even when St. Paul disclosed Sheri Jahnke, as Director of Specialty Underwriting Services for Travelers, as an additional underwriting witness for St. Paul, Plaintiff objected on the ground of late disclosure and continued to request dates for the deposition of Sue Steele despite the fact that he had not yet issued a 30(b)(6) notice to St. Paul. (See Plaintiff's Motion at Exhibit E.) Though St. Paul's counsel had previously stated that Sue Steele would likely be St. Paul's corporate designee on underwriting in response to a 30(b)(6) notice designating that topic,

KCESD_345829_1.DOC                                        12

nothing in the Federal Rules of Civil Procedure prohibits a party from changing its mind upon the actual receipt of a 30(b)(6) notice directed to it, especially given counsel's discovery of Ms. Jahnke, a witness with more complete underwriting knowledge than Ms. Steele.

Plaintiff's own e-mail dated July 17, 2008 reveals the true nature of Plaintiff counsel's difficulty in understanding the differences between Rule 30(b)(6) and Rule 45 when he states: "I told Linda that I didn't understand why it would make a difference whether Sue Steele was noticed as an individual, vs. being the representative witness through a 30(b)(6)."  (See Plaintiff's Motion at Exhibit H.)  If Plaintiff's counsel did not understand the distinction St. Paul was attempting to make, a reading of applicable Federal Rules of Civil Procedure should have been enlightening.  Instead, St. Paul has incurred the cost and expense of responding to a ill taken motion.

WHEREFORE, Defendant, St. Paul Mercury Insurance Company, respectfully request that this Court:

   a. Deny Plaintiff's Motion for Enforce Discovery Agreement;
   b. Deny Plaintiff's Motion to Compel Deposition of Plaintiff's Employee Sue Steele, a San Antonio resident, in Chicago;
   c. Grant St. Paul's request to quash Plaintiff's Notice of Deposition of St. Paul with respect to Examination Matters 6-9;
   d. Grant St. Paul's request for a protective order to require Plaintiff to depose St. Paul's employee, Sue Steele, in San Antonio, Texas, in the event that Plaintiff elects to subpoena her deposition; and
   e. Grant all other and further relief the Court deems just and proper.

Date: July 30, 2008

Respectfully submitted:

ST. PAUL MERCURY INSURANCE COMPANY

By:    s:/Linda J. Carwile
       One of Its Attorneys

Rory T. Dunne
Linda J. Carwile
**KARBAL, COHEN, ECONOMOU, SILK & DUNNE, LLC**
200 South Michigan Avenue, 20th Floor
Chicago, IL 60604
Tel: (312) 431-3700
Fax: (312) 431-3670
Firm ID No. 38100

### CERTIFICATE OF SERVICE

     I, Linda J. Carwile, an attorney of record in this matter, hereby state that on July 30, 2008, I electronically filed the foregoing St. Paul Mercury Insurance Company's Response in Opposition to Plaintiff's Motion to Enforce Agreement and Gross-Motion for Protective Order using the CM/ECF SYSTEM, which will send notification to all attorneys of record on this the 3oth day of July, 2008.

                s/Linda J. Carwile
                Linda J. Carwile