# EXHIBIT B

Village of Schaumburg v. St Paul: Liptak Dep
Case 1:07-cv-06654    Document 36-3    Filed 07/30/2008    Page 2 of 3
Page 1 of 2

# Linda Carwile

| | |
|---|---|
| **From:** | Linda Carwile |
| **Sent:** | Thursday, May 29, 2008 1:36 PM |
| **To:** | 'Andrew Greene' |
| **Cc:** | Rory Dunne |
| **Subject:** | RE: Village of Schaumburg v. St. Paul: Liptak Dep |

I disagree with your entire rationale for non party witnesses. We offered to accept notice of Liptak's deposition so that you wouldn't have to go to the expense of subpoenaing him outside of Illinois. Liptak is more than 100 miles from the court. We don't control him because he has not worked for St. Paul in several years. Is it your theory that we control every witness that we may refer to in summary judgment or trial? Nevertheless, I will see if Mr. Liptak wants to take you up on your offer to pay for his airfare and lodging. Otherwise, we will all be going to Ohio. You can waste the court's time with your motion to compel if you like. I'll let you know by the end of the day on whether he accepts your offer.

We have not yet been in contact with Ms. Yacola--but the same goes for her. It is her choice.

We will be getting a written response out shortly re: our meet and confer.

---

**From:** Andrew Greene [mailto:agreene@johnstongreene.com]
**Sent:** Thursday, May 29, 2008 1:24 PM
**To:** Linda Carwile
**Cc:** Rory Dunne; Andrew Greene; Gabriela Nicolau
**Subject:** RE: Village of Schaumburg v. St. Paul: Liptak Dep

Thanks Linda, but I need to re-raise an issue we discussed on the phone.

Given your representation that Liptak is someone whom you intend to use at trial (or in summary judgment proceedings), I believe that we have a strong basis for compelling his appearance here in Chicago. While it's up to the discretion of the Court, the fact that all of the lawyers are here, and that the policy was issued here, weigh heavily in favor of a Chicago deposition under the case law. And if St. Paul can control Liptak for purposes of producing him at trial, then it can produce him for a deposition.

As I said in our telephone conversation, we offer as a compromise to pay Mr. Liptak's airfare and one night's lodging to come to Chicago. We also make the same offer for Ms. Yacola, since she is a former employee as well. Is this compromise being rejected?

Please let me know at your earliest convenience. Also, please let me know if you have changed your position on any of the other issues we discussed on the conference call (including the other depositions). Given the June 23rd discovery cut-off, we're probably going to need to file our motion to compel by beginning of next week to get this heard on time.

Please let me know.

Thanks,

Andy

Andrew R. Greene

7/29/2008

**JOHNSTON GREENE LLC**
542 South Dearborn
Suite 1310
Chicago, Illinois 60605
(312) 341-3900
Facsimile: (312) 341-0700
Direct: 312-341-1410
agreene@johnstongreene.com
http://www.johnstongreene.com

---

**From:** Linda Carwile [mailto:lcarwile@KARBALLAW.com]
**Sent:** Thursday, May 29, 2008 1:11 PM
**To:** Andrew Greene
**Cc:** Rory Dunne
**Subject:** Village of Schaumburg v. St. Paul: Liptak Dep


He is available in Cleveland June 18 and 19 at 1:00 p.m.. He also available on June 17 at the same time but that's when I have scheduled Masse--which I could probably move if necessary. Please advise if any of these dates work for you.

**Linda J. Carwile**
**Karbal | Cohen | Economou | Silk| Dunne | LLC**
200 South Michigan Avenue
20th Floor
Chicago, IL  60604
(DD)    312/431-3625
(Fax)   312/431-3670
(e-mail) lcarwile@karballaw.com

**CONFIDENTIALITY NOTE:**
This electronic message transmission contains information from the law firm of Karbal, Cohen, Economou, Silk & Dunne, LLC. which may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, please immediately delete this e-mail and be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.