# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE VILLAGE OF SCHAUMBURG, an Illinois Municipal corporation,<br><br>Plaintiff,<br><br>v.<br><br>ST. PAUL MERCURY INSURANCE COMPANY, a Minnesota corporation,<br><br>Defendant. | Case No. 07-cv-6654<br><br>Judge Marvin E. Aspen<br><br>Magistrate Judge Michael T. Mason |

## ST. PAUL MERCURY INSURANCE COMPANY'S OBJECTIONS AND RESPONSE TO NOTICE OF DEPOSITION OF ST. PAUL

Defendant, St. Paul Mercury Insurance Company ("St. Paul"), by and through its undersigned counsel, serve the following objections and response to Plaintiff, The Village of Schaumburg ("the Village"), with respect to its Notice of Deposition of St. Paul Mercury Insurance Company.

## OBJECTIONS TO DEFINITIONS

1.  St. Paul objects to the definitions of the terms "communication" and "documents" to the extent such definitions request information protected by the attorney-client privilege, work product doctrine or any other privilege recognized under applicable law.

2.  St. Paul objects to the term "person" to the extent it contravenes the meaning accorded to that term in Federal Rules of Civil Procedure 30(b)(6) and 45.

3.  St. Paul objects to the terms "you", "your" and "St. Paul" to the extent the Village seeks to include within such definition persons or entities that are not subject to St. Paul's control

344363_3.DOC

and impose obligations upon St. Paul beyond the obligations imposed by the Federal Rules of Civil Procedure.

## GENERAL OBJECTIONS TO EXAMINATION MATTERS

4. St. Paul incorporates by referenced the General Objections to Examination Matters contained in St. Paul's objections and response to Plaintiff's Notice of Deposition of St. Paul.

5. St. Paul objects to the Examination Matters to the extent that they seek information which was prepared, generated or received in anticipation of or after the commencement of this litigation.

6. St. Paul objects to the Examination Matters to the extent they are overly broad, burdensome, vague and/or ambiguous.

7. St. Paul objects to the Examination Matters to the extent they seek to expand the scope of discovery or seek to impose obligations on Pacific beyond that permitted by the Federal Rules of Civil Procedure or the Federal Rules of Evidence.

8. St. Paul objects to the Examination Matters to the extent they seek information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence or that is beyond the scope of discovery contemplated by the Federal Rules of Civil Procedure or the Federal Rules of Evidence.

9. St. Paul objects to the Examination Matters to the extent they seek information subject to the attorney-client privilege, work product doctrine, joint defense privilege, common interest privilege, privilege of self-critical analysis or any other applicable privilege, immunity, protection or restriction or that is otherwise not discoverable under the Federal Rules of Civil Procedure or the Federal Rules of Evidence.

10. St. Paul objects to the Examination Matters to the extent they seek to obtain confidential and proprietary information and/or trade secrets and/or information that is otherwise protected.

11. St. Paul objects to the Examination Matters to the extent they seek information regarding policies other than the policies at issue in the litigation, policyholders other than the alleged insured(s) under the St. Paul policies at issue in the litigation and/or claims other than those at issue in the litigation on the grounds that such information is irrelevant and not likely to lead to the discovery of admissible evidence and the disclosure of such information would breach protective orders and/or the confidentiality owned to and/or expected by St. Paul's other insureds and/or imposed by applicable law, regulation and agreements and would likely prejudice St. Paul's other insureds.

12. St. Paul objects to the Examination Matters to the extent they seek information that is equally available and accessible to the Village.

13. St. Paul objects to the Examination Matters on the basis that the St. Paul policies are clear and unambiguous and that the terms and conditions speak for themselves.

14. St. Paul objects to the Examination Matters to the extent the information sought is not reasonably available to St. Paul or within its custody, possession or control.

15. St. Paul reserves the right to amend, modify and/or supplement any and all of its objections to the Notice of Deposition and its right to assert any and all additional objections that may be applicable at the depositions of the corporate witnesses designated by St. Paul. Any failure by St. Paul to raise an objection herein in response to the Notice of Deposition shall not be deemed to be a waiver of any objections that St. Paul may wish to make at the depositions. Further, St. Paul reserves the right to challenge the relevance, materiality, admissibility or

inadmissibility at trial and at any hearing or proceeding with respect to any and all testimony given by any St. Paul representative in response to the Notice of Deposition.

## OBJECTIONS AND RESPONSE TO EXAMINATION MATTERS

16. St. Paul objects to Examination Matter Nos. 1 and 2, on the ground that each policy is a writing, which is the best evidence of the Village's rights and obligations thereunder. Further objecting, the Village's rights and St. Paul's obligation under the St. Paul policies are the subject of the instant lawsuit. Without waiver of the foregoing objections and St. Paul's General Objections, and without waiving the right to assert additional objections during the course of any deposition taken pursuant to notice, St. Paul has produced its claim handler, Eric Brown, for deposition.

