**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| THE VILLAGE OF SCHAUMBURG, an Illinois Municipal corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 07-cv-6654 |
| ST. PAUL MERCURY INSURANCE COMPANY, a Minnesota corporation, | ) ) ) ) | Judge Marvin E. Aspen |
| Defendant. | ) | |

**THE VILLAGE OF SCHAUMBURG'S RESPONSE TO ST. PAUL MERCURY INSURANCE COMPANY'S MOTION TO TAKE DEPOSITIONS AFTER DISCOVERY CUTOFF**

The Village of Schaumburg (the "Village"), by its undersigned attorneys, hereby responds to St. Paul Mercury Insurance Company's ("St. Paul") Motion To Take Deposition of Plaintiff's 30(b)(6) Witness After Discovery Cutoff ("Motion"). Is support of its response, the Village states as follows:

1.     St. Paul is effectively asking this Court to yet again extend the discovery cut-off date. St. Paul is *not* just asking this Court for leave to take the deposition of one witness. Rather, St. Paul is asking this Court for leave to take "the depositions of witnesses identified by Plaintiff's 30(b)(6) designee as well as depositions with respect to 30(b)(6) topics for which Plaintiff's designee was designated but lacks knowledge."

2.     In other words, St. Paul is asking for open ended permission to take the deposition of any individual whose name happens to come up during a deposition, and any individual whom

St. Paul deems to have more knowledge on any given issue than the representative produced by the Village.[1]

3. Given the length of time at issue in this case (events took place over a three year period), and the number of people involved in the procurement of the insurance policies at issue, such permission could open the door to an untold number of additional depositions.

4. There is simply no basis for St. Paul – one week before this phase of discovery is set to close – to ask for such an open-ended extension. This Court initially ordered fact discovery closed by June 23, 2008. (DE # 15). On June 18, 2008, upon joint motion of the parties, the Court bifurcated discovery and ordered that fact discovery on the issue of St. Paul's duty to defend the underlying claim be completed by August 15, 2008. (DE # 28.) The Village served its Rule 26(a)(1) disclosures on March 5, 2008. The first deposition in this case was taken on March 18, 2008. The Village responded to St. Paul's written discovery on June 6, 2008.

5. In short, St. Paul has had several months in which to identify potential additional witnesses.

6. Neither can St. Paul seek to depose additional witnesses simply because it may not like the representative designated by the Village. As Magistrate Judge Mason previously ruled in this case, one party cannot choose who the other parties' representative witness will be. (*See* Order dated July 31, 2008, DE # 37.)

---

[1] As St. Paul has known for two months, the individual who handled its insurance procurement during the relevant time period is deceased. Therefore, the Village's designated representative is an individual who has reviewed all of the relevant documents. All such documents have been produce to St. Paul.

2

7.  Further, St. Paul implies that the deposition of Mr. Pazak has been delayed because undersigned counsel was in trial. (Motion at ¶ 5.) Nothing could be further from the truth.

8.  The Notice of Deposition for a Rule 30(b)(6) representative from the Village was for June 12, 2008.[2] (Motion, Ex. A.) The Village confirmed, in writing, that it would produce Mr. Carey Plazak as its representative *on the noticed date*.[3] (*See* June 3, 2008 E-Mail, attached hereto as Ex. 1.)

9.  Three days before the noticed deposition date, St. Paul indicated that it had not yet received certain documents from third parties, and stated that it would not go forward with the June 12th deposition unless the Village agreed to produce its representative witness twice. (*See* June 9, 2008 E-Mail, attached hereto as Ex. 2.) The Village would not agree to produce the same witness twice, so St. Paul postponed the deposition.

10.  Once St. Paul had reviewed the third-party documents and was ready to proceed, *the Village re-offered Mr. Palazak for his deposition on August 1, 2008* – which was well before the August 15, 2007 discovery cut-off. (*See* July 7, 2008 E-Mail, attached hereto as Ex. 3). While it is true that undersigned counsel was in trial in front of Judge St. Eve in mid-July, and while Mr. Plazak is currently on vacation, the Village was ready, willing and able to produce Mr. Plazak on several occasions over the last two months, including but not limited to June 12th and August 1st.

