IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE VILLAGE OF SCHAUMBURG, an Illinois Municipal corporation, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 07-cv-6654 ) |
| ST. PAUL MERCURY INSURANCE COMPANY, a Minnesota corporation, | ) Hon. Judge Marvin E. Aspen ) ) ) |
| Defendant. | ) |

## ST. PAUL MERCURY INSURANCE COMPANY'S COMBINED REPLY BRIEF IN SUPPORT OF ITS MOTION TO TAKE DEPOSITION OF PLAINTIFF'S 30(b)(6) WITNESS AFTER DISCOVERY CUTOFF AND MOTION TO COMPEL

Defendant, St. Paul Mercury Insurance Company ("St. Paul"), by its attorneys, KARBAL, COHEN, ECONOMOU, SILK & DUNNE, LLC, hereby submit its Combined Reply Brief In Support Of Its Motion To Take Deposition Of Plaintiff's 30(b)(6) Witness After Discovery Cutoff And Motion To Compel, and respectfully states as follows:

1. Plaintiff, The Village of Schaumburg ("the Village"), states that it has offered its 30(b)(6) witness on June 12, 2008 and August 1, 2008. However, as stated in St. Paul's Motion To Take Deposition at Paragraph 3 (Docket No. 39), incomplete document production and scheduling conflicts made it impossible for St. Paul to take the deposition at the proposed times. With respect to the June 12 date, St. Paul had yet to receive (much less to review) documents from the Village's insurance agent, N.P. Masse & Associates ("N.P. Masse"). Such documents were material to the deposition of the Village on insurance procurement issues. With respect to August 1, St. Paul had already subpoenaed and confirmed for that date the deposition of Kristen Long, a former employee of N.P. Masse. Despite St. Paul's inquiries, the only other date

KCESD_348934_1.DOC

Plaintiff proposed to produce Mr. Plazak was after the current discovery cutoff of August 15, 2008.  Plaintiff represented that Mr. Plazak was either unavailable or out of town on prior dates.  Plaintiff's counsel has also admitted that he was in trial or preparing for trial in mid-July, during which he requested that no depositions take place.  (See Docket No. 41 at ¶ 10).  Finally, Plaintiff did not offer to produce its witness on any dates within the discovery period other than June 12 and August 1, despite St. Paul's requests for additional dates.

      2.     In further attempts to work with Plaintiff, St. Paul did not object to the deposition of Mr. Plazak after discovery cutoff, but advised it would seek leave of court to take the deposition.  St. Paul was concerned that Mr. Plazak might not have sufficient knowledge on St. Paul's 30(b)(6) topics or that he might identify a material witness for the Village whom St. Paul had not deposed before the cutoff.  Because of these considerations, St. Paul filed its Motion to Take Deposition of Plaintiff's 30(b)(6) Witness After Discovery Cutoff (Docket No. 39).

      3.     Unexpectedly, Plaintiff filed its Response to St. Paul's Motion to Take Deposition with a statement that "the Village is not inclined to continue discovery past the August 15, 2008 date."  (Docket No. 41 at ¶ 14.)  Plaintiff now claims that St. Paul has no interest in deposing Mr. Plazak but is only using his deposition to take unlimited additional depositions.  (Id.)  There is no basis for Plaintiff's assertion inasmuch as St. Paul has only sought leave to take the 30(b)(6) deposition and depositions of witnesses (if any) identified by the 30(b)(b) deponent(s).

      4.     Upon receipt of Plaintiff's Response (Docket No. 41), counsel for St. Paul immediately telephoned Plaintiff's counsel to inquire whether he was refusing to produce a 30(b)(6) witness.  Plaintiff's counsel refused to answer in the affirmative.  Accordingly, St. Paul had no choice but to file its Motion to Compel (Docket No. 42.)

KCESD_348934_1.DOC         2

5.     Finally, Plaintiff's statement that this matter involves a "very straightforward legal issue: whether St. Paul had a duty to defend . . ." (Docket No. 41 at ¶ 14) is an oversimplification of Plaintiff's claims against St. Paul.  Unlike a "straightforward" duty to defend case, discovery in this matter has involved the depositions of brokers and the production of thousands of documents from the parties as well as non-parties, given the Plaintiff's allegation that "the Village reasonably relied on St. Paul's representations, made after the St. Paul Policies first went into effect…"  (Complaint at ¶ 54; Docket Nos. 1-2.)  Thus, Plaintiff's claims are not solely based on a comparison of the underlying complaint with the St. Paul Policy.  Regardless of the fact that St. Paul has additional defenses in this case and has deposed only two (2) Village employees to date, St. Paul has the right to discovery that is reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff's arguments on the merits of its case are best left to summary judgment briefing.

6.     Finally, St. Paul reiterates to the Court that it is not seeking leave to take an unlimited number of depositions after the deposition of the Village pursuant to Rule 30(b)(6).  St. Paul is simply attempting to avoid any possible prejudice resulting from Plaintiff's late production of its 30(b)(6) witness.

WHEREFORE, Defendant, St. Paul Mercury Insurance Company, respectfully requests the following relief:

a) St. Paul be granted leave to take the deposition of Plaintiff's (30)(b)(6) designee on August 19, 2008 or on any date ordered by the Court; and

b) To the extent necessary, St. Paul be granted leave to take the depositions of witnesses identified by Plaintiff's 30(b)(6) designee as well as depositions with

respect to 30(b)(6) topics for which Plaintiff's designee was designated but lacks knowledge.

Date: August 13, 2008

Respectfully submitted,

ST. PAUL MERCURY INSURANCE COMPANY

By: s:/Linda J. Carwile
 One of Its Attorneys

Rory T. Dunne
Linda J. Carwile
**KARBAL, COHEN, ECONOMOU,
SILK & DUNNE, LLC**
200 South Michigan Avenue, 20th Floor
Chicago, IL 60604
Tel: (312) 431-3700
Fax: (312) 431-3670
Firm ID No. 38100

## **CERTIFICATE OF SERVICE**

  I, Linda J. Carwile, an attorney of record in this matter, hereby state that on August 13, 2008, I electronically filed the foregoing St. Paul Mercury Insurance Company's Combined Reply Brief in Support of Its Motion to Take Deposition of Plaintiff's 30(b)(6) Witness After Discovery Cutoff and Motion to Compel using the CM/ECF SYSTEM, which will send notification to all attorneys of record before the hour of 5:00 p.m. on this the 13th day of August, 2008.

                s/Linda J. Carwile
                Linda J. Carwile