UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THE VILLAGE OF SCHAUMBURG, an Illinois Municipal corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 07 C 6654 |
| | ) | Hon. Marvin E. Aspen |
| ST. PAUL MERCURY INSURANCE COMPANY, a Minnesota corporation, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER AND OPINION

MARVIN E. ASPEN, District Judge:

Presently before us is Plaintiff Village of Schaumburg's ("the Village") Motion to Reconsider, or Alternatively to Amend Order pursuant to Section 1292(b). (Dkt. No. 99.) The Village respectfully submits that we misapprehended their summary judgment arguments and reached conclusions in our March 23, 2009 Opinion and Order ("the Opinion") that are contradictory to Illinois law. As set forth below, we deny the Village's motion in its entirety.

### DISCUSSION

**A.     Rule 54 Motion to Reconsider**

According to its motion, the Village proceeds pursuant to Federal Rule of Civil Procedure 54(b). Rule 54(b) provides that a non-final "order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." *Id.* Accordingly, numerous courts have held that a motion to reconsider an interlocutory order is permissible pursuant to Rule 54(b) and the court's inherent

authority.[1]  *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990); *BP Amoco Chem. v. Flint Hill Res., LLC*, 489 F. Supp. 2d 853, 856 (N.D. Ill. 2007); *Orange v. Burge*, 451 F. Supp. 2d 957, 960-61 (N.D. Ill. 2006); *see also SEC v. Nat'l Presto Indus., Inc.*, No. 02 C 5027, 2004 WL 1093390, at *1-2 (N.D. Ill. Apr. 28, 2004); *Neal v. Honeywell, Inc.*, No. 93 C 1143, 1996 WL 627616, at *2-3 (N.D. Ill. Oct. 25, 1996).  As argued here, a motion for reconsideration is appropriate only if the court has "patently misunderstood a party" or "made an error not of reasoning but of apprehension."  *BP Amoco Chem.*, 489 F. Supp. 2d at 856; *Orange*, 451 F. Supp. 2d at 961; *see Hickory Farms, Inc. v. Snackmasters, Inc.*, 509 F. Supp. 2d 716, 719 (N.D. Ill. 2007) ("Reconsideration is appropriate, generally speaking, only when the Court overlooked or misunderstood something.").  "These grounds represent extraordinary circumstances, and . . . a motion to reconsider is to be granted only in such extraordinary circumstances."  *Nat'l Presto Indus., Inc.*, 2004 WL 1093390, at *2; *see Bank of Waunakee*, 906 F.2d at 1191 (indicating that motions to reconsider "should be equally rare"); *Neal*, 1996 WL 627616, at *2.  Having reviewed the pending motion, as well as the original summary judgment submissions, we perceive no misapprehension or manifest error of law or fact.  Nonetheless, we briefly address a few of the Village's concerns.

---

[1] Rule 54(b) also authorizes the court to "direct the entry of a final judgment as to one or more but fewer than all of the claims . . . only upon an express determination that there is no just reason for delay."  Fed. R. Civ. P. 54(b).  The rule thus permits a moving party to ask the court to make an interlocutory order final, and thus immediately appealable.  The Village has not made such a request, however, and thus, we shall not consider whether it would be appropriate to make the Opinion a final order.  *See, e.g.*, *Lottie v. W. Am. Ins. Co.*, 408 F.3d 935, 938-39 (7th Cir. 2005) (discussing standards of review for such a motion and explaining that "Rule 54(b) [may] be employed only when the subjects of the partial judgment do not overlap with those remaining in the district court"); *Ace Am. Ins. Co. v. RC2 Corp.*, No. 07 C 5037, 2008 WL 4922596, at *2 (N.D. Ill. Nov. 13, 2008).