17. St. Paul objects to Examination Matter No. 3 to the extent that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence or reasonably advises St. Paul of the matters concerning which inquiries will be made and thus does not give St. Paul adequate, sufficient notice of which designee(s) would be appropriate to produce in response. Without waiver of the foregoing objections and St. Paul's General Objections, and without waiving the right to assert additional objections during the course of any deposition taken pursuant to notice, St. Paul designates and will produce Sheri Jahnke in Chicago on August 5, 2008 with respect to Examination Matters Nos. 3, 4, 5 and 11 as well as her direct involvement in this matter, i.e., as a fact witness.

18. St. Paul objects to Examination Matter Nos. 6 and 7 as they are not proper matters for examination pursuant to Fed. R. Civ. P. 30(b)(6), for which St. Paul may designate a corporate officer, director, managing agent, or other person who consents to testify on St. Paul's behalf. St. Paul further objects pursuant to Fed. R. Civ. P. 45 to the extent that Plaintiff is

attempting to improperly utilizing a 30(b)(6) notice in order to avoid paying for the cost and expense of bringing witnesses residing over 100 miles outside of this jurisdiction to appear within the district for their depositions. St. Paul further objects to these Examination Matters on the grounds that they are vague, ambiguous, overly broad, duplicative and not reasonably calculated to lead to the discovery of admissible evidence. As explained previously, Sheri Jahnke is St. Paul's corporate designee on underwriting matters (Nos. 3, 4, 5 and 11). Ms. Steele is merely a fact witness regarding her role as one of three underwriters for the Village account. Sue Steele resides in San Antonio, Texas.

19.    St. Paul objects to Examination Matter Nos. 8 and 9 as they are not proper matters for examination pursuant to Fed. R. Civ. P. 30(b)(6), for which St. Paul may designate a corporate officer, director, managing agent, or other person who consents to testify on St. Paul's behalf. St. Paul further objects, pursuant to Fed. R. Civ. P. 45, to the extent that Plaintiff is attempting to improperly utilizing a 30(b)(6) notice in order to avoid paying for the cost and expense of bringing witnesses residing over 100 miles outside of this jurisdiction to appear within the district for their depositions. St. Paul further objects to these matters on the grounds that they are vague, ambiguous, duplicative and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing objections and St. Paul's General Objections and without waiving St. Paul's right to assert additional objections during the course of any deposition taken pursuant to notice, St. Paul designates and will produce Sheri Jahnke to testify on Examination Matter Nos. 3, 4, 5 and 11.

20.    St. Paul objects to Examination Matter No. 10 as it is vague, overbroad, duplicative and not reasonably calculated to lead to the discovery of admissible evidence or reasonably advises St. Paul of the matters concerning which inquiries will be made, and thus,

does not give St. Paul adequate, sufficient notice of what designee(s) would be appropriate to produce in response. St. Paul further objects to these matters on the grounds that they are vague and ambiguous. Without waiver of the foregoing objections and St. Paul's General Objections, and without waiving St. Paul's right to assert additional objections during the course of any deposition taken pursuant to notice, St. Paul will produce Sheri Jahnke on underwriting, the medical professional forms and underwriting guidelines for the medical professional forms.

21. Subject to and without waiver of St. Paul's General Objections, and without waiving St. Paul's right to assert additional objections during the course of any deposition taken pursuant to notice, St. Paul designates and will produce Sheri Jahnke in Chicago to testify on Examination Matter No. 11.

Dated: July 24, 2008

                                        ST. PAUL MERCURY INSURANCE
                                        COMPANY

                                        By: _____
                                            One of Its Attorneys

Rory T. Dunne
Linda J. Carwile
KARBAL, COHEN, ECONOMOU,
SILK & DUNNE, LLC
200 South Michigan Avenue, 20th Floor
Chicago, Illinois 60604
Tel:   (312) 431-3700
Fax:   (312) 431-3670
Firm ID No. 38100

## CERTIFICATE OF SERVICE

I, Linda J. Carwile, an attorney of record in this matter, hereby certify that I caused a copy of Defendant St. Paul Mercury Insurance Company's Objections and Response to Notice of Deposition of St. Paul to be served on the following counsel of record:

>Andrew R. Greene, Esq.
>JOHNSTON GREENE, LLC
>542 South Dearborn
>Suite 1310
>Chicago, Illinois 60605

via facsimile and by enclosing same in a properly addressed envelope, with postage prepaid, and depositing said envelope in the United States Mail Box located at 200 South Michigan Avenue, Chicago, Illinois before 5:00 p.m. on July 24, 2008.

_____
Linda J. Carwile