---

[2] On May 27, 2008, the Village filed certain objections to some of the matters set forth in St. Paul's Notice of Deposition. St. Paul has not challenged the Village's objections or raised them its Motion, so the Village does not address them herein.

[3] The Village also indicated that it would produce Ms. Rita Elsner on certain matters relating to the Village's damages claim. As a result of the Court's Order bifurcating discovery, the deposition of the Village's representative on damages issues will now be taken at a later date.

11. Thus, St. Paul cannot use the Village as its excuse for taking a deposition after the August 15, 2008 discovery cut-off. And it certainly cannot use the Village as an excuse to take an untold number of depositions of unidentified individuals after the discovery cut-off.

12. St. Paul also partly bases its Motion on the statement that Village "has agreed to produce Mr. Pazak" after the discovery cut-off. (Motion at ¶ 3.) First, the Village never -- in any way, shape or form -- agreed to re-open discovery for additional depositions beyond its Rule 30(b)(6) representative.

13. Second, the Village and St. Paul have engaged in a series of discussions and informal agreements in an effort to schedule depositions at mutually convenient times and dates. But then St. Paul rejected the enforceability of such informal agreements when it objected to producing its employee, Ms. Sue Steele, as its Rule 30(b)(6) representative in Chicago, Illinois for her deposition. (*See* DE # 36, St. Paul Mercury Insurance Company's Response In Opposition To Plaintiff's Motion To Enforce Agreement And Cross Motion For Protective Order, p. 11 (characterizing alleged discovery agreement as nothing more than "discussions between counsel[.]") And with regard to Mr. Plazak's deposition in particular, St. Paul rejected the agreement that the Village thought it had reached, and instead insisted that Mr. Plazak's deposition would merely be the beginning of additional depositions after the discovery cut-off.

14. Now that it has become clear that St. Paul has no interest in deposing Mr. Plazak, and is only using his deposition as an excuse to take additional depositions, the Village is not inclined to continue discovery past the August 15, 2008 date. The truth is that the current phase of discovery is focused on a very straightforward legal issue: whether St. Paul had a duty to defend the Village against the underlying claims under the language of the applicable insurance policy. The only reason that so much discovery has been taken thus far was St. Paul's defense

4

that the policy language is colored by the fact that the Village never "requested" the specific coverage at issue. With the exception of two remaining depositions that are scheduled before the end of the discovery cut-off, the relevant discovery has been completed.

15. The Village has consistently attempted to be reasonable, and to work out scheduling matters with St. Paul. To be sure, there is always the possibility that either side could discover *new information* that would lead it to request leave to depose a *specific witness* after the discovery cut-off. But St. Paul's Motion raises no new information, and seeks permission to depose unidentified witnesses.

16. Absent such new information or specific information, it is time to end this phase of discovery, and for the parties to present their summary judgment motions on the issue of St. Paul's duty to defend.

WHEREFORE, the Village of Schaumburg respectfully requests that St. Paul's Motion be denied.

Date:   August 11, 2008

                        Respectfully submitted,

                        **THE VILLAGE OF SCHAUMBURG**

                        By: /s/ Andrew. R. Greene
                        One of its Attorneys

Andrew R. Greene (ARDC #6225072)
Gabriela Nicolau (ARDC #6288457)
Johnston Greene, LLC
542 S. Dearborn Street
Suite 1310
Chicago, IL 60605
(312) 341-3900
(312) 341-0700 fax

## **CERTIFICATE OF SERVICE**

     I, Andrew R. Greene, an attorney of record in this matter, hereby state that on August 11, 2008, I electronically filed the foregoing Response to St. Paul Mercury Insurance Company's Motion to Take Depositions After Discovery Cutoff, using CM/ECF SYSTEM which will send notification to all attorneys of record before the hour of 5:00 p.m. on this 11th day of August, 2008.

                                            By: /s/ Andrew. R. Greene