Contrary to the Village's present contention, we grasped and considered its arguments concerning the alleged ambiguity of the terms "Type of Facility" and "EMTS" in the Coverage Summary.[2] (Mem. at 2-3.) We simply disagreed with the Village. *Vill. of Schaumburg v. St. Paul Mercury Ins. Co.*, No. 07 C 6654, 2009 WL 780897, at *4-5 (N.D. Ill. Mar. 23, 2009) (hereinafter "*Village*"). Morever, we did not base our decision exclusively on the Village's unavailing suggestion that "Type of Facility" and "EMTS" would be ambiguous if undefined in the Health Care Policy. (*See* Mem. at 2; *see also Village*, 2009 WL 780897, at *4-5; Village Summ. J. Mem. at 9 (noting that neither term is "referenced or defined anywhere in the [Health Care Policy]" but are "simply thrown" into it "with absolutely no context"). As we discussed in the Opinion, and as the Village continues to contest, the Coverage Summary is an essential component of the Health Care Policy. (*Village*, 2009 WL 780897, at *4 (explaining that the Coverage Summary adds necessary specificity to the otherwise generic policy terms); Mem. at 3 (arguing that the disputed language is not contained in the policy at all).) And while "Type of Facility" and "EMTS" are not defined therein, they have common meanings that, most importantly, make sense in the greater context of the entire Health Care Policy. Despite our comment that the Coverage Summary form "may not perfectly suit" the parties' transaction, "Type of Facility" and "EMTS" are not legal or technical[3] terms, nor ambiguous.[4] (*Village*,

---

[2] We adopt abbreviations and references as used in the Opinion.

[3] As St. Paul Mercury states, the Village did not argue at the summary judgment stage that the terms "Type of Facility" and "EMTS" are technical jargon, though it attempts to bring that argument in this motion and for purposes of its 28 U.S.C. § 1292(b) request.

[4] Nor does our footnote describing a common meaning of "EMTS" have any bearing whatsoever on the Health Care Policy. We included this extraneous footnote – it certainly was not important to the Opinion – for the benefit of any potential reader who might not have any idea the types of medical personnel at issue. We had no intention of ascribing, nor did we

-3-

2009 WL 780897, at *5 (holding that although the form may not have been tailored to this transaction, it did not leave open any serious questions of interpretation).)

The Village insists that, by giving effect to the "Type of Facility" and "EMTS" terms in the Coverage Summary, we have eviscerated the other, clearly-worded terms of the Health Care Policy, which allegedly would have provided broad coverage for Village health care professionals. (Mem. at 4-5.) We found the opposite to be true, however, and the Village has not offered any new arguments or reasoning persuading us to reconsider our prior holding. (*Village*, 2009 WL 780897, at *5 (concluding that we must give effect to the Coverage Summary in conjunction with Health Care Policy and further noting that for the "Type of Facility" section to have any meaning at all, it serves to limit the scope of the coverage). Indeed, the Village raised this point in its summary judgment briefing and we need not revisit the argument now. (Village Summ. J. Mem. at 9-10 ("St. Paul's interpretation would create conflicting provisions and render much of the [Health Care] Policy nonsensical."); Village Summ. J. Reply at 2-3 (contending that "St. Paul cannot "use [undefined words] to contradict the otherwise clear text"); Village Resp. to St. Paul Mercury's Summ. J. Mot. at 4.) "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBA Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996); *Nat'l Presto Indus., Inc.*, 2004 WL 1093390, at *2.

Finally, we correct the Village's apparent misunderstanding of our holding. According to the Village, we held that "in the absence of any alternative suggested definition, St. Paul

---

ascribe, a definition to the parties' use of "EMTS." (*See Village*, 2009 WL 780897, at *2, n.5.)

Mercury's explanation of the 'Type of Facility' and 'EMTS' terms must be accepted." (Mem. at 5.) To the contrary, we agreed with both parties that the Health Care Policy was unambiguous and ultimately concluded that the terms of the Health Care Policy did not require St. Paul Mercury to defend the Village against the allegations of the Slee Complaint. (*Village*, 2009 WL 780897, at *5-6.) We did not, as the Village suggests, simply adopt St. Paul Mercury's interpretation because the Village did not articulate an alternative. Rather, we adopted St. Paul Mercury's interpretation because it gave logical effect to both the generic terms of the Health Care Policy and the specific terms and limitations included in the Coverage Summary. Although we mentioned, in dicta, that the Village had not proffered another explanation for the "Type of Facility" notations, we also expressly stated that "the Health Care Policy is not susceptible to additional reasonable interpretations." (*Id.* *5.) Thus, although the absence of an alternative from the Village was noticeable, there was no onus on the Village to present a competing interpretation to avoid the grant of summary judgment in St. Paul Mercury's favor. The Village's motion for reconsideration is therefore denied.

    **B. Request to Amend Opinion to Satisfy 28 U.S.C. § 1292(b)**

As an alternative to its Rule 54 motion, the Village asks that we amend the Opinion to include the finding required by 28 U.S.C. § 1292(b), such that the Village can request an interlocutory appeal. (Mem. at 8-9.) "There are four statutory criteria for the grant of a section 1292(b) petition to guide the district court: there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." *Ahrenholz v. Bd. of Trs. of the Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000). As with a motion to reconsider, "[i]nterlocutory appeals pursuant to § 1292(b) are to be granted sparingly." *Ace*

*Am. Ins. Co.*, 2008 WL 4922596, at *3; *see Lakeside Feeders, Ltd. v. Chi. Meat Processors, Inc.*, 35 F. Supp. 2d 638, 643 (N.D. Ill. 1999).  Because "interlocutory appeals tend to cause unnecessary delays . . . and waste overburdened judicial resources," the moving party must "persuade the court that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of final judgment."  *Lakeside Feeders, Ltd.*, 35 F. Supp. 2d at 643 (internal quotation omitted); *see Ace Am. Ins. Co.*, 2008 WL 4922596, at *3; *United States v. Moglia*, No. 02 C 6131, 2004 WL 1254128, at *2 (N.D. Ill. June 7, 2004); *EEOC v. Dial Corp.*, No. 99 C 3356, 2001 WL 1945088, at *1 (N.D. Ill. Dec. 27, 2001).  The Village has neither satisfied the statutory criteria, nor convinced us that immediate appellate review is warranted under these circumstances.

Turning to the first requirement set out by § 1292(b), we consider whether the Village has articulated a question of law.  The Village's proposed question of law is "whether the insured has the burden of suggesting alternative meanings to technical policy terms used by an insurer; and, absent any such suggested alternative, the insurer's definition must be accepted regardless of whether it is incongruous with other policy provisions that are written in plain English."  (Mem. at 8.)  There are several problems with this proposed question, the most significant of which is that, as discussed earlier, it misstates our holding.  To reiterate, we did not hold that the Village had a burden to suggest an alternate meaning to the terms "Type of Facility" and "EMTS."  (*Village*, 2009 WL 780897, at *4-5; *see supra* discussion pp. 4-5.)  We also did not blindly accept St. Paul Mercury's interpretation because the Village chose not to include such alternative explanations, as the Village's proposed question of law implies.  (Mem. at 8.)  We merely agreed with St. Paul Mercury, further concluded that the Coverage Summary

was "not susceptible to additional reasonable interpretations," and noted that the Village had not offered any alternative. (*Village*, 2009 WL 780897, at *5; *see supra* discussion pp. 4-5.) The proposed question of law is thus irrelevant.[5] We therefore deny the Village's request that we amend the Opinion to allow them to request an interlocutory appeal.

## CONCLUSION

For the reasons set forth above, we deny the Village's Motion to Reconsider, or Alternatively to Amend Order pursuant to Section 1292(b). (Dkt. No. 98) It is so ordered.

Honorable Marvin E. Aspen
U.S. District Court Judge

Dated: May 20, 2009

---

[5] We also question whether this proposed issue for appeal is the type of legal question encompassed by § 1292(b). The Seventh Circuit has explained that "'question of law' as used in section 1292(b)" refers to "the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *Ahrenholz*, 219 F.3d at 676 (adding that the question should be abstract so that the "court of appeals could decide [it] quickly and cleanly without having to study the record"). Thus, district courts are to certify only "'pure' question[s] of law rather than merely . . . issue[s] that might be free from a factual contest." *Id.*; *see NMHG Fin. Servs., Inc. v. Wickes Inc.*, No. 07 C 2962, 2007 WL 3087146, at *2-3 (N.D. Ill. Oct. 17, 2007); *Moglia*, 2004 WL 1254128, at *2-3. Nonetheless, given the other deficiencies with the Village's proposed question of law, we need not decide whether it is sufficiently "pure" or address the other requirements of § 1292(